ORIGINAL

Given
Dismissal
of Does

1  BAUTE & TIDUS LLP
   Mark D. Baute (State Bar No. 127329)
2  mbaute@bautelaw.com
   Jeffrey A. Tidus (State Bar No. 089585)
3  jtidus@bautelaw.com
   Patrick M. Maloney (State Bar No. 197844)
4  pmaloney@bautelaw.com
   777 South Figueroa Street, Suite 4900
5  Los Angeles, California 90017
   Telephone: (213) 630-5000
6  Facsimile: (213) 683-1225

7  Attorneys for Plaintiff
   SYMANTEC CORPORATION
8

9       UNITED STATES DISTRICT COURT FOR THE
           CENTRAL DISTRICT OF CALIFORNIA
10                  WESTERN DIVISION

11                              CV07-05558 SVW (JWJx)

12 SYMANTEC CORPORATION,        )  Case No.
                                )
13         Plaintiff,           )  **COMPLAINT FOR:**
                                )
14      vs.                     )  **(1)  TRADEMARK
                                )        INFRINGEMENT**
15 V-MICRO, INC., a New Jersey  )  **(2)  LANHAM ACT § 43(a)**
   Corporation, doing business as)  **(3)  COPYRIGHT
16 Viewmicro; JCIL COMPUTERS, INC.,)       INFRINGEMENT**
   a California Corporation, doing business)  **(4)  FRAUD**
17 as Infinity Computers; PHOEBE )  **(5)  TRAFFICKING IN
   MICRO INC., a California Corporation;)        COUNTERFEIT LABELS,
18 OSCAR SUN, an individual, also)        DOCUMENTATION
   known as Kuo Ching Sun; JOSEPH)        AND/OR PACKAGING
19 PADRID, an individual; PETER LUI,)        (18 U.S.C. § 2318)**
   an individual; RUBY LUI, an    )  **(6)  UNFAIR COMPETITION
20 individual; and DOES 1-20, inclusive,)        (Cal. B&P § 17200, et seq.)**
                                )  **(7)  COMMON LAW UNFAIR
21         Defendants.          )        COMPETITION**
   ─────────────────────────────)  **(8)  STATE LAW FALSE
22                                        ADVERTISING**
                                   **(9)  INTENTIONAL
23                                        INTERFERENCE WITH
                                         PROSPECTIVE
24                                        ECONOMIC
                                         ADVANTAGE**
25                                 **(10) NEGLIGENT
                                         INTERFERENCE WITH
26                                        PROSPECTIVE
                                         ECONOMIC
27                                        ADVANTAGE**

                                   **JURY TRIAL DEMANDED**
28

I/S
20

T

98369.3                          **SYMANTEC v. V-MICRO COMPLAINT**

DOCKETED ON CM
SEP - 7 2007

186

1    **SUBJECT MATTER JURISDICTION AND VENUE**

2    1.    This Court has subject matter jurisdiction over the claims in this
3    action which relate to copyright, trademark and federal unfair competition laws
4    pursuant to the provisions of 15 U.S.C. §1121, 28 U.S.C. §1338 and 28 U.S.C.
5    §1331.

6    2.    This Court has supplemental jurisdiction over the claims in this
7    complaint which arise under the statutory and common law of the State of
8    California pursuant to 28 U.S.C. §1367(a), since the state law claims are so related
9    to the federal claims that they form part of the same case or controversy and derive
10    from a common nucleus of operative facts.

11    3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).
12    Plaintiff is informed and believes and on that basis alleges that software that is the
13    subject of this complaint was distributed to customers in the Central District of
14    California. Software that is the subject of this complaint was shipped to customers
15    from California. The claims alleged in this action arose in the Central District of
16    California.

17    **PARTIES**

18    4.    Plaintiff Symantec Corporation ("Plaintiff" or "Symantec") is, and at
19    all times herein mentioned was, a corporation organized and existing under the
20    laws of the State of Delaware, and qualified to do business in California.
21    Symantec's corporate offices are in California, including corporate headquarters in
22    the San Francisco bay area and offices in the counties of Los Angeles and San
23    Diego, California.

24    5.    Plaintiff is informed and believes and on that basis alleges that
25    defendant Oscar Sun, also known as Kuo Ching Sun ("Sun"), is an individual with
26    his principal residence and principal business address in Edison, New Jersey.
27    Plaintiff is informed and believes and on that basis alleges that defendant Sun
28    sometimes does business under the fictitious names set forth in this complaint.

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1  Plaintiff may seek to amend this complaint to add additional such fictitious names
2  when they are ascertained.

3       6.    Plaintiff is informed and believes and on that basis alleges that
4  defendant Joseph Padrid ("Padrid") is an individual with his principal residence in
5  San Ramon, California, and principal business address in Hayward, California.
6  Plaintiff is informed and believes and on that basis alleges that defendant Padrid
7  sometimes does business under the fictitious names set forth in this complaint.
8  Plaintiff may seek to amend this complaint to add additional such fictitious names
9  when they are ascertained.

10       7.    Plaintiff is informed and believes and on that basis alleges that
11  defendant Peter Lui is an individual with his principal residence and principal
12  business address in Fremont, California. Plaintiff is informed and believes and on
13  that basis alleges that defendant Peter Lui sometimes does business under the
14  fictitious names set forth in this complaint. Plaintiff may seek to amend this
15  complaint to add additional such fictitious names when they are ascertained.

16       8.    Plaintiff is informed and believes and on that basis alleges that
17  defendant Ruby Lui is an individual with her principal residence and principal
18  business address in Fremont, California. Plaintiff is informed and believes and on
19  that basis alleges that defendant Ruby Lui sometimes does business under the
20  fictitious names set forth in this complaint. Plaintiff may seek to amend this
21  complaint to add additional such fictitious names when they are ascertained.

22       9.    Defendants Sun, Padrid, Peter Lui and Ruby Lui are sometimes
23  referred to in this complaint as the "Individual Defendants."

24       10.    Plaintiff is informed and believes and on that basis alleges that
25  defendant V-Micro, Inc., doing business as Viewmicro ("V-Micro"), is a
26  corporation organized under the laws of the state of New Jersey, with principal
27  business address and corporate offices in Edison, New Jersey.

28       11.    Plaintiff is informed and believes and on that basis alleges that

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

98369.3

- 2 -

1   defendant Sun is an owner of V-Micro.

2        12.    Plaintiff is informed and believes and on that basis alleges that
3   defendant Sun is an officer of V-Micro.

4        13.    Plaintiff is informed and believes and on that basis alleges that
5   defendant Sun is a director of V-Micro.

6        14.    Plaintiff is informed and believes and on that basis alleges that
7   defendant Sun manages the affairs of V-Micro and as such is aware of the
8   activities of V-Micro as alleged in this Complaint.

9        15.    Plaintiff is informed and believes and on that basis alleges that
10  defendant Sun, in his capacity as owner, officer, director, and/or executive of V-
11  Micro, is personally aware of, and has authorized, approved, ratified, participated
12  in, and instigated the wrongful conduct set forth in this complaint.

13       16.    Plaintiff is informed and believes and on that basis alleges that
14  defendant Sun is personally aware of, and has authorized, approved, ratified,
15  participated in, and instigated the wrongful conduct set forth in this complaint.

16       17.    Plaintiff is informed and believes and on that basis alleges that
17  defendant Phoebe Micro Inc. ("Phoebe") is a corporation organized under the laws
18  of the state of California, with principal business address and corporate offices in
19  Fremont, California.

20       18.    Plaintiff is informed and believes and on that basis alleges that
21  defendant Peter Lui is an owner of Phoebe.

22       19.    Plaintiff is informed and believes and on that basis alleges that
23  defendant Peter Lui is an officer of Phoebe.

24       20.    Plaintiff is informed and believes and on that basis alleges that
25  defendant Peter Lui is a director of Phoebe.

26       21.    Plaintiff is informed and believes and on that basis alleges that
27  defendant Peter Lui manages the affairs of Phoebe and as such is aware of the
28  activities of Phoebe as alleged in this Complaint.

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

98369.3                                                    SYMANTEC v. V-MICRO COMPLAINT

- 3 -

1    22.    Plaintiff is informed and believes and on that basis alleges that
2    defendant Peter Lui, in his capacity as owner, officer, director, and/or executive of
3    Phoebe, is personally aware of, and has authorized, approved, ratified, participated
4    in, and instigated the wrongful conduct set forth in this complaint.

5    23.    Plaintiff is informed and believes and on that basis alleges that
6    defendant Peter Lui is personally aware of, and has authorized, approved, ratified,
7    participated in, and instigated the wrongful conduct set forth in this complaint.

8    24.    Plaintiff is informed and believes and on that basis alleges that
9    defendant Ruby Lui is an owner of Phoebe.

10    25.    Plaintiff is informed and believes and on that basis alleges that
11    defendant Ruby Lui is an officer of Phoebe.

12    26.    Plaintiff is informed and believes and on that basis alleges that
13    defendant Ruby Lui is a director of Phoebe.

14    27.    Plaintiff is informed and believes and on that basis alleges that
15    defendant Ruby Lui manages the affairs of Phoebe and as such is aware of the
16    activities of Phoebe as alleged in this Complaint.

17    28.    Plaintiff is informed and believes and on that basis alleges that
18    defendant Ruby Lui, in her capacity as owner, officer, director, and/or executive of
19    Phoebe, is personally aware of, and has authorized, approved, ratified, participated
20    in, and instigated the wrongful conduct set forth in this complaint.

21    29.    Plaintiff is informed and believes and on that basis alleges that
22    defendant Ruby Lui is personally aware of, and has authorized, approved, ratified,
23    participated in, and instigated the wrongful conduct set forth in this complaint.

24    30.    Plaintiff is informed and believes and on that basis alleges that
25    defendant JCIL Computers, Inc., doing business as Infinity Computers ("JCIL"), is
26    a corporation organized under the laws of the state of California, with principal
27    business address and corporate offices in Hayward, California.

28    31.    Plaintiff is informed and believes and on that basis alleges that

- 4 -

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1  defendant Padrid is an owner of JCIL.

2      32.  Plaintiff is informed and believes and on that basis alleges that
3  defendant Padrid is an officer of JCIL.

4      33.  Plaintiff is informed and believes and on that basis alleges that
5  defendant Padrid is a director of JCIL.

6      34.  Plaintiff is informed and believes and on that basis alleges that
7  defendant Padrid manages the affairs of JCIL and as such is aware of the activities
8  of JCIL as alleged in this Complaint.

9      35.  Plaintiff is informed and believes and on that basis alleges that
10  defendant Padrid, in his capacity as owner, officer, director, and/or executive of
11  JCIL, is personally aware of, and has authorized, approved, ratified, participated
12  in, and instigated the wrongful conduct set forth in this complaint.

13      36.  Plaintiff is informed and believes and on that basis alleges that
14  defendant Padrid is personally aware of, and has authorized, approved, ratified,
15  participated in, and instigated the wrongful conduct set forth in this complaint.

16      37.  Defendants V-Micro, Phoebe, and JCIL are sometimes referred to in
17  this complaint as the "Business Entity Defendants."

18      38.  Plaintiff is informed and believes and on that basis alleges that the
19  Individual Defendants and/or the Business Entity Defendants sometimes conduct
20  business using various fictitious names, including "Viewmicro" and "Infinity
21  Computers."

22      39.  Plaintiff is informed and believes and on that basis alleges that the
23  Individual Defendants and/or the Business Entity Defendants sometimes conduct
24  business on the Internet using various domain names or websites, including
25  "viewmicro.com," "infinitycompunet.com," "jcilcomputers.com,"
26  "phoebemicro.com," "computer3g.com," "3gplaza.com," and other fictitious
27  names, that each of the defendants participates in the operation, management and
28  control of those internet websites, and that each of the defendants has created,

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1 operates and uses those websites and other websites for the wrongful activities
2 alleged in this complaint.

3   40.   Plaintiff is unaware of the true names and capacities of the defendants
4 sued herein under the fictitious names DOE 1 - DOE 20, inclusive. Plaintiff will
5 seek leave to amend to state the true names and capacities of such defendants
6 when such information is ascertained.

7   41.   At all times material herein, each of the defendants was the agent,
8 employee, and/or representative of each of the remaining defendants, and, in doing
9 the things alleged herein, was acting within the scope of such agency,
10 employment, or representation.

11   42.   Plaintiff is informed and believes and on that basis alleges that there
12 exists, and at all times relevant hereto there existed, a unity of interest and
13 ownership between defendant Sun and V-Micro such that any individuality and
14 separateness of V-Micro ceased or never existed, and defendant Sun is the alter
15 ego of V-Micro.

16   43.   Plaintiff is informed and believes and on that basis alleges that
17 defendant Sun created and continues to use V-Micro to shield him from liability
18 for the actions complained of in this complaint.

19   44.   Plaintiff is informed and believes and on that basis alleges that
20 defendant Sun has and continues to: commingle and fail to segregate V-Micro's
21 funds and other assets from his own; treat assets nominally belonging to V-Micro
22 as his own; and share a unity of ownership, control and management with V-
23 Micro.

24   45.   Plaintiff is informed and believes and on that basis alleges that V-
25 Micro has inadequate capitalization and functions as a mere shell and/or conduit
26 for the business ventures of defendant Sun such that any activities attributed to the
27 former are in fact activities of the latter, and that defendant Sun uses V-Micro as a
28 subterfuge designed to avoid liability for the wrongful conduct attributable to

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

- 6 -

1  himself as alleged throughout this complaint.

2      46.   Adherence to the fiction of the existence of V-Micro as an entity

3  separate and distinct from defendant Sun would permit an abuse of the corporation

4  privilege and would promote injustice and fraud in that it would enable defendant

5  Sun to continue to commit the actions complained of in this complaint while

6  shielding himself from liability by use of the insolvent V-Micro.

7      47.   Plaintiff is informed and believes and on that basis alleges that there

8  exists, and at all times relevant hereto there existed, a unity of interest and

9  ownership between defendant Peter Lui and Phoebe such that any individuality

10  and separateness of Phoebe ceased or never existed, and defendant Peter Lui is the

11  alter ego of Phoebe.

12      48.   Plaintiff is informed and believes and on that basis alleges that

13  defendant Peter Lui created and continues to use Phoebe to shield him from

14  liability for the actions complained of in this complaint.

15      49.   Plaintiff is informed and believes and on that basis alleges that

16  defendant Peter Lui has and continues to: commingle and fail to segregate

17  Phoebe's funds and other assets from his own; treat assets nominally belonging to

18  Phoebe as his own; and share a unity of ownership, control and management with

19  Phoebe.

20      50.   Plaintiff is informed and believes and on that basis alleges that

21  Phoebe has inadequate capitalization and functions as a mere shell and/or conduit

22  for the business ventures of defendant Peter Lui such that any activities attributed

23  to the former are in fact activities of the latter, and that defendant Peter Lui uses

24  Phoebe as a subterfuge designed to avoid liability for the wrongful conduct

25  attributable to himself as alleged throughout this complaint.

26      51.   Adherence to the fiction of the existence of Phoebe as an entity

27  separate and distinct from defendant Peter Lui would permit an abuse of the

28  corporation privilege and would promote injustice and fraud in that it would

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1  enable defendant Peter Lui to continue to commit the actions complained of in this
2  complaint while shielding himself from liability by use of the insolvent Phoebe.

3      52.    Plaintiff is informed and believes and on that basis alleges that there
4  exists, and at all times relevant hereto there existed, a unity of interest and
5  ownership between defendant Ruby Lui and Phoebe such that any individuality
6  and separateness of Phoebe ceased or never existed, and defendant Ruby Lui is the
7  alter ego of Phoebe.

8      53.    Plaintiff is informed and believes and on that basis alleges that
9  defendant Ruby Lui created and continues to use Phoebe to shield her from
10 liability for the actions complained of in this complaint.

11     54.    Plaintiff is informed and believes and on that basis alleges that
12 defendant Ruby Lui has and continues to: commingle and fail to segregate
13 Phoebe's funds and other assets from her own; treat assets nominally belonging to
14 Phoebe as her own; and share a unity of ownership, control and management with
15 Phoebe.

16     55.    Plaintiff is informed and believes and on that basis alleges that
17 Phoebe has inadequate capitalization and functions as a mere shell and/or conduit
18 for the business ventures of defendant Ruby Lui such that any activities attributed
19 to the former are in fact activities of the latter, and that defendant Ruby Lui uses
20 Phoebe as a subterfuge designed to avoid liability for the wrongful conduct
21 attributable to herself as alleged throughout this complaint.

22     56.    Adherence to the fiction of the existence of Phoebe as an entity
23 separate and distinct from defendant Ruby Lui would permit an abuse of the
24 corporation privilege and would promote injustice and fraud in that it would
25 enable defendant Ruby Lui to continue to commit the actions complained of in this
26 complaint while shielding herself from liability by use of the insolvent Phoebe.

27     57.    Plaintiff is informed and believes and on that basis alleges that there
28 exists, and at all times relevant hereto there existed, a unity of interest and

1 ownership between defendant Padrid and JCIL such that any individuality and
2 separateness of JCIL ceased or never existed, and defendant Padrid is the alter ego
3 of JCIL.

4 58. Plaintiff is informed and believes and on that basis alleges that
5 defendant Padrid created and continues to use JCIL to shield him from liability for
6 the actions complained of in this complaint.

7 59. Plaintiff is informed and believes and on that basis alleges that
8 defendant Padrid has and continues to: commingle and fail to segregate JCIL's
9 funds and other assets from his own; treat assets nominally belonging to JCIL as
10 his own; and share a unity of ownership, control and management with JCIL.

11 60. Plaintiff is informed and believes and on that basis alleges that JCIL
12 has inadequate capitalization and functions as a mere shell and/or conduit for the
13 business ventures of defendant Padrid such that any activities attributed to the
14 former are in fact activities of the latter, and that defendant Padrid uses JCIL as a
15 subterfuge designed to avoid liability for the wrongful conduct attributable to
16 himself as alleged throughout this complaint.

17 61. Adherence to the fiction of the existence of JCIL as an entity separate
18 and distinct from defendant Padrid would permit an abuse of the corporation
19 privilege and would promote injustice and fraud in that it would enable defendant
20 Padrid to continue to commit the actions complained of in this complaint while
21 shielding himself from liability by use of the insolvent JCIL.

22

23 **CENTRAL ALLEGATIONS OF WRONGDOING**

24 62. Plaintiff manufactures and distributes software for personal
25 computers.

26 63. Plaintiff has produced several different versions of its Norton
27 SystemWorks ("NSW") products, including NSW 2003 and NSW 2003
28 Professional Edition and annual revisions of both versions. The most recent NSW

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

products include Norton SystemWorks 2005, Norton SystemWorks 2005 Premier Edition, Norton SystemWorks 2006, and Norton SystemWorks 2006 Premier Edition.

64.    Each NSW product consists of a suite of several popular and useful software programs, including but not limited to: Norton AntiVirus; Norton Utilities; Norton CleanSweep; GoBack; and Norton Ghost. NSW also is distributed with the "LiveUpdate" feature as alleged elsewhere in this Complaint.

65.    Plaintiff also manufactures stand-alone versions of some of the software products bundled together in its NSW product. One popular product is Norton AntiVirus. Plaintiff has manufactured several versions of Norton AntiVirus for distribution and sale as separate products with their own disks and distinctive retail packaging, including but not limited to Norton AntiVirus 2004, Norton AntiVirus 2004 Professional Edition and Norton AntiVirus 2005.

66.    Symantec also manufactures pcAnywhere, with which computer users can remotely perform certain functions on computers. Symantec has manufactured several versions of pcAnywhere, including but not limited to pcAnywhere versions 10.5, 11.0, 11.5 and 12.0.

67.    Symantec also manufactures Norton Internet Security, including but not limited to Norton Internet Security 2004, Norton Internet Security 2005 and Norton Internet Security 2006.

68.    Symantec also manufactures Symantec AntiVirus Small Business Edition, an anti-virus program.

69.    Symantec also manufactures LiveUpdate, a computer software program available by subscription which enables users of certain Symantec software products to receive updates via downloads during the period of the subscription. LiveUpdate is included in several Norton and/or Symantec products.

70.    Symantec also manufactures WinFax Pro 10.0, a program that enables computer users to send and receive faxes.

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1    71.    Symantec also manufactures Norton Ghost, a utility program that
2  enables users to backup and restore all or part of the data on their computer hard
3  drives under various configurations and command parameters.

4    72.    Symantec requires that all genuine, authorized copies of its software
5  be accompanied with certain labeling, documentation and/or packaging.  Among
6  other things, the distinctive labeling, documentation and/or packaging provides
7  assurances to consumers that they have purchased genuine Norton and/or
8  Symantec software.

9    73.    Some of Symantec's software products are distributed with "product
10  keys."  The product key is necessary to "activate" a Symantec software product
11  during or shortly after installation.  Generally, the software will operate for only a
12  short period if it is installed but not activated with the product key.

13    74.    A genuine product key may be used by a purchaser of genuine Norton
14  and/or Symantec software to obtain certain technical services, upgrades, and
15  renewals.  Without an authorized and properly registered product key, Symantec
16  may refuse to provide such benefits to the holder of purported Norton and/or
17  Symantec software, in part because the lack of a proper product key is strong
18  evidence that the software is counterfeit.

19    75.    The product keys also provide assurances to consumers that they have
20  purchased genuine Norton and/or Symantec software.

21    76.    The defendants advertise merchandise for sale, including software
22  represented to be produced by Plaintiff.

23    77.    Plaintiff became aware that the defendants were marketing,
24  distributing and selling software products, bearing the Norton and Symantec
25  trademarks and logos, representing that such products were produced by Plaintiff,
26  but which were neither produced by Plaintiff nor authorized by Plaintiff to be
27  produced or sold.  Plaintiff alleges on information and belief that customers who
28  purchased such software products believed them to be produced by Plaintiff, and

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1  were confused and misled by the defendants' marketing, labeling, and sale of
2  software using Plaintiff's trademarks.

3      78.    Plaintiff, through its agents, purchased a copy of Symantec's Norton
4  SystemWorks 2006 from one of the defendants' websites, www.3gplaza.com.

5      79.    The defendants sent a disc marked with the Symantec name and logo
6  and the name "Norton SystemWorks 2006," designed to look like a genuine
7  Symantec product.

8      80.    The product was shipped as a bare disc in a sleeve, without any retail
9  box, instruction manual or other packaging materials.

10      81.    The return address on the shipping envelope was "Shipping
11  Department, (732) 346-9099, www.computer3g.com, 90 Mayfield Ave, Edison NJ
12  08837-3821."

13      82.    Symantec inspected the disc and determined that it was counterfeit,
14  and was neither produced by Symantec nor authorized by Symantec to be
15  produced by any other person or entity.

16      83.    Plaintiff, through its agents, purchased a copy of Symantec's
17  pcAnywhere 12.0 from one of the defendants' websites, www.3gplaza.com.

18      84.    The defendants sent a disc marked with the Symantec name and logo
19  and the name "Symantec pcAnywhere 12.0," designed to look like a genuine
20  Symantec product.

21      85.    The product was shipped as a bare disc in a sleeve, without any retail
22  box, instruction manual or other packaging materials.

23      86.    The return address on the shipping envelope was "Shipping
24  Department, (732) 346-9099, www.computer3g.com, 90 Mayfield Ave, Edison NJ
25  08837-3821."

26      87.    Symantec inspected the disc and determined that it was counterfeit,
27  and was neither produced by Symantec nor authorized by Symantec to be
28  produced by any other person or entity.

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1    88.    Plaintiff, through its agents, purchased several copies of Symantec's
2    pcAnywhere 12.0 from defendant JCIL.

3    89.    The defendants sent discs marked with the Symantec name and logo
4    and the name "Symantec pcAnywhere 12.0," designed to look like genuine
5    Symantec products.

6    90.    The discs were shipped as bare discs in sleeves, without any retail
7    box, instruction manual or other packaging materials.

8    91.    The return address on the shipping envelope was "Sales, (510) 293-
9    3111, JCIL Computers, Inc., 1661 Industrial Pkwy West, Hayward CA 94544-
10    7046."

11    92.    Symantec inspected the discs and determined that they were
12    counterfeit, and were neither produced by Symantec nor authorized by Symantec
13    to be produced by any other person or entity.

14    93.    Several consumers submitted discs to Symantec that had been
15    distributed and sold by the defendants.

16    94.    Those discs also proved to be counterfeit.  The counterfeit discs
17    include purported NSW 2006, Norton AntiVirus 2004 and Norton AntiVirus 2005.

18    95.    Plaintiff is informed and believes and on that basis alleges that the
19    discs were delivered in white sleeves without any retail packaging, without any
20    instruction manuals, and without any of the materials that would come with a
21    genuine Symantec product.

22    96.    Symantec inspected the discs and packaging materials and determined
23    that they were counterfeit, and were neither produced by Symantec nor authorized
24    by Symantec to be produced by any other person or entity.

25    97.    Some of the consumers reported that they had experienced difficulties
26    with the product key codes provided with the software distributed and sold by the
27    defendants.  Symantec determined that the product key codes were invalid.

28    98.    In April and May, 2007, Plaintiff notified the defendants that Plaintiff

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1 believed defendants were selling counterfeit Norton and/or Symantec software
2 products, and demanded that defendants immediately cease and desist from such
3 wrongful and infringing conduct.

4      99.     Plaintiff is informed and believes and on that basis alleges that
5 despite the Plaintiff's notice, defendants have failed and refused to cease their
6 infringing activities. Instead, defendants have chosen to willfully ignore the
7 Plaintiff's rights, and to wrongfully profit by willfully and intentionally continuing
8 to market and sell counterfeit products using the Plaintiff's name, service marks
9 and intellectual property owned by Plaintiff.

10      100.    Plaintiff is informed and believes and on that basis alleges that
11 defendants sell unauthorized copies of Plaintiff's software with counterfeit product
12 key codes. The unauthorized copies of Plaintiff's software do not legitimately
13 entitle purchasers to install or use the software, or to obtain technical support,
14 upgrades or renewals. Plaintiff is informed and believes and on that basis alleges
15 that such consumers are less likely to purchase genuine Norton and/or Symantec
16 products in the future.

17      101.    Defendants sell illegal counterfeit copies of Plaintiff's software.
18 Defendants falsely represent to potential buyers that the software defendants sell is
19 manufactured by Plaintiff. The software that defendants deliver to purchasers
20 bears the Symantec name and trademarks, but is neither produced by Plaintiff
21 Symantec nor produced under Plaintiff Symantec's authorization or any Symantec
22 license.

23      102.    Plaintiff is informed and believes, and on that basis alleges, that
24 defendants marketed, sold and delivered counterfeit Norton and/or Symantec
25 software with which the purchasers or recipients of such software themselves
26 produced infringing copies of Plaintiff's copyrighted works by installing the
27 counterfeit programs on their computers. As part of that installation process, each
28 of those purchasers produces unauthorized copies of Plaintiff's copyrighted works

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1  with each such installation.

2  **FIRST CLAIM FOR RELIEF**

3  **[Trademark Infringement**

4  **Lanham Act, 15 U.S.C. § 1051 - 1157]**

5  **(Against All Defendants)**

6  103.   Paragraphs 1 through 102 are incorporated by this reference as
7  though set forth herein in full.

8  104.   Plaintiff registered the name "Symantec" in the United States Patent
9  and Trademark Office on April 21, 1992, registration number 1683688. Plaintiff
10  owns the trademark, which continues to be in full force and effect.

11  105.   Plaintiff registered the service mark "Symantec" and the distinctive
12  Symantec logo in the United States Patent and Trademark Office on November 1,
13  2005, registration number 3009890. Plaintiff owns the service mark, which
14  continues to be in full force and effect.

15  106.   Plaintiff registered the trademark "Symantec" and the distinctive
16  Symantec logo in the United States Patent and Trademark Office on May 30,
17  2006, registration number 3097024. Plaintiff owns the trademark, which
18  continues to be in full force and effect.

19  107.   Plaintiff registered the name "Norton SystemWorks" in the United
20  States Patent and Trademark Office on September 11, 2001, registration number
21  2488092. Plaintiff owns the trademark, which continues to be in full force and
22  effect.

23  108.   Plaintiff registered the name "Norton AntiVirus" in the United States
24  Patent and Trademark Office on March 16, 1993, registration number 1758084.
25  Plaintiff owns the trademark, which continues to be in full force and effect.

26  109.   The name "Ghost" was registered in the United States Patent and
27  Trademark Office on November 28, 1978, registration number 1107115. Plaintiff
28  owns the trademark, which continues to be in full force and effect.

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

110.   Plaintiff registered the name "LiveUpdate" in the United States Patent and Trademark Office on May 4, 1999, registration number 2243057. Plaintiff owns the trademark, which continues to be in full force and effect.

111.   The name "Norton Utilities" was registered in the United States Patent and Trademark Office on October 18, 1988, registration number 1508960. Plaintiff owns the trademark, which continues to be in full force and effect.

112.   The name "pcAnywhere" was registered in the United States Patent and Trademark Office on July 13, 1993, registration number 1781148. Plaintiff owns the trademark, which continues to be in full force and effect.

113.   The name "Cleansweep" was registered in the United States Patent and Trademark Office on November 21, 1995, registration number 1936913. Plaintiff owns the trademark, which continues to be in full force and effect.

114.   From and after the date of registration of each of its trademarks, Plaintiff has used the trademarks continuously to identify its products. Plaintiff markets, distributes and sells software under those trademarks in California, throughout the United States, and in foreign countries.

115.   Plaintiff is informed and believes and on that basis alleges that at all times relevant to the matters alleged in this complaint, the defendants knew that the names "Symantec," "SystemWorks," "Norton AntiVirus," "Ghost," "pcAnywhere," and other trademarks were registered trademarks, owned by Plaintiff. Plaintiff is informed and believes and on that basis alleges that, despite that knowledge, defendants intentionally continued to infringe Plaintiff's trademarks by advertising, marketing, selling and delivering software bearing Plaintiff Symantec's names and trademarks, designed to look like Plaintiff Symantec's software.

116.   Defendants, in violation of 15 U.S.C. § 1114, use in commerce reproductions, counterfeits, copies, or colorable imitations of Plaintiff's registered marks in connection with the sale, offering for sale, distribution, or advertising of

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1  software designed to look like Plaintiff's software but which is neither genuine
2  Symantec software nor authorized by Symantec for distribution or sale. Such
3  unauthorized counterfeit copies are likely to cause confusion, or to cause mistake,
4  or to deceive, and have caused actual confusion, mistake and/or deception among
5  consumers who purchase defendants' products mistakenly believing they are
6  genuine, authorized versions of Plaintiff's products.

7      117.  Plaintiff is informed and believes and on that basis alleges that
8  defendants, in violation of 15 U.S.C. § 1114, reproduce, counterfeit, copy, or
9  colorably imitate Plaintiff's registered marks and apply such reproduction,
10 counterfeit, copy, or colorable imitation to labels, CDs, packages, and/or
11 advertisements intended to be used in commerce upon or in connection with the
12 sale, offering for sale, distribution, or advertising of software designed to look like
13 Plaintiff's software but which is neither genuine Symantec software nor authorized
14 by Symantec for distribution or sale. Such unauthorized counterfeit copies are
15 likely to cause confusion, or to cause mistake or to deceive, and have caused
16 actual confusion, mistake and/or deception among consumers who purchase
17 defendants' products mistakenly believing they are genuine, authorized versions
18 of Plaintiff's products.

19     118.  Plaintiff is informed and believes and on that basis alleges that
20 defendants use Plaintiff's trademarks in interstate commerce by: (1) advertising
21 defendants' products bearing the Plaintiff's trademarks on the internet; and
22 (2) shipping counterfeit copies of Plaintiff's software in interstate commerce.
23 Defendants' use of Plaintiff's trademarks on defendants' products has misled and
24 confused consumers as to the source and quality of defendants' products.

25     119.  Plaintiff is informed and believes and on that basis alleges that as a
26 proximate result of the defendants' use of Plaintiff's trademarks, defendants have
27 taken unfair advantage of Plaintiff's research, development, advertising,
28 marketing, and consumer recognition of the Symantec name and logo, the Norton

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1  name, Norton SystemWorks, pcAnywhere, Norton AntiVirus, LiveUpdate, Ghost,

2  Norton Internet Security and other trademarks. Plaintiff is informed and believes

3  and on that basis alleges that defendants have sold substantial amounts of software

4  using Plaintiff's trademarks, and have thereby enjoyed substantial profits, which

5  Plaintiff believes are in excess of $10,000,000.

6      120.  Plaintiff is informed and believes and on that basis alleges that unless

7  restrained by this Court, defendants will continue to infringe Plaintiff's

8  trademarks, thereby creating numerous claims against defendants and multiple

9  proceedings, and that monetary compensation cannot provide Plaintiff with

10  adequate relief for the damage caused by defendants to Plaintiff's trademarks,

11  consumer recognition, and public confidence in Plaintiff's products.

12      121.  Defendants' actions, if not restrained, will continue to cause

13  irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.

14  Defendants misrepresent their own products as those manufactured by Plaintiff.

15  Plaintiff is informed and believes, and on that basis alleges, that consumers who

16  purchase defendants' products, believing they have purchased Plaintiff's software,

17  will not purchase the genuine software from Plaintiff. Plaintiff has permanently

18  lost such consumers as customers, and has permanently lost the profits Plaintiff is

19  entitled to under its trademarks.

20      122.  Plaintiff is informed and believes, and on that basis alleges, that if

21  defendants' products do not work properly, defendants' actions have further

22  caused irreparable harm to Plaintiff's name and reputation, because defendants

23  market and sell their products bearing false reproductions of Plaintiff's

24  trademarks.

25          **SECOND CLAIM FOR RELIEF**

26      **[False Designation of Origin — Lanham Act § 43(a)]**

27          **(Against All Defendants)**

28      123.  Paragraphs 1 through 122 are incorporated by this reference as

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1  though set forth herein in full.

2  124.  Plaintiff has marketed, advertised and promoted its software under the
3  names and logos "Symantec," "Norton SystemWorks," "Norton AntiVirus,"
4  "pcAnywhere," "Ghost," "LiveUpdate," "Norton CleanSweep," "Norton Internet
5  Security," "Symantec AntiVirus Small Business Edition," and other names and
6  logos.  As a result of this marketing, advertising and promotion, Plaintiff's names
7  and logos have come to mean and are understood to mean Plaintiff's products, and
8  are the means by which Plaintiff's products are distinguished from other software
9  in the United States and worldwide.

10  125.  Because of Plaintiff's long, continuous and exclusive use of the
11  names and logos as described in this complaint, Plaintiff's names and logos have
12  acquired secondary meaning and are associated by both the software industry and
13  the public with Plaintiff's products.

14  126.  Defendants' activities in advertising and/or promoting their software
15  bearing Plaintiff's names, logos, trademarks and counterfeit serial numbers or
16  product keys constitute false designation of origin, false description, and a false
17  representation that defendants' software originates from or is sponsored, approved
18  or authorized by Plaintiff.  Thus, defendants' activities constitute violations of
19  Section 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a).

20  127.  Plaintiff is informed and believes and on that basis alleges that
21  defendants have sold numerous counterfeit copies of Plaintiff's software, and have
22  thereby enjoyed substantial profits, which Plaintiff believes are in excess of
23  $10,000,000.

24  128.  As a result of the foregoing, Plaintiff has been damaged in an amount
25  which has not been precisely ascertained, but which will be alleged by amendment
26  at such time when it is precisely ascertained.

27  129.  The activities of defendants have caused and will cause irreparable
28  harm to Plaintiff for which Plaintiff has no adequate remedy at law in that (1) if

1  defendants' wrongful conduct continues, consumers are likely to become further
2  confused as to the ownership and/or affiliations of defendants' products; (2) the
3  infringement by defendants constitutes an interference with Plaintiff's goodwill
4  and customer relationships; and (3) defendants' wrongful conduct, and the
5  damages resulting to Plaintiff, are continuing.  Accordingly, Plaintiff is entitled to
6  preliminary and permanent injunctive relief.

7      130.  Defendants have committed the acts alleged above with previous
8  knowledge of Plaintiff's prior use and superior rights to its names and logos, and
9  with previous knowledge of the reputation of Plaintiff's products.

10     131.  Further, defendants' actions were for the willful and calculated
11 purpose of attracting customers to their products based upon the good will of
12 Plaintiff's name and business reputation, so as to mislead and deceive purchasers
13 and the public.  Defendants' actions have caused and/or are likely to cause
14 confusion and mistake among purchasers and the public as to the ownership or
15 association of their products, all to defendants' gain and Plaintiff's damage.

16     132.  Plaintiff is also entitled to recovery of attorneys' fees and costs of suit
17 pursuant to 15 U.S.C. § 1117.

18                    **THIRD CLAIM FOR RELIEF**

19                    **[Copyright Infringement**

20                    **17 U.S.C. § 501]**

21                    **(Against All Defendants)**

22     133.  Paragraphs 1 through 132 are incorporated by this reference as
23 though set forth herein in full.

24     134.  Plaintiff designed, created, developed and owns or licenses software,
25 including each of the software programs included in the various versions of NSW,
26 which constitute the original work of Plaintiff.

27     135.  Plaintiff designed, created, developed and owns or licenses the
28 software contained in pcAnywhere, which constitutes the original work of

SYMANTEC v. V-MICRO COMPLAINT

- 20 -

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1  Plaintiff.

2      136.  Plaintiff designed, created, developed and owns or licenses the
3  software contained in Norton Internet Security, which constitutes the original
4  work of Plaintiff.

5      137.  Plaintiff designed, created, developed and owns or licenses the
6  software contained in Symantec AntiVirus Small Business Edition, which
7  constitutes the original work of Plaintiff.

8      138.  Plaintiff designed, created, developed and owns or licenses the
9  software contained in WinFax Pro, which constitutes the original work of Plaintiff.

10      139.  Plaintiff complied with all laws governing copyright and secured the
11  exclusive rights and privileges in and to the copyrights of Norton AntiVirus,
12  Norton Utilities, Norton CleanSweep, Norton Ghost, pcAnywhere, Norton Internet
13  Security, WinFax Pro, and other software.

14      140.  Plaintiff has produced copies of the software in compliance with all
15  copyright laws, whether by producing copies itself or under license to third
16  parties.

17      141.  Defendants infringed Plaintiff's copyrights by marketing, selling and
18  delivering software largely, if not entirely, copied from Plaintiff's software.

19      142.  Plaintiff informed defendants that Plaintiff owned both the
20  trademarks and the copyrights for the software defendants have infringed.

21      143.  Plaintiff informed defendants that defendants were infringing
22  Plaintiff's trademarks and copyrights.

23      144.  Despite that warning, Plaintiff is informed and believes and on that
24  basis alleges that defendants, and each of them, continue to advertise, market, sell
25  and deliver counterfeit copies of Plaintiff's software, knowing that the discs they
26  deliver are counterfeits and infringing on Plaintiff's copyrights. These actions
27  have caused and continue to cause irreparable injury to Plaintiff by inducing
28  Plaintiff's prospective customers to purchase software from defendants instead of

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1  from Plaintiff, and by misleading consumers as to the source of the software.

2  145.  Defendants have been producing, marketing, selling and delivering

3  counterfeit copies of Plaintiff's software, in violation and derogation of Plaintiff's

4  copyrights on such software, thereby engaging in unfair trade practices and unfair

5  competition against Plaintiff, causing irreparable damage to Plaintiff.

6  146.  Plaintiff is informed and believes and on that basis alleges that as a

7  proximate result of the defendants' marketing, selling and delivering counterfeit

8  copies of Plaintiff's software, defendants have taken unfair advantage of

9  Plaintiff's research, development, advertising, marketing, and consumer

10 recognition of the copyrighted content of the software sold by Plaintiff.  Plaintiff

11 is informed and believes and on that basis alleges that defendants have sold

12 numerous counterfeit copies of Plaintiff's software, and have thereby enjoyed

13 substantial profits, which Plaintiff believes are in excess of $10,000,000.

14 147.  Defendants' actions, if not restrained, will continue to cause

15 irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.

16 Defendants misrepresent their own products as those manufactured by Plaintiff.

17 Plaintiff is informed and believes, and on that basis alleges, that consumers who

18 purchase defendants' products, believing they have purchased Plaintiff's software,

19 will not purchase the genuine software from Plaintiff.  Plaintiff has permanently

20 lost such consumers as customers, and has permanently lost the profits Plaintiff is

21 entitled to under its copyrights.

22                    **FOURTH CLAIM FOR RELIEF**

23                              **[Fraud]**

24                    **(Against all Defendants)**

25 148.  Paragraphs 1 through 147 are incorporated by this reference as

26 though set forth herein in full.

27 149.  Plaintiff is informed and believes and on that basis alleges that

28 defendants, in their marketing and advertising and on their internet web sites, have

98369.3

SYMANTEC v. V-MICRO COMPLAINT

1  deliberately misrepresented to consumers that the products sold are Symantec
2  and/or Norton products, knowing that they are not.

3     150.  Plaintiff is informed and believes and on that basis alleges that
4  defendants intend that consumers will communicate those misrepresentations to
5  Plaintiff in order to obtain customer service and updates or upgrades on terms and
6  conditions that are available only to owners of genuine, authorized Symantec
7  and/or Norton software products.

8     151.  Plaintiff is informed and believes and on that basis alleges that
9  defendants make those misrepresentations intending that Plaintiff will act in
10 reasonable reliance thereon, including but not limited to by providing customer
11 service and updates or upgrades to purchasers of defendants' products on terms
12 and conditions that are available only to owners of genuine, authorized Symantec
13 and/or Norton software products.

14    152.  Plaintiff has justifiably relied on the misrepresentations of defendants
15 in that, on information and belief, Plaintiff has provided customer service and
16 updates or upgrades to some purchasers of defendants' products as if those
17 consumers had purchased genuine Symantec and/or Norton software products.

18    153.  Plaintiff has suffered damages as a proximate result of the
19 defendants' wrongful acts in an amount as yet undetermined, but in an amount that
20 will be proven at trial.

21    154.  Defendants' conduct was and continues to be oppressive, fraudulent
22 and malicious.  Accordingly, Plaintiff is entitled to punitive damages in an amount
23 to be proven at trial.

24              **FIFTH CLAIM FOR RELIEF**
25    **[Civil Action for Trafficking in Counterfeit Labels, Documentation**
26           **and/or Packaging in Violation of 18 U.S.C. § 2318]**
27              **(Against All Defendants)**
28    155.  Paragraphs 1 through 154 are incorporated by this reference as

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1  though set forth herein in full.

2  156. Plaintiff is informed and believes and on that basis alleges that
3  defendants knowingly and without Plaintiff's authorization distribute and/or intend
4  for distribution labels, packaging, and/or documentation, including but not limited
5  to counterfeit serial numbers or product keys, without the genuine, authorized
6  copies of Plaintiff's software that Plaintiff intended such labels, packaging and/or
7  documentation to accompany.

8  157. Plaintiff is informed and believes and on that basis alleges that
9  defendants knowingly and without Plaintiff's authorization distribute and/or intend
10 for distribution unauthorized, counterfeit copies of Symantec and/or Norton
11 software CDs with codes and labels affixed to them that appear to be genuine but
12 that are not, including counterfeit manufacturing codes that falsely indicate the
13 CDs were manufactured by an authorized replicator when in fact they were not.

14 158. Plaintiff is informed and believes and on that basis alleges that
15 defendants have in their custody and/or control substantial quantities of software
16 that defendants intend to distribute as Symantec and/or Norton software, in
17 violation of 18 U.S.C. § 2318(a).

18 159. Defendants' actions, if not restrained, will continue to cause
19 irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.

20 160. Plaintiff has suffered damages as a proximate result of the
21 defendants' wrongful acts in an amount as yet undetermined, but in an amount that
22 will be proven at trial.

23 161. Defendants' conduct was and continues to be oppressive, fraudulent
24 and malicious. Accordingly, Plaintiff is entitled to punitive damages in an amount
25 to be proven at trial.

26 162. Plaintiff is also entitled to recovery of attorneys' fees and costs of suit
27 pursuant to 18 U.S.C. § 2318(f).

28

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1

## SIXTH CLAIM FOR RELIEF

2

### [Unfair Competition

3

### Calif. B&P Code § 17200, et seq.]

4

### (Against all Defendants)

5      163.   Paragraphs 1 through 162 are incorporated by this reference as
6    though set forth herein in full.

7      164.   The wrongful acts by defendants, as alleged throughout this
8    complaint, constitute unlawful, unfair or fraudulent business acts and/or practices
9    and unfair, deceptive, untrue or misleading statements and advertising in violation
10   of California Business and Professions Code ("B&P") § 17200.

11     165.   As a result of irreparable injuries to Plaintiff caused by defendants'
12   actions for which Plaintiff has no adequate remedy at law, defendants' acts
13   constituting unfair competition should be enjoined, and the Court should make
14   such orders or judgments as may be necessary to prevent the use of any practice
15   which constitutes unfair competition under B&P § 17203.

16     166.   Under B&P § 17203, and in addition to, or in lieu of, the damages
17   Plaintiff has sustained to its business and reputation as a result of defendants'
18   actions, Plaintiff seeks as damages restitution and/or disgorgement of the profits
19   that defendants have made by virtue of their acts of unfair competition, in an
20   amount as yet undetermined but as shall be proven at trial.

21

## SEVENTH CLAIM FOR RELIEF

22

### [Common Law Unfair Competition]

23

### (Against all Defendants)

24     167.   Paragraphs 1 through 166 are incorporated by this reference as
25   though set forth herein in full.

26     168.   Defendants have pirated the fruits of Plaintiff's labor and are
27   "palming off" those fruits as their own.

28     169.   Due to defendants' acts of unfair competition, trade dress

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1  infringement, and deception, buyers of counterfeit software sold by defendants

2  under the Norton and/or Symantec label have been deceived as to the source,

3  approval and/or sponsorship of defendants' software, believing they are

4  purchasing software manufactured by Plaintiff when in fact they are not.

5        170.   As a result of defendants' acts of unfair competition, Plaintiff has lost

6  sales and profits in an amount as yet undetermined but in an amount that will be

7  proven at trial.

8        171.   Defendants' conduct was and continues to be oppressive, fraudulent

9  and malicious.  Accordingly, Plaintiff is entitled to punitive damages in an amount

10  to be proven at trial.

11                    **EIGHTH CLAIM FOR RELIEF**

12                       **[False Advertising**

13                **Calif. B&P Code §§ 17500, 17200]**

14                    **(Against all Defendants)**

15        172.   Paragraphs 1 through 171 are incorporated by this reference as

16  though set forth herein in full.

17        173.   Plaintiff is informed and believes, and on that basis alleges, that

18  defendants included descriptions of Plaintiff's software, pictures of Plaintiff's

19  software and depictions of Plaintiff's trademarks and logos in their advertising

20  materials.

21        174.   Plaintiff is informed and believes, and on that basis alleges, that

22  defendants also used language and phrases copied from Plaintiff's advertising

23  literature in their advertising materials, which were disseminated to the public.

24        175.   The descriptions, pictures, depictions, language and phrases

25  constitute untrue or misleading statements and advertising in violation of B&P

26  § 17500 in that they suggest the software for sale in the defendants' advertising is

27  software manufactured by Plaintiff, when, in truth, what is being sold is

28  defendants' inferior products.

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

176.    The false and misleading statements and advertising also constitute practices that serve as a predicate for a B&P § 17200 violation, and Plaintiff separately alleges a violation of B&P § 17200.

177.    As a result of defendants' actions, Plaintiff has been damaged in an amount as yet undetermined, but in an amount that will be proven at trial.

178.    Defendants' conduct was and continues to be oppressive, fraudulent and malicious.  Accordingly, Plaintiff is entitled to punitive damages in an amount to be proven at trial.

## NINTH CLAIM FOR RELIEF

### [Intentional Interference with Prospective Economic Advantage]
### (Against all Defendants)

179.    Paragraphs 1 through 178 are incorporated by this reference as though set forth herein in full.

180.    This count arises under the unfair competition laws of the State of California.

181.    Plaintiff has over the years developed a large base of customers and institutions who purchase Plaintiff's products.  Plaintiff has also developed a substantial and valuable economic relationship with its products, namely software products including but not limited to Norton AntiVirus, pcAnywhere, Norton Internet Security, Norton Ghost, WinFax Pro, and Symantec AntiVirus Small Business Edition.

182.    Defendants contacted Plaintiff's actual and prospective customers with the intent to deprive Plaintiff of those customers' business.  Those customers then purchased products from defendants rather than from Plaintiff.  Defendants also interfered with Plaintiff's relationship with its products by marketing and distributing inferior and confusing counterfeit and/or knock-off versions.

183.    As a proximate result of defendants' conduct, Plaintiff suffered damages in a sum in excess of $10,000,000.

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1    184.   The acts of defendants were willful and malicious.  Plaintiff is

2  therefore entitled to punitive damages in an amount not less than $10,000,000.

3  Unless restrained, defendants will continue to solicit Plaintiff's customers and

4  money damages could not afford adequate relief.

5                           **TENTH CLAIM FOR RELIEF**

6              **[Negligent Interference with Prospective Economic Advantage]**

7                              **(Against all Defendants)**

8    185.   Paragraphs 1 through 184 are incorporated by this reference as

9  though set forth herein in full.

10    186.   This count arises under the unfair competition laws of the State of

11  California.

12    187.   Plaintiff has over the years developed a large base of customers and

13  institutions who purchase Plaintiff's products.  Plaintiff has also developed a

14  substantial and valuable economic relationship with its products, namely software

15  products including but not limited to Norton AntiVirus, pcAnywhere, Norton

16  Internet Security, Norton Ghost, WinFax Pro, and Symantec AntiVirus Small

17  Business Edition.

18    188.   Defendants have a duty to use due care to refrain from wrongful

19  actions that would interfere with Plaintiff's prospective economically

20  advantageous relationships with Plaintiff's existing customers, potential

21  customers, and products.

22    189.   Defendants breached their duties by soliciting Plaintiff's existing

23  and/or potential customers for the purpose of selling to them products bearing

24  Plaintiff's trademarks but which defendant knew or should have known were

25  counterfeit.  Those customers then purchased counterfeit products from defendants

26  rather than genuine Symantec products from Plaintiff.  Defendants also interfered

27  with Plaintiff's relationship with its products by marketing confusing knock-off

28  versions when defendants should have known those versions were counterfeit.

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1   190.  As a proximate result of defendants' conduct, Plaintiff suffered

2   damages in a sum in excess of $10,000,000.

3                              **PRAYER**

4   WHEREFORE, Plaintiff prays for judgment as follows:

5   I.   On the First Claim for Relief for Trademark Infringement (Lanham Act, 15

6        U.S.C. § 1051 - 1157):

7        A.   That defendants, their officers, agents, and servants, and all persons

8             acting in concert with them, be temporarily restrained, preliminarily

9             enjoined during the pendency of this action, and permanently

10            enjoined thereafter from engaging in further acts of:

11            1.   using photos of Plaintiff's products or depictions of Plaintiff's

12                 products or logos in defendants' advertising;

13            2.   advertising, selling, licensing, or otherwise marketing or

14                 distributing defendants' pirated copies of Plaintiff's software,

15                 or any product configuration similar to Plaintiff's products;

16            3.   using language and phrases contained in Plaintiff's advertising

17                 literature in defendants' advertising;

18            4.   contacting, soliciting, directing advertisements to, or in any

19                 other manner using any information about any consumer to

20                 whom defendants have sold, distributed, delivered and/or

21                 directed advertising for Norton and/or Symantec products or

22                 counterfeit Norton and/or Symantec products; and

23            5.   selling, licensing, or otherwise marketing or distributing

24                 unauthorized copies of Plaintiff's software with counterfeit

25                 serial numbers or product keys.

26       B.   That defendants be required to turn over to Plaintiff (1) all their

27            existing inventory of purported Norton and/or Symantec products,

28            (2) all labels, packages, documentation and/or serial numbers

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1
2
3
4
5
6

(product keys) for purported Norton and/or Symantec products, and (3) the names, addresses, telephone numbers, e-mail addresses and other information concerning any and all consumers to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products.

7
8

C.    That defendants pay to Plaintiff the damages Plaintiff has sustained as a consequence of their conduct.

9
10
11
12

D.    That defendants be required to account for and pay over to Plaintiff all the profits which they have derived from their wrongful activities and to pay such damages to Plaintiff as to this Court shall appear just and proper.

13
14

E.    That defendants pay to Plaintiff punitive and/or treble damages for their intentional and willful wrongful acts.

15
16
17

F.    That, upon election by Plaintiff, Defendants be required to pay the maximum allowable amount of statutory damages for their willful infringement of Plaintiff's trademarks.

18

G.    That Plaintiff recover its costs and reasonable attorneys' fees.

19
20

H.    That Plaintiff recover prejudgment interest under 15 USC § 1117(b) commencing on the date of service of this Complaint.

21
22

I.    That Plaintiff have such other and further relief as to this Court shall appear just and proper.

23
24

II.    On the Second Claim for Relief for False Designation of Origin — Lanham Act § 43(a):

25
26
27
28

A.    That defendants, their officers, agents, and servants, and all persons acting in concert with them, be temporarily restrained, preliminarily enjoined during the pendency of this action, and permanently enjoined thereafter from engaging in further acts of:

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1.    using photos of Plaintiff's products or depictions of Plaintiff's products or logos in defendants' advertising;

2.    advertising, selling, licensing, or otherwise marketing or distributing defendants' pirated copies of Plaintiff's software, or any product configuration similar to Plaintiff's products;

3.    using language and phrases contained in Plaintiff's advertising literature in defendants' advertising;

4.    contacting, soliciting, directing advertisements to, or in any other manner using any information about any consumer to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products; and

5.    selling, licensing, or otherwise marketing or distributing unauthorized copies of Plaintiff's software with counterfeit serial numbers or product keys.

B.    That defendants be required to turn over to Plaintiff (1) all their existing inventory of purported Norton and/or Symantec products, (2) all labels, packages, documentation and/or serial numbers (product keys) for purported Norton and/or Symantec products, and (3) the names, addresses, telephone numbers, e-mail addresses and other information concerning any and all consumers to whom defendants have sold, distributed, delivered and/or directed advertising for Norton and/or Symantec products or counterfeit Norton and/or Symantec products.

C.    That defendants pay to Plaintiff the damages Plaintiff has sustained as a consequence of their conduct.

D.    That defendants be required to account for and pay over to Plaintiff all the profits which they have derived from their wrongful activities

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1    and to pay such damages to Plaintiff as to this Court shall appear just

2    and proper.

3    E.    That defendants pay to Plaintiff punitive and/or treble damages for

4        their intentional and willful wrongful acts.

5    F.    That Plaintiff recover its costs and reasonable attorneys' fees.

6    G.    That Plaintiff recover prejudgment interest under 15 USC § 1117(b)

7        commencing on the date of service of this Complaint.

8    H.    That Plaintiff have such other and further relief as to this Court shall

9        appear just and proper.

10   III.    On the Third Claim for Relief for Copyright Infringement:

11   A.    That defendants, their officers, agents, and servants, and all persons

12       acting in concert with them, be temporarily restrained, preliminarily

13       enjoined during the pendency of this action, and permanently

14       enjoined thereafter from engaging in further acts of:

15       1.    using photos of Plaintiff's products or depictions of Plaintiff's

16           products or logos in defendants' advertising;

17       2.    advertising, selling, licensing, or otherwise marketing or

18           distributing defendants' pirated copies of Plaintiff's software,

19           or any product configuration similar to Plaintiff's products;

20       3.    using language and phrases contained in Plaintiff's advertising

21           literature in defendants' advertising;

22       4.    contacting, soliciting, directing advertisements to, or in any

23           other manner using any information about any consumer to

24           whom defendants have sold, distributed, delivered and/or

25           directed advertising for Norton and/or Symantec products or

26           counterfeit Norton and/or Symantec products; and

27       5.    selling, licensing, or otherwise marketing or distributing

28           unauthorized copies of Plaintiff's software with counterfeit

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1                    serial numbers or product keys.

2     B.    That defendants be required to turn over to Plaintiff (1) all their

3         existing inventory of purported Norton and/or Symantec products,

4         (2) all labels, packages, documentation and/or serial numbers

5         (product keys) for purported Norton and/or Symantec products, and

6         (3) the names, addresses, telephone numbers, e-mail addresses and

7         other information concerning any and all consumers to whom

8         defendants have sold, distributed, delivered and/or directed

9         advertising for Norton and/or Symantec products or counterfeit

10        Norton and/or Symantec products.

11    C.    That defendants pay to Plaintiff the damages Plaintiff has sustained as

12       a consequence of their conduct.

13    D.    That defendants be required to account for and pay over to Plaintiff

14       all the profits which they have derived from their wrongful activities

15       and to pay such damages to Plaintiff as to this Court shall appear just

16       and proper.

17    E.    That, upon election by Plaintiff, defendants be required to pay the

18       maximum allowable amount of statutory damages for their willful

19       infringement of Plaintiff's copyrights.

20    F.    That Plaintiff recover its costs and reasonable attorneys' fees.

21    G.    That Plaintiff have such other and further relief as to this Court shall

22       appear just and proper.

23 IV.   On the Fourth Claim for Relief for Fraud:

24    A.    That defendants, their officers, agents, and servants, and all persons

25       acting in concert with them, be temporarily restrained, preliminarily

26       enjoined during the pendency of this action, and permanently

27       enjoined thereafter from engaging in further acts of:

28       1.    using photos of Plaintiff's products or depictions of Plaintiff's

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1    products or logos in defendants' advertising;

2    2.    advertising, selling, licensing, or otherwise marketing or

3    distributing defendants' pirated copies of Plaintiff's software,

4    or any product configuration similar to Plaintiff's products;

5    3.    using language and phrases contained in Plaintiff's advertising

6    literature in defendants' advertising;

7    4.    contacting, soliciting, directing advertisements to, or in any

8    other manner using any information about any consumer to

9    whom defendants have sold, distributed, delivered and/or

10    directed advertising for Norton and/or Symantec products or

11    counterfeit Norton and/or Symantec products; and

12    5.    selling, licensing, or otherwise marketing or distributing

13    unauthorized copies of Plaintiff's software with counterfeit

14    serial numbers or product keys.

15    B.    That defendants be required to turn over to Plaintiff (1) all their

16    existing inventory of purported Norton and/or Symantec products,

17    (2) all labels, packages, documentation and/or serial numbers

18    (product keys) for purported Norton and/or Symantec products, and

19    (3) the names, addresses, telephone numbers, e-mail addresses and

20    other information concerning any and all consumers to whom

21    defendants have sold, distributed, delivered and/or directed

22    advertising for Norton and/or Symantec products or counterfeit

23    Norton and/or Symantec products.

24    C.    That defendants pay to Plaintiff the damages Plaintiff has sustained as

25    a consequence of their conduct.

26    D.    That defendants be required to account for and pay over to Plaintiff

27    all the profits which they have derived from their wrongful activities

28    and to pay such damages to Plaintiff as to this Court shall appear just

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1    and proper.

2    E.    That defendants pay to Plaintiff punitive damages for their intentional
3          and willful wrongful acts.

4    F.    That Plaintiff recover its costs and reasonable attorneys' fees.

5    G.    That Plaintiff have such other and further relief as to this Court shall
6          appear just and proper.

7    V.    On the Fifth Claim for Relief for Trafficking in Counterfeit Labels,
8          Documentation and/or Packaging in Violation of 18 U.S.C. § 2318:

9          A.    That defendants, their officers, agents, and servants, and all persons
10               acting in concert with them, be temporarily restrained, preliminarily
11               enjoined during the pendency of this action, and permanently
12               enjoined thereafter from engaging in further acts of:

13               1.    using photos of Plaintiff's products or depictions of Plaintiff's
14                     products or logos in defendants' advertising;

15               2.    advertising, selling, licensing, or otherwise marketing or
16                     distributing defendants' pirated copies of Plaintiff's software,
17                     or any product configuration similar to Plaintiff's products;

18               3.    using language and phrases contained in Plaintiff's advertising
19                     literature in defendants' advertising;

20               4.    contacting, soliciting, directing advertisements to, or in any
21                     other manner using any information about any consumer to
22                     whom defendants have sold, distributed, delivered and/or
23                     directed advertising for Norton and/or Symantec products or
24                     counterfeit Norton and/or Symantec products; and

25               5.    selling, licensing, or otherwise marketing or distributing
26                     unauthorized copies of Plaintiff's software with counterfeit
27                     serial numbers or product keys.

28          B.    That defendants be required to turn over to Plaintiff (1) all their

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

existing inventory of purported Norton and/or Symantec products,
(2) all labels, packages, documentation and/or serial numbers
(product keys) for purported Norton and/or Symantec products, and
(3) the names, addresses, telephone numbers, e-mail addresses and
other information concerning any and all consumers to whom
defendants have sold, distributed, delivered and/or directed
advertising for Norton and/or Symantec products or counterfeit
Norton and/or Symantec products.

C.    That Defendants pay to Plaintiff the damages Plaintiff has sustained
as a consequence of their conduct.

D.    That defendants be required to turn over to the Court all copies of
software bearing or containing the Norton or Symantec name,
label(s), trademark(s), logo(s), documentation, and/or authorization
codes purporting to indicate genuine and/or authorized Norton and/or
Symantec products.

E.    That defendants be required to account for and pay over to Plaintiff
all the profits which they have derived from their wrongful activities.

F.    That Defendants be required to pay over to Plaintiff the Plaintiff's
actual damages as provided in 18 U.S.C. § 2318(f)(3).

G.    That defendants pay to Plaintiff punitive damages for their intentional
and willful wrongful acts.

H.    That Plaintiff recover its costs and reasonable attorneys' fees.

I.    That Plaintiff have such other and further relief as to this Court shall
appear just and proper.

VI.    On the Sixth Claim for Relief for Unfair Competition (Calif. B&P Code
§ 17200, *et seq*.):

A.    That defendants, their officers, agents, and servants, and all persons
acting in concert with them, be temporarily restrained, preliminarily

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1    enjoined during the pendency of this action, and permanently

2    enjoined thereafter from engaging in further acts of:

3        1.    using photos of Plaintiff's products or depictions of Plaintiff's

4             products or logos in defendants' advertising;

5        2.    advertising, selling, licensing, or otherwise marketing or

6             distributing defendants' pirated copies of Plaintiff's software,

7             or any product configuration similar to Plaintiff's products;

8        3.    using language and phrases contained in Plaintiff's advertising

9             literature in defendants' advertising;

10       4.    contacting, soliciting, directing advertisements to, or in any

11            other manner using any information about any consumer to

12            whom defendants have sold, distributed, delivered and/or

13            directed advertising for Norton and/or Symantec products or

14            counterfeit Norton and/or Symantec products; and

15       5.    selling, licensing, or otherwise marketing or distributing

16            unauthorized copies of Plaintiff's software with counterfeit

17            serial numbers or product keys.

18   B.    That defendants be required to turn over to Plaintiff (1) all their

19         existing inventory of purported Norton and/or Symantec products,

20         (2) all labels, packages, documentation and/or serial numbers

21         (product keys) for purported Norton and/or Symantec products, and

22         (3) the names, addresses, telephone numbers, e-mail addresses and

23         other information concerning any and all consumers to whom

24         defendants have sold, distributed, delivered and/or directed

25         advertising for Norton and/or Symantec products or counterfeit

26         Norton and/or Symantec products.

27   C.    That defendants be required to account for and pay over to Plaintiff

28         all the profits which they have derived from their wrongful activities

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1    and to pay such damages to Plaintiff as to this Court shall appear just

2    and proper.

3    D.    That Plaintiff recover its costs and reasonable attorneys' fees.

4    E.    That Plaintiff have such other and further relief as to this Court shall

5          appear just and proper.

6    VII.   On the Seventh Claim for Relief for Common Law Unfair Competition:

7    A.    That defendants, their officers, agents, and servants, and all persons

8          acting in concert with them, be temporarily restrained, preliminarily

9          enjoined during the pendency of this action, and permanently

10         enjoined thereafter from engaging in further acts of:

11              1.    using photos of Plaintiff's products or depictions of Plaintiff's

12                    products or logos in defendants' advertising;

13              2.    advertising, selling, licensing, or otherwise marketing or

14                    distributing defendants' pirated copies of Plaintiff's software,

15                    or any product configuration similar to Plaintiff's products;

16              3.    using language and phrases contained in Plaintiff's advertising

17                    literature in defendants' advertising;

18              4.    contacting, soliciting, directing advertisements to, or in any

19                    other manner using any information about any consumer to

20                    whom defendants have sold, distributed, delivered and/or

21                    directed advertising for Norton and/or Symantec products or

22                    counterfeit Norton and/or Symantec products; and

23              5.    selling, licensing, or otherwise marketing or distributing

24                    unauthorized copies of Plaintiff's software with counterfeit

25                    serial numbers or product keys.

26    B.    That defendants be required to turn over to Plaintiff (1) all their

27          existing inventory of purported Norton and/or Symantec products,

28          (2) all labels, packages, documentation and/or serial numbers

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1  (product keys) for purported Norton and/or Symantec products, and

2  (3) the names, addresses, telephone numbers, e-mail addresses and

3  other information concerning any and all consumers to whom

4  defendants have sold, distributed, delivered and/or directed

5  advertising for Norton and/or Symantec products or counterfeit

6  Norton and/or Symantec products.

7  C.  That defendants pay to Plaintiff the damages Plaintiff has sustained as

8  a consequence of their conduct.

9  D.  That defendants be required to account for and pay over to Plaintiff

10  all the profits which they have derived from their wrongful activities

11  and to pay such damages to Plaintiff as to this Court shall appear just

12  and proper.

13  E.  That defendants pay to Plaintiff punitive damages for their intentional

14  and willful wrongful acts.

15  F.  That Plaintiff recover its costs and reasonable attorneys' fees.

16  G.  That Plaintiff have such other and further relief as to this Court shall

17  appear just and proper.

18  VIII.  On the Eighth Claim for Relief for False Advertising (Calif. B&P Code

19  §§ 17500, 17200):

20  A.  That defendants, their officers, agents, and servants, and all persons

21  acting in concert with them, be temporarily restrained, preliminarily

22  enjoined during the pendency of this action, and permanently

23  enjoined thereafter from engaging in further acts of:

24  1.  using photos of Plaintiff's products or depictions of Plaintiff's

25  products or logos in defendants' advertising;

26  2.  advertising, selling, licensing, or otherwise marketing or

27  distributing defendants' pirated copies of Plaintiff's software,

28  or any product configuration similar to Plaintiff's products;

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1          3.      using language and phrases contained in Plaintiff's advertising

2                  literature in defendants' advertising;

3          4.      contacting, soliciting, directing advertisements to, or in any

4                  other manner using any information about any consumer to

5                  whom defendants have sold, distributed, delivered and/or

6                  directed advertising for Norton and/or Symantec products or

7                  counterfeit Norton and/or Symantec products; and

8          5.      selling, licensing, or otherwise marketing or distributing

9                  unauthorized copies of Plaintiff's software with counterfeit

10                 serial numbers or product keys.

11     B.  That defendants be required to turn over to Plaintiff (1) all their

12         existing inventory of purported Norton and/or Symantec products,

13         (2) all labels, packages, documentation and/or serial numbers

14         (product keys) for purported Norton and/or Symantec products, and

15         (3) the names, addresses, telephone numbers, e-mail addresses and

16         other information concerning any and all consumers to whom

17         defendants have sold, distributed, delivered and/or directed

18         advertising for Norton and/or Symantec products or counterfeit

19         Norton and/or Symantec products.

20     C.  That defendants be required to account for and pay over to Plaintiff

21         all the profits which they have derived from their wrongful activities

22         and to pay such damages to Plaintiff as to this Court shall appear just

23         and proper.

24     D.  That Plaintiff recover its costs and reasonable attorneys' fees.

25     E.  That Plaintiff have such other and further relief as to this Court shall

26         appear just and proper.

27  IX.    On the Ninth Claim for Relief for Intentional Interference with Prospective

28         Economic Advantage:

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

A.  That defendants pay to Plaintiff the damages Plaintiff has sustained as a consequence of their conduct.

B.  That defendants be required to account for and pay over to Plaintiff all the profits which they have derived from their wrongful activities and to pay such damages to Plaintiff as to this Court shall appear just and proper.

C.  That defendants pay to Plaintiff punitive damages for their intentional and willful wrongful acts.

D.  That Plaintiff recover its costs and reasonable attorneys' fees.

E.  That Plaintiff have such other and further relief as to this Court shall appear just and proper.

X.  On the Tenth Claim for Relief for Negligent Interference with Prospective Economic Advantage:

A.  That defendants pay to Plaintiff the damages Plaintiff has sustained as a consequence of their conduct.

B.  That defendants be required to account for and pay over to Plaintiff all the profits which they have derived from their wrongful activities and to pay such damages to Plaintiff as to this Court shall appear just and proper.

C.  That Plaintiff recover its costs and reasonable attorneys' fees.

D.  That Plaintiff have such other and further relief as to this Court shall appear just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury in this action.

Dated:  August 29, 2007                    BAUTE & TIDUS LLP

                                  By:  _Mark D. Baute_
                                       Mark D. Baute
                                       Attorneys for Plaintiff
                                       SYMANTEC CORPORATION

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

OFFICE OF THE CLERK
U.S. COURTHOUSE
LOS ANGELES, CALIFORNIA 90012

OFFICIAL BUSINESS

PRIORITY
MAIL
UNITED STATES POSTAL SERVICE
www.usps.com

USDC Eastern District of California
Phillip Burton United States Courthouse
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102-3434

RECEIVED

APR 12 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**United States District Court**
**Northern District of California**

# Document Locator

Case Number:            08 - 2063

Date Filed:             4/21/08

Document Type:

    Reporter's Transcript:        _____

    Trial Exhibits:              _____

    Lodged Documents:            _____

    Sealed Documents:            _____

    Other:                       Transferred
                        Documents

Location:

    Expando File:                X
    (located next to file)

    Overflow Shelf:              _____

    Vault:                       _____

    Other:                       _____

# Document Number:        #1

1  NENA W. WONG (State Bar No. 162570)
   THE LAW OFFICES OF NENA W. WONG
2  6080 Center Drive, Suite 600
   Los Angeles, CA 90045
3  Telephone: (310) 704-6603
   Facsimile: (310) 689-2339
4
   Attorneys for Defendants
5  PHOEBE MICRO, INC., PETER LUI and RUBY LUI
6
7
8                   UNITED STATE DISTRICT COURT FOR THE
                       CENTRAL DISTRICT OF CALIFORNIA
9                            WESTERN DIVISION

10  SYMANTEC CORPORATION,              )  Case No.: cv07-5638-SVS(JWJx)
                                       )
11           Plaintiff,                )  **ANSWER TO COMPLAINT**
                                       )
12      vs.                            )
                                       )
13  V-MICRO, INC., ET AL,              )
                                       )
14           Defendants.              )
                                       )
15                                     )
                                       )
16                                     )
                                       )
17                                     )
                                       )
18
19  Defendants Phoebe Micro, Inc. ("Phoebe Micro"), Peter Lui ("Peter Lui") and Ruby Lui ("Ruby Lui")
20  (hereafter, collectively "Defendants") respond to the Complaint as follows:
21                    **SUBJECT MATTER JURISDICTION AND VENUE**
22        1.      In response to paragraph 1 of the Complaint, Defendants admit that the Court has
23  jurisdiction of this action pursuant to the provisions of 15 U.S.C. § 1121, 28 U.S.C. §1388 and 28 U.S.C.
24  §1331.
25        2.      In response to paragraph 2 of the Complaint, Defendants admit that the Court has
26  supplemental jurisdiction over the claims in this Complaint which arise under the statutory and common
27  law of the State of California pursuant to 28 U.S.C. §1367(a).
28  / / /

ANSWER TO COMPLAINT

DOCKETED ON CM

NOV 2 8 2007

BY            004

1    3.    In response to paragraph 3, Defendants admit that venue is proper under 28 U.S.C. §

2    1391(b). Except as so admitted, Defendants deny the allegations in paragraph 3.

3                                    **PARTIES**

4    4.    In response to paragraph 4 of the Complaint, Defendants are without sufficient

5    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

6    basis deny the allegations contained therein.

7    5.    In response to paragraph 5 of the Complaint, Defendants are without sufficient

8    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

9    basis deny the allegations contained therein

10    6.    In response to paragraph 6 of the Complaint, Defendants are without sufficient

11    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

12    basis deny the allegations contained therein.

13    7.    In response to paragraph 7 of the Complaint, Defendants admit that Peter Lui is an

14    individual with a principal business address in Fremont, California. Peter Lui's principal residence is in

15    Cupertino. Except as so admitted, Defendants deny the allegations in paragraph 7.

16    8.    In response to paragraph 8 of the Complaint, Defendants admit that Ruby Lui is an

17    individual with her principal business address in Fremont, California. Ruby Lui's principal residence is in

18    Cupertino. Except as so admitted, Defendants deny the allegations in paragraph 8.

19    9.    In response to paragraph 9 of the Complaint, Defendants admit that Sun, Padrid, Peter

20    Lui and Ruby Lui are sometimes referred to in this Complaint as the "Individual Defendants".

21    10.    In response to paragraph 10 of the Complaint, Defendants are without sufficient

22    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

23    basis deny the allegations contained therein.

24    11.    In response to paragraph 11 of the Complaint, Defendants are without sufficient

25    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

26    basis deny the allegations contained therein.

27    / / /

28    / / /

-2-

ANSWER TO COMPLAINT

1    12.    In response to paragraph 12 of the Complaint, Defendants are without sufficient

2 knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

3 basis deny the allegations contained therein.

4    13.    In response to paragraph 13 of the Complaint, Defendants are without sufficient

5 knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

6 basis deny the allegations contained therein.

7    14.    In response to paragraph 14 of the Complaint, Defendants are without sufficient

8 knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

9 basis deny the allegations contained therein.

10    15.    In response to paragraph 15 of the Complaint, Defendants are without sufficient

11 knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

12 basis deny the allegations contained therein.

13    16.    In response to paragraph 16 of the Complaint, Defendants are without sufficient

14 knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

15 basis deny the allegations contained therein.

16    17.    In response to paragraph 17 of the Complaint, Defendants admit that defendant Phoebe

17 Micro is a corporation organized under the laws of the State of California, with principle business address

18 and corporate offices in Fremont, California.

19    18.    In response to paragraph 18 of the Complaint, Defendants admit that Peter Lui is an

20 owner of Phoebe Micro.

21    19.    In response to paragraph 19 of the Complaint, Defendants admit that Peter Lui is an

22 officer of Phoebe Micro.

23    20.    In response to paragraph 20 of the Complaint, Defendants admit that Peter Lui is a

24 director of Phoebe Micro.

25    21.    In response to paragraph 21 of the Complaint, Defendants admit that Peter Lui manages

26 the affairs of Phoebe Micro and as such is aware of the activities of Phoebe Micro as alleged in the

27 Complaint.

28    / / /

- 3 –

ANSWER TO COMPLAINT

22.    In response to paragraph 22 of the Complaint, Defendants deny the allegations contained therein.

23.    In response to paragraph 23 of the Complaint, Defendants deny the allegations contained therein.

24.    In response to paragraph 24 of the Complaint, Defendants admit that Ruby Lui is an owner of Phoebe Micro.

25.    In response to paragraph 25 of the Complaint, Defendants admit that Ruby Lui is an officer of Phoebe Micro.

26.    In response to paragraph 26 of the Complaint, Defendants admit that Ruby Lui is a director of Phoebe Micro.

27.    In response to paragraph 27 of the Complaint, Defendants admit that Ruby Lui manages the affairs of Phoebe Micro and as such is aware of the activities of Phoebe Micro as alleged in the Complaint.

28.    In response to paragraph 28 of the Complaint, Defendants deny the allegations contained therein.

29.    In response to paragraph 29 of the Complaint, Defendants deny the allegations contained therein.

30.    In response to paragraph 30 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

31.    In response to paragraph 31 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

32.    In response to paragraph 32 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

/ / /

/ / /

- 4 -

ANSWER TO COMPLAINT

1    33.    In response to paragraph 33 of the Complaint, Defendants are without sufficient
2    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
3    basis deny the allegations contained therein.

4    34.    In response to paragraph 34 of the Complaint, Defendants are without sufficient
5    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
6    basis deny the allegations contained therein.

7    35.    In response to paragraph 35 of the Complaint, Defendants are without sufficient
8    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
9    basis deny the allegations contained therein.

10    36.    In response to paragraph 36 of the Complaint, Defendants are without sufficient
11    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
12    basis deny the allegations contained therein.

13    37.    In response to paragraph 37 of the Complaint, Defendants admit that defendants V-
14    Micro, Phoebe, and JCIL are sometimes referred to in the Complaint as the "Business Entity Defendants"

15    38.    In response to paragraph 38 of the Complaint, Defendants are without sufficient
16    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
17    basis deny the allegations contained therein.

18    39.    In response to paragraph 39 of the Complaint, Defendants are without sufficient
19    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
20    basis deny the allegations contained therein.

21    40.    In response to paragraph 40 of the Complaint, Defendants are without sufficient
22    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
23    basis deny the allegations contained therein.

24    41.    In response to paragraph 41 of the Complaint, Defendants are without sufficient
25    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
26    basis deny the allegations contained therein.

27    / / /

28    / / /

- 5 -

ANSWER TO COMPLAINT

1     42.    In response to paragraph 42 of the Complaint, Defendants are without sufficient

2  knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

3  basis deny the allegations contained therein.

4     43.    In response to paragraph 43 of the Complaint, Defendants are without sufficient

5  knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

6  basis deny the allegations contained therein.

7     44.    In response to paragraph 44 of the Complaint, Defendants are without sufficient

8  knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

9  basis deny the allegations contained therein.

10     45.    In response to paragraph 45 of the Complaint, Defendants are without sufficient

11  knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

12  basis deny the allegations contained therein.

13     46.    In response to paragraph 46 of the Complaint, Defendants are without sufficient

14  knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

15  basis deny the allegations contained therein.

16     47.    In response to paragraph 47 of the Complaint, Defendants are without sufficient

17  knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

18  basis deny the allegations contained therein.

19     48.    In response to paragraph 48 of the Complaint, Defendants deny the allegations contained

20  therein.

21     49.    In response to paragraph 49 of the Complaint, Defendants deny the allegations contained

22  therein.

23     50.    In response to paragraph 50 of the Complaint, Defendants deny the allegations contained

24  therein.

25     51.    In response to paragraph 51 of the Complaint, Defendants deny the allegations contained

26  therein.

27     52.    In response to paragraph 52 of the Complaint, Defendants deny the allegations contained

28  therein.

- 6 –

ANSWER TO COMPLAINT

53.     In response to paragraph 53 of the Complaint, Defendants deny the allegations contained therein.

54.     In response to paragraph 54 of the Complaint, Defendants deny the allegations contained therein.

55.     In response to paragraph 55 of the Complaint, Defendants deny the allegations contained therein.

56.     In response to paragraph 56 of the Complaint, Defendants deny the allegations contained therein.

57.     In response to paragraph 57 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

58.     In response to paragraph 58 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

59.     In response to paragraph 59 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

60.     In response to paragraph 60 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

61.     In response to paragraph 61 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

**CENTRAL ALLEGATIONS OF WRONGDOING**

62.     In response to paragraph 62 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

/ / /

- 7 -

ANSWER TO COMPLAINT

63.    In response to paragraph 63 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

64.    In response to paragraph 64 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

65.    In response to paragraph 65 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

66.    In response to paragraph 66 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

67.    In response to paragraph 67 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

68.    In response to paragraph 68 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

69.    In response to paragraph 69 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

70.    In response to paragraph 70 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

71.    In response to paragraph 71 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

/ / /

- 8 -

ANSWER TO COMPLAINT

1    72.    In response to paragraph 72 of the Complaint, Defendants are without sufficient
2    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
3    basis deny the allegations contained therein.

4    73.    In response to paragraph 73 of the Complaint, Defendants are without sufficient
5    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
6    basis deny the allegations contained therein.

7    74.    In response to paragraph 74 of the Complaint, Defendants are without sufficient
8    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
9    basis deny the allegations contained therein.

10    75.    In response to paragraph 75 of the Complaint, Defendants are without sufficient
11    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
12    basis deny the allegations contained therein.

13    76.    In response to paragraph 76 of the Complaint, Defendants are without sufficient
14    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
15    basis deny the allegations contained therein.

16    77.    In response to paragraph 77 of the Complaint, Defendants are without sufficient
17    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
18    basis deny the allegations contained therein.

19    78.    In response to paragraph 78 of the Complaint, Defendants are without sufficient
20    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
21    basis deny the allegations contained therein.

22    79.    In response to paragraph 79 of the Complaint, Defendants are without sufficient
23    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
24    basis deny the allegations contained therein.

25    80.    In response to paragraph 80 of the Complaint, Defendants are without sufficient
26    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
27    basis deny the allegations contained therein.

28    / / /

-9-

ANSWER TO COMPLAINT

81.     In response to paragraph 81 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

82.     In response to paragraph 82 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

83.     In response to paragraph 83 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

84.     In response to paragraph 84 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

85.     In response to paragraph 85 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

86.     In response to paragraph 86 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

87.     In response to paragraph 87 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

88.     In response to paragraph 88 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

89.     In response to paragraph 89 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

/ / /

ANSWER TO COMPLAINT

1    90.    In response to paragraph 90 of the Complaint, Defendants are without sufficient

2    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

3    basis deny the allegations contained therein.

4    91.    In response to paragraph 91 of the Complaint, Defendants are without sufficient

5    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

6    basis deny the allegations contained therein.

7    92.    In response to paragraph 92 of the Complaint, Defendants are without sufficient

8    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

9    basis deny the allegations contained therein.

10    93.    In response to paragraph 93 of the Complaint, Defendants are without sufficient

11    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

12    basis deny the allegations contained therein.

13    94.    In response to paragraph 94 of the Complaint, Defendants are without sufficient

14    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

15    basis deny the allegations contained therein.

16    95.    In response to paragraph 95 of the Complaint, Defendants are without sufficient

17    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

18    basis deny the allegations contained therein.

19    96.    In response to paragraph 96 of the Complaint, Defendants are without sufficient

20    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

21    basis deny the allegations contained therein.

22    97.    In response to paragraph 97 of the Complaint, Defendants are without sufficient

23    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

24    basis deny the allegations contained therein.

25    98.    In response to paragraph 98 of the Complaint, Defendants are without sufficient

26    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

27    basis deny the allegations contained therein. Defendants also deny receiving any prior notice of the claims

28    of infringing and any notice to cease and desist.

- 11 -

ANSWER TO COMPLAINT

1    99.    In response to paragraph 99 of the Complaint, Defendants deny the allegations contained
2    therein.

3    100.    In response to paragraph 100 of the Complaint, Defendants deny the allegations
4    contained therein.

5    101.    In response to paragraph 101 of the Complaint, Defendants deny the allegations
6    contained therein.

7    102.    In response to paragraph 102 of the Complaint, Defendants deny the allegations
8    contained therein.

9                                **FIRST CLAIM FOR RELIEF**

10    103.    In response to paragraph 103 of the Complaint, Defendants repeat their responses to
11    paragraphs 1 through 102 of the Complaint as if fully set forth herein.

12    104.    In response to paragraph 104 of the Complaint, Defendants are without sufficient
13    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
14    basis deny the allegations contained therein.

15    105.    In response to paragraph 105 of the Complaint, Defendants are without sufficient
16    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
17    basis deny the allegations contained therein.

18    106.    In response to paragraph 106 of the Complaint, Defendants are without sufficient
19    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
20    basis deny the allegations contained therein.

21    107.    In response to paragraph 107 of the Complaint, Defendants are without sufficient
22    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
23    basis deny the allegations contained therein.

24    108.    In response to paragraph 108 of the Complaint, Defendants are without sufficient
25    knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
26    basis deny the allegations contained therein.

27    / / /

28    / / /

- 12 -

ANSWER TO COMPLAINT

109.    In response to paragraph 109 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

110.    In response to paragraph 110 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

111.    In response to paragraph 111 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

112.    In response to paragraph 112 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

113.    In response to paragraph 113 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

114.    In response to paragraph 114 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

115.    In response to paragraph 115 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

116.    In response to paragraph 116 of the Complaint, Defendants deny the allegations contained therein.

117.    In response to paragraph 117 of the Complaint, Defendants deny the allegations contained therein.

118.    In response to paragraph 118 of the Complaint, Defendants deny the allegations contained therein.

/ / /

- 13 -

ANSWER TO COMPLAINT

119.     In response to paragraph 119 of the Complaint, Defendants deny the allegations contained therein.

120.     In response to paragraph 120 of the Complaint, Defendants deny the allegations contained therein.

121.     In response to paragraph 121 of the Complaint, Defendants deny the allegations contained therein.

122.     In response to paragraph 122 of the Complaint, Defendants deny the allegations contained therein.

## SECOND CLAIM FOR RELIEF

123.     In response to paragraph 123 of the Complaint, Defendants repeat their responses to paragraphs 1 through 122 of the Complaint as if fully set forth herein.

124.     In response to paragraph 124 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

125.     In response to paragraph 125 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

126.     In response to paragraph 126 of the Complaint, Defendants deny the allegations contained therein.

127.     In response to paragraph 127 of the Complaint, Defendants deny the allegations contained therein.

128.     In response to paragraph 128 of the Complaint, Defendants deny the allegations contained therein.

129.     In response to paragraph 129 of the Complaint, Defendants deny the allegations contained therein.

130.     In response to paragraph 130 of the Complaint, Defendants deny the allegations contained therein.

/ / /

- 14 –

131.    In response to paragraph 131 of the Complaint, Defendants deny the allegations contained therein.

132.    In response to paragraph 132 of the Complaint, Defendants deny the allegations contained therein.

**THIRD CLAIM FOR RELIEF**

133.    In response to paragraph 133 of the Complaint, Defendants repeat their responses to paragraphs 1 through 132 of the Complaint as if fully set forth herein.

134.    In response to paragraph 134 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

135.    In response to paragraph 135 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

136.    In response to paragraph 136 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

137.    In response to paragraph 137 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

138.    In response to paragraph 138 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

139.    In response to paragraph 139 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

140.    In response to paragraph 140 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

- 15 -

ANSWER TO COMPLAINT

1    141.   In response to paragraph 141 of the Complaint, Defendants deny the allegations
2    contained therein.

3    142.   In response to paragraph 142 of the Complaint, Defendants deny the allegations
4    contained therein .

5    143.   In response to paragraph 143 of the Complaint, Defendants deny the allegations
6    contained therein.

7    144.   In response to paragraph 144 of the Complaint, Defendants deny the allegations
8    contained therein.

9    145.   In response to paragraph 145 of the Complaint, Defendants deny the allegations
10   contained therein.

11   146.   In response to paragraph 146 of the Complaint, Defendants deny the allegations
12   contained therein.

13   147.   In response to paragraph 147 of the Complaint, Defendants deny the allegations
14   contained therein.

15                          **FOURTH CLAIM FOR RELIEF**

16   148.   In response to paragraph 148 of the Complaint, Defendants repeat their responses to
17   paragraphs 1 through 147 of the Complaint as if fully set forth herein.

18   149.   In response to paragraph 149 of the Complaint, Defendants are without sufficient
19   knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
20   basis deny the allegations contained therein.

21   150.   In response to paragraph 150 of the Complaint, Defendants are without sufficient
22   knowledge or information to form a belief as to the truth of the allegations contained therein, and on that
23   basis deny the allegations contained therein.

24   151.   In response to paragraph 151 of the Complaint, Defendants deny the allegations
25   contained therein.

26   152.   In response to paragraph 152 of the Complaint, Defendants deny the allegations
27   contained therein.

28   / / /

- 16 -

ANSWER TO COMPLAINT

1    153.    In response to paragraph 153 of the Complaint, Defendants deny the allegations

2    contained therein.

3    154.    In response to paragraph 154 of the Complaint, Defendants deny the allegations

4    contained therein.

5                              **FIFTH CLAIM FOR RELIEF**

6    155.    In response to paragraph 155 of the Complaint, Defendants repeat their responses to

7    paragraphs 1 through 154 of the Complaint as if fully set forth herein.

8    156.    In response to paragraph 156 of the Complaint, Defendants deny the allegations

9    contained therein.

10    157.    In response to paragraph 157 of the Complaint, Defendants deny the allegations

11    contained therein.

12    158.    In response to paragraph 158 of the Complaint, Defendants deny the allegations

13    contained therein.

14    159.    In response to paragraph 159 of the Complaint, Defendants deny the allegations

15    contained therein.

16    160.    In response to paragraph 160 of the Complaint, Defendants deny the allegations

17    contained therein.

18    161.    In response to paragraph 161 of the Complaint, Defendants deny the allegations

19    contained therein.

20    162.    In response to paragraph 162 of the Complaint, Defendants deny the allegations

21    contained therein.

22                              **SIXTH CLAIM FOR RELIEF**

23    163.    In response to paragraph 163 of the Complaint, Defendants repeat their responses to

24    paragraphs 1 through 162 of the Complaint as if fully set forth herein.

25    164.    In response to paragraph 164 of the Complaint, Defendants deny the allegations

26    contained therein.

27    165.    In response to paragraph 165 of the Complaint, Defendants deny the allegations

28    contained therein.

- 17 –

ANSWER TO COMPLAINT

166.     In response to paragraph 166 of the Complaint, Defendants deny the allegations contained therein.

### SEVENTH CLAIM FOR RELIEF

167.     In response to paragraph 167 of the Complaint, Defendants repeat their responses to paragraphs 1 through 166 of the Complaint as if fully set forth herein.

168.     In response to paragraph 168 of the Complaint, Defendants deny the allegations contained therein.

169.     In response to paragraph 169 of the Complaint, Defendants deny the allegations contained therein.

170.     In response to paragraph 170 of the Complaint, Defendants deny the allegations contained therein.

171.     In response to paragraph 171 of the Complaint, Defendants deny the allegations contained therein.

### EIGHTH CLAIM FOR RELIEF

172.     In response to paragraph 172 of the Complaint, Defendants repeat their responses to paragraphs 1 through 171 of the Complaint as if fully set forth herein.

173.     In response to paragraph 173 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

174.     In response to paragraph 174 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations contained therein.

175.     In response to paragraph 175 of the Complaint, Defendants deny the allegations contained therein.

176.     In response to paragraph 176 of the Complaint, Defendants deny the allegations contained therein .

177.     In response to paragraph 177 of the Complaint, Defendants deny the allegations contained therein.

- 18 –

ANSWER TO COMPLAINT

1    190.    In response to paragraph 190 of the Complaint, Defendants deny the allegations

2    contained therein.

3                          **AFFIRMATIVE DEFENSES**

4    191.    As separate and distinct defenses to the claims alleged in plaintiffs' complaint,

5    Defendants allege as follows:

6                          **FIRST AFFIRMATIVE DEFENSE**

7    192.    Plaintiff's Complaint, and each and every purported count therein, fails to state a claim

8    upon which relief can be granted.

9                          **SECOND AFFIRMATIVE DEFENSE**

10   193.    Plaintiff's Complaint, and each and every purported count therein, is barred, in whole or

11   in part, by the doctrine of estoppel.

12                         **THIRD AFFIRMATIVE DEFENSE**

13   194.    Plaintiff's claims are barred, in whole or in part, because Plaintiff and/or persons

14   allegedly represented lack standing to assert any or all of the purported causes of action alleged in the

15   Complaint either individually or in a representative capacity. Alternatively, Plaintiff and/or persons

16   allegedly represented do not meet the requirements for bringing suit under one or more statutes alleged in

17   the Complaint.

18                         **FOURTH AFFIRMATIVE DEFENSE**

19   195.    Any conduct undertaken by Defendants concerning or relating to Plaintiff and/or persons

20   allegedly represented was in all respects fair, privileged, or justified and was undertaken without malice,

21   unlawful means, or intent to injure Plaintiff or any other person or entity.

22                         **PRAYER FOR RELIEF**

23   WHEREFORE, Defendants prays as follows:

24   1.    That Plaintiff and/or persons allegedly represented take nothing by the Complaint;

25   2.    That the Complaint, and each and every purported claim for relief and/or cause of action

26        alleged therein, be dismissed with prejudice, and judgment be entered in favor of Defendants;

27   3.    That Defendants recover its costs of suit incurred herein, including reasonable attorneys' fees;

28        and

- 20 -

ANSWER TO COMPLAINT

1    4.    For such other and further relief as the Court may deem just and proper.

2

3    Dated:  November 19, 2007                THE LAW OFFICES OF NENA W. WONG

4

5

6

7

8    By:  _____
              Nena W. Wong
9             Attorneys for Defendants
              PHOEBE MICRO, INC., PETER LUI
10            AND RUBY LUI

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 21 -

ANSWER TO COMPLAINT

1                              **PROOF OF SERVICE BY MAIL**

2            I, Nena W. Wong, declare:

3            I am employed in Los Angeles County.  I am over the age of 18 years and not a party to the within

4    action.  My business address is:  The Law Offices of Nena W. Wong, 6080 Center Drive, Suite 600, Los

5    Angeles, CA 90045.

6            I am readily familiar with the Law Offices of Nena W. Wong's practice for collection and

7    processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of

8    business, correspondence would be deposited with the United States Postal Service on this dated.

9            On this date, I served ANSWER TO COMPLAINT on each person listed below, by placing the

10   document(s) described above in an envelope addressed as indicated below, which I sealed.  I placed the

11   envelope(s) for collection and mailing with the United States Postal Service on this day, following ordinary

12   business practices as The Law Offices of Nena W. Wong.

13           Mark D. Baute, Esq.
             Jeffrey A. Tidus, Esq.
14           Patrick M. Maloney, Esq.
             Eric Munson, Esq.
15           **Baute & Tidus**
             777 South Figueroa Street, Suite 4900
16           Los Angeles, CA 90017

17           I declare under penalty of perjury under the laws of the State of California that the foregoing is

18   true and correct.  Executed at Los Angeles, California on November 19, 2007.

19

20

21

22

23                                         Nena W. Wong

24

25

26

27

28

                                           - 22 -

                                     ANSWER TO COMPLAINT

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR, OR, PLAINTIFF
OR DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER

Mark D. Baute
BAUTE & TIDUS LLP
777 South Figueroa Street
Suite 4900
Los Angeles, CA  90017
(213) 630-5000
ATTORNEYS FOR: Plaintiff SYMANTEC
CORPORATION

FILED

2007 AUG 29  PH 12: 22

CT COURT
F CALIF.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| SYMANTEC CORPORATION | CASE NUMBER<br>CV-05638SVW (JWJx) |
|---|---|
| v.                              Plaintiff(s), | |
| V-MICRO, INC., a New Jersey<br>Corporation,... [continue on<br>Attachment A]            Defendant(s) | **CERTIFICATION AND NOTICE<br>OF INTERESTED PARTIES<br>(Local Rule 7.1-1)** |

TO:    THE COURT AND ALL PARTIES APPEARING OF RECORD:

The undersigned, counsel of record for _____ SYMANTEC CORPORATION _____

(or party appearing in pro per), certifies that the following listed party (or parties) has (have) a direct, pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal. (Use additional sheet if necessary.)

**PARTY**                                                    **CONNECTION**

(List the names of all such parties and identify their connection and interest.)

| SYMANTEC CORPORATION | PLAINTIFF |
|---|---|
| V-MICRO, INC., dba Viewmicro | DEFENDANT |
| JCIL COMPUTERS, INC., dba Infinity Computers | DEFENDANT |
| PHOEBE MICRO, INC. | DEFENDANT |
| OSCAR SUN, aka Kuo Ching Sun | DEFENDANT |
| JOSEPH PADRID | DEFENDANT |
| PETER LUI | DEFENDANT |
| RUBY LUI | DEFENDANT |

August  29  , 2007
Date

Sign
Mark D. Baute

Attorney of record for or party appearing in pro per
SYMANTEC CORPORATION

DOCKETED ON CM

SEP - 7 2007

186

CV-30 (12/03)                    **NOTICE OF INTERESTED PARTIES**                    CCDCV30

| | |
|---|---|
| SYMANTEC CORPORATION, ) | Case No. |
| ) | |
| Plaintiff, ) | |
| ) | **ATTACHMENT A** |
| vs. ) | |
| ) | |
| V-MICRO, INC., a New Jersey ) | |
| Corporation, doing business as ) | |
| Viewmicro; JCIL COMPUTERS, INC., ) | |
| a California Corporation, doing business) | |
| as Infinity Computers; PHOEBE ) | |
| MICRO INC., a California Corporation; ) | |
| OSCAR SUN, an individual, also ) | |
| known as Kuo Ching Sun; JOSEPH ) | |
| PADRID, an individual; PETER LUI, ) | |
| an individual; RUBY LUI, an ) | |
| individual; and DOES 1-20, inclusive, ) | |
| ) | |
| Defendants. ) | |

## *continuation of Defendants from caption*:

. . . doing business as Viewmicro; JCIL COMPUTERS, INC., a
California Corporation, doing business as Infinity Computers;
PHOEBE MICRO INC., a California Corporation; OSCAR SUN, an
individual, also known as Kuo Ching Sun; JOSEPH PADRID, an
individual; PETER LUI, an individual; RUBY LUI, an individual;
and DOES 1-20, inclusive

*Attachment*
*SYMANTEC v. V-MICRO, INC.*

1  NENA W. WONG (State Bar No. 162570)
   THE LAW OFFICES OF NENA W. WONG
2  6080 Center Drive, Suite 600
   Los Angeles, CA 90045
3  Telephone: (310) 704-6603
   Facsimile: (310) 689-2339
4
   Attorneys for Defendants
5  PHOEBE MICRO, INC., PETER LUI and RUBY LUI

6

7

8              UNITED STATE DISTRICT COURT FOR THE
                  CENTRAL DISTRICT OF CALIFORNIA
9                      WESTERN DIVISION
                                              SVW
10 SYMANTEC CORPORATION,          )  Case No.: cv07-5638-SVS(JWJx)
                                  )
11         Plaintiff,             )  PHOEBE MICRO, INC., PETER LUI and RUBY
                                  )  LUI'S CERTIFICATE OF INTERESTED
12    vs.                         )  PARTIES AND CORPROATE DISCLOSURE
                                  )  STATEMENT
13 V-MICRO, INC., ET AL,          )
                                  )  [Federal Rule of Civil Procedure 7.1]
14         Defendants.            )  [Local Rule 7.1-1]
                                  )
15                              )
                                  )
16                                )
                                  )
17                                )
                                  )
18

19        TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

20        NOTICE IS HEREBY GIVENM pursuant to Local Rule 7.1-1, that the undersigned, counsel of

21 record for Defendants Phoebe Micro, Inc. ("Phoebe Micro"), Peter Lui ("Peter Lui") and Ruby Lui ("Ruby

22 Lui) (hereafter, collectively "Defendants"), certifies that the following listed parties have a direct,

23 pecuniary interest in the outcome of this case:

24    1.  PHOEBE MICRO, INC., a California corporation;

25    2.  PETER LUI , an individual residing in California;

26    3.  RUBY LUI, an individual residing in California.

27    These representations are made to enable the Court to evaluate possible disqualification or recusal.

28

                              - 1 –

                     ANSWER TO COMPLAINT        NOV 28 2007



1    Pursuant to Federal Rule of Civil Procedure 7.1, the undersigned counsel of record for Defendants

2    Phoebe Micro, Peter Lui and Ruby Lui, certifies that Peter Lui and Ruby Lui are individual officers and

3    directors of Phoebe Micro.

4

5    Dated:  November 20, 2007                    THE LAW OFFICES OF NENA W. WONG

6

7

8

9                                        By: _____
                                              Nena W. Wong
10                                            Attorneys for Defendants
                                              PHOEBE MICRO, INC., PETER LUI
11                                            AND RUBY LUI

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

ANSWER TO COMPLAINT

1

**PROOF OF SERVICE BY MAIL**

2

I, Nena W. Wong, declare:

3

I am employed in Los Angeles County. I am over the age of 18 years and not a party to the within

4

action. My business address is: The Law Offices of Nena W. Wong, 6080 Center Drive, Suite 600, Los

5

Angeles, CA 90045.

6

I am readily familiar with the Law Offices of Nena W. Wong's practice for collection and

7

processing of correspondence for mailing with the United States Postal Service. In the ordinary course of

8

business, correspondence would be deposited with the United States Postal Service on this dated.

9

On this date, I served **PHOEBE MICRO, INC., PETER LUI and RUBY LUI'S**

10

**CERTIFICATE OF INTERESTED PARTIES AND CORPROATE DISCLOSURE STATEMENT**

11

on each person listed below, by placing the document(s) described above in an envelope addressed as

12

indicated below, which I sealed. I placed the envelope(s) for collection and mailing with the United States

13

Postal Service on this day, following ordinary business practices as The Law Offices of Nena W. Wong.

14

Mark D. Baute, Esq.
Jeffrey A. Tidus, Esq.

15

Patrick M. Maloney, Esq.
Eric Munson, Esq.

16

**Baute & Tidus**
777 South Figueroa Street, Suite 4900

17

Los Angeles, CA 90017

18

I declare under penalty of perjury under the laws of the State of California that the foregoing is

19

true and correct. Executed at Los Angeles, California on November ___, 2007.

20

21

22

23

Nena W. Wong

24

25

26

27

28

- 3 –

ANSWER TO COMPLAINT

ORIGINAL

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself [ ])
SYMANTEC CORPORATION

**DEFENDANTS**
V-MICRO, INC., a New Jersey Corporation,
etc., ... [continued on Attachment A]

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Los Angeles, California

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Middlesex County, New Jersey

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Mark D. Baute
BAUTE & TIDUS LLP
777 South Figueroa Street
Suite 4900
Los Angeles, CA  90017
(213) 630-5000

Attorneys (If Known)

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

[ ] 1 U.S. Government Plaintiff   [X] 3  Federal Question
                                         (U.S. Government Not a Party)

[ ] 2 U.S. Government Defendant [ ] 4  Diversity (Indicate Citizenship of
                                         Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV.   ORIGIN** (Place an X in one box only.)

[X] 1 Original
      Proceeding
[ ] 2 Removed from
      State Court
[ ] 3 Remanded from
      Appellate Court
[ ] 4 Reinstated or
      Reopened
[ ] 5 Transferred from
      another district
      (specify):
[ ] 6 Multi-District
      Litigation
[ ] 7 Appeal to District
      Judge from Magistrate
      Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** [X] Yes [ ] No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** [ ] Yes [X] No        [X] **MONEY DEMANDED IN COMPLAINT: $** 10,000,000

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark infringement, 15 U.S.C. Secs. 1051-1157; copyright infringement, 17 U.S.C. Sec. 501;
trafficking in counterfeit labels, etc., 18 U.S.C. Sec. 2318; fraud; unfair competition.

**VII.   NATURE OF SUIT (Place an X in one box only.)**

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| [ ] 400 State Reapportionment | [ ] 110 Insurance | [ ] 310 Airplane | [ ] 370 Other Fraud | [ ] 510 Motions to Vacate | [ ] 710 Fair Labor Standards Act |
| [ ] 410 Antitrust | [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 371 Truth in Lending | Sentence Habeas Corpus | [ ] 720 Labor/Mgmt. Relations |
| [ ] 430 Banks and Banking | [ ] 130 Miller Act | [ ] 320 Assault, Libel & Slander | [ ] 380 Other Personal Property Damage | [ ] 530 General | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act |
| [ ] 450 Commerce/ICC Rates/etc. | [ ] 140 Negotiable Instrument | [ ] 330 Fed. Employers' Liability | [ ] 385 Property Damage Product Liability | [ ] 535 Death Penalty | [ ] 740 Railway Labor Act |
| [ ] 460 Deportation | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 340 Marine | BANKRUPTCY | [ ] 540 Mandamus/Other | [ ] 790 Other Labor Litig. |
| [ ] 470 Racketeer Influenced and Corrupt Organizations | [ ] 151 Medicare Act | [ ] 345 Marine Product Liability | [ ] 422 Appeal 28 USC 158 | [ ] 550 Civil Rights | [ ] 791 Empl. Ret. Inc. Security Act |
| [ ] 480 Consumer Credit | [ ] 152 Recovery of Defaulted Student Loan (Excl. Veterans) | [ ] 350 Motor Vehicle | [ ] 423 Withdrawal 28 USC 157 | [ ] 555 Prison Condition | PROPERTY RIGHTS |
| [ ] 490 Cable/Sat TV | [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/PENALTY | [ ] 820 Copyrights |
| [ ] 810 Selective Service | [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 441 Voting | [ ] 610 Agriculture | [ ] 830 Patent |
| [ ] 850 Securities/Commodities/ Exchange | [ ] 190 Other Contract | [ ] 362 Personal Injury- Med Malpractice | [ ] 442 Employment | [ ] 620 Other Food & Drug | [X] 840 Trademark |
| [ ] 875 Customer Challenge 12 USC 3410 | [ ] 195 Contract Product Liability | [ ] 365 Personal Injury- Product Liability | [ ] 443 Housing/Acco- mmodations | [ ] 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| [ ] 890 Other Statutory Actions | [ ] 196 Franchise | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 444 Welfare | | [ ] 861 HIA (1395ff) |
| [ ] 891 Agricultural Act | REAL PROPERTY | | [ ] 445 American with Disabilities - Employment | [ ] 630 Liquor Laws | [ ] 862 Black Lung (923) |
| [ ] 892 Economic Stabilization Act | [ ] 210 Land Condemnation | | [ ] 446 American with Disabilities - Other | [ ] 640 R.R. & Truck | [ ] 863 DIWC/DIWW (405(g)) |
| [ ] 893 Environmental Matters | [ ] 220 Foreclosure | | [ ] 440 Other Civil Rights | [ ] 650 Airline Regs | [ ] 864 SSID Title XVI |
| [ ] 894 Energy Allocation Act | [ ] 230 Rent Lease & Ejectment | | | [ ] 660 Occupational Safety/Health | [ ] 865 RSI (405(g)) |
| [ ] 895 Freedom of Info. Act | [ ] 240 Torts to Land | | | [ ] 690 Other | FEDERAL TAX SUITS |
| [ ] 900 Appeal of Fee Determina- tion Under Equal Access to Justice | [ ] 245 Tort Product Liability | | | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 950 Constitutionality of State Statutes | [ ] 290 All Other Real Property | | | | [ ] 871 IRS - Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed?  [X] No [ ] Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number: _____

CV-71 (07/05)                        CIVIL COVER SHEET                        Page 1 of 2
                                                                              CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case?    ☒ No    ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above
in a, b or c also is present.

---

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Los Angeles, California

List the California County, or State if other than California, in which **EACH** named defendant resides.    (Use an additional sheet if necessary).

☐ Check here if the U.S. government, its agencies or employees is a named defendant.

V-Micro, Inc., and Oscar Sun = Middlesex County, NJ; Joseph Padrid, Peter Lui,
Ruby Lui, Phoebe Micro Inc., JCIL Computers, Inc. = Alameda County, CA.

**List the California County,** or State if other than California, in which **EACH** claim arose.    (Use an additional sheet if necessary)

**Note:** In land condemnation cases, use the location of the tract of land involved.

Los Angeles, California

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____    **Date** _____

Mark D. Baute

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**UNITED S`    S DISTRICT COURT, CENTRAL DISTRICT OF C.    )RNIA**
**INSTRUCTIO..v FOR ATTORNEYS COMPLETING CIVIL COVER Sr._cT FORM**
Authority for Civil Cover Sheet

The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) PLAINTIFFS - DEFENDANTS. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a Government Agency use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: in land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section ("see attachment"). Refer to Local Rules 83-2.7 and 41-6 for further information regarding change of attorney name, address, firm association, phone number, fax number or e-mail address, and dismissal of action for failure of pro se plaintiff to keep Court apprised of current address.

II. JURISDICTION. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an **"X"** in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States Plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States Defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an **"X"** in this box.

Federal Question. (3) This refers to suits under 28 U.S.C. 1331 where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, and act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code take precedence and box 1 or 2 should be marked.

Diversity of Citizenship. (4) This refers to suits under 28 U.S.C. 1332 where parties are citizens of different states. When box 4 is checked, the citizenship of the different parties must be checked. (See Section III below) (Federal question actions take precedence over diversity cases.)

III. RESIDENCE (CITIZENSHIP) OF PRINCIPAL PARTIES. This section of the CV-71 (JS-44) is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. ORIGIN. Place an **"X"** in one of the seven boxes:

(1) Original Proceedings. Cases which originate in the United States District Courts.

(2) Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.

(3) Remanded from Appellate court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

(4) Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

(5) Transferred from Another District. For cases transferred under Title 28 U.S.C. Section 1404(a). DO NOT use this for within-district transfers or multidistrict litigation transfers. When this box is checked, DO NOT check (6) below.

(6) Multidistrict Litigation. Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, DO NOT check (5) above.

(7) Appeal to District Judge from Magistrate Judge Judgment. Check this box for an appeal from a magistrate judge's decision.

V. REQUESTED IN COMPLAINT.
*Class Action.* Place an **"X"** in this box if you are filing a class action under Rule 23, F.R.Cv.P.
*Demand.* In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.
*Jury Demand.* Check the appropriate box to indicate whether or not a jury is being demanded.

VI. CAUSE OF ACTION. Report the civil statute directly related to the cause of action and give a brief description of the cause of action. Do not cite jurisdictional statues unless diversity.    Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. NATURE OF SUIT. Place an **"X"** in the appropriate box. MARK ONE BOX ONLY. If the cause of action fits more than one nature of suit, select the one that best describes your cause of action.

VIII(a) IDENTICAL CASES. Indicate if an identical action has previously been filed and dismissed, remanded or closed. Insert the docket number and judge's name, if applicable.

VIII(b) RELATED CASES. This section of the CV-71 (JS-44) is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge's name for each case. Check all boxes that apply.

IX. VENUE. This section of the CV-71 (JS-44) is used to identify the correct division in which the case will be filed. Please remember to indicate the residence of EACH plaintiff and defendant and the county or state in which each claim arose.

If the United States government or an agency thereof is a plaintiff or defendant, place an **"X"** in the appropriate box. Indicate the residence of other parties, if any.

In each category: for each party and claim, indicate the county, if in California. If other than California, you need only to list the state or country.

X. Attorney or party appearing pro per must sign and date this form.

,         ‹

| | |
|---|---|
| SYMANTEC CORPORATION, ) | Case No. |
| ) | |
| Plaintiff, ) | |
| ) | **ATTACHMENT A** |
| vs. ) | |
| ) | |
| V-MICRO, INC., a New Jersey ) | |
| Corporation, doing business as ) | |
| Viewmicro; JCIL COMPUTERS, INC., ) | |
| a California Corporation, doing business) | |
| as Infinity Computers; PHOEBE ) | |
| MICRO INC., a California Corporation; ) | |
| OSCAR SUN, an individual, also ) | |
| known as Kuo Ching Sun; JOSEPH ) | |
| PADRID, an individual; PETER LUI, ) | |
| an individual; RUBY LUI, an ) | |
| individual; and DOES 1-20, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## *continuation of Defendants from caption*:

. . . doing business as Viewmicro; JCIL COMPUTERS, INC., a
California Corporation, doing business as Infinity Computers;
PHOEBE MICRO INC., a California Corporation; OSCAR SUN, an
individual, also known as Kuo Ching Sun; JOSEPH PADRID, an
individual; PETER LUI, an individual; RUBY LUI, an individual;
and DOES 1-20, inclusive

BAUTE & TIDUS LLP
Mark D. Baute (State Bar No. 127329)
mbaute@bautelaw.com
Jeffrey A. Tidus (State Bar No. 089585)
jtidus@bautelaw.com
Patrick M. Maloney (State Bar No. 197844)
pmaloney@bautelaw.com
777 South Figueroa Street, Suite 4900
Los Angeles, California 90017
Telephone: (213) 630-5000
Facsimile: (213) 683-1225

Attorneys for Plaintiff
SYMANTEC CORPORATION

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>V-MICRO, INC., a New Jersey Corporation, doing business as Viewmicro; JCIL COMPUTERS, INC., a California Corporation, doing business as Infinity Computers; PHOEBE MICRO INC., a California Corporation; OSCAR SUN, an individual, also known as Kuo Ching Sun; JOSEPH PADRID, an individual; PETER LUI, an individual; RUBY LUI, an individual; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. CV07-05638 SVW (JWJx)<br><br>**PLAINTIFF'S DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. PROC. RULE 7.1** |

2007 AUG 29 PM 12: 21

DOCKETED ON CM

SEP - 7 2007

BY _____ 186

98463.1                                    DISCLOSURE PER RULE 7.1

1       Counsel for Plaintiff SYMANTEC CORPORATION provides this disclosure

2  of ownership pursuant to Fed. R. Civ. Proc. Rule 7.1, based on information published

3  on Symantec Corporation's internet web site.

4       Symantec Corporation has no parent corporation, and no publicly held

5  corporation owns 10% or more of the stock of Symantec Corporation.

6

7  Dated: August 刭, 2007        BAUTE & TIDUS LLP

8

9                     By:    Mark D. Baute

10                      Attorneys for Plaintiff
                              SYMANTEC CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

98463.1                                **DISCLOSURE PER RULE 7.1**

1

2

3

4

5

6

7

8

9

10

11  Symantec Corporation,

12      Plaintiff

13      vs.

14  V-Micro Inc et al,

15      Defendant.

16



FILED
CLERK U.S. DISTRICT COURT

SEP 1 1 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

Priority ___
Send ___
Enter ___
Closed ___
UNITED STATES DISTRICT COURT       JS-5/JS-6 ___
                                   JS-2/JS-3 ___
CENTRAL DISTRICT OF CALIFORNIA     Scan Only ___

CASE NO.: CV07-5638-SVW(JWJx)

NEW CASE ORDER

17      This case has been assigned to the calendar of Judge Stephen V. Wilson. The

18  Court fully adheres to Rule 1 of the Federal Rules of Civil Procedure which requires

19  that the Rules be "construed to secure the just, speedy and inexpensive determination

20  of every action."

21      Counsel should also be guided by the following special requirements:

22      1. The Plaintiff shall promptly serve the complaint in accordance with the Fed.

23  R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.

24      2.    The attorney attending any proceeding before this Court must be the

25  attorney who is primarily responsible for the conduct of the case.

26  ///

27  ///

28  ///

DOCKETED ON CM

SEP 1 2 2007

BY ___ 010

1      3. Motions: Motions shall be filed and set for hearing in accordance with Local
2   Rule 7-4 through 7-8. Motions are heard on Mondays at 1:30 p.m., unless otherwise
3   ordered by this Court. If Monday is a national holiday, this Court DOES NOT hear
4   motions on the succeeding Tuesday. Any motions noticed for a holiday shall
5   automatically be set to the next Monday without further notice to the parties.

6      A. Page Limits: Memoranda of Points and Authorities in support of or in
7   opposition to motions shall not exceed 25 pages. Replies, thereto, shall not exceed
8   12 pages. These are maximum page limits. It is the Court's preference that the
9   pleadings be shorter. If it cannot be said briefly, then it is not a "brief."

10     B. Motions for Summary Judgment: Use of depositions.

11     Pursuant to Local Rule 32-1, no original or copy of a deposition shall be
12   lodged in support of a Motion for Summary Judgment (or other substantive motion).
13   Counsel shall file the pertinent excerpts of depositions as an exhibit or supplement
14   to said motion.

15     4. DISCOVERY: ALL DISCOVERY MATTERS HAVE BEEN REFERRED
16   TO A UNITED STATES MAGISTRATE JUDGE (see initial designation in
17   parenthesis following the case number) for the specific purpose of hearing all
18   discovery matters. Discovery disputes of a significant nature should be brought
19   promptly before the Magistrate Judge. The Court does not look favorably upon delay
20   resulting from unnecessarily unresolved discovery disputes. Any discovery disputes
21   that are not resolved three (3) weeks prior to the scheduled trial date should be
22   brought promptly and directly to the attention of this Court. Counsel are directed to
23   contact the clerk for the assigned Magistrate Judge to schedule matter for hearing.
24   The words DISCOVERY MATTER shall appear in the caption of all documents
25   relating to discovery to insure proper routing.

26     The decision of the Magistrate Judge shall be final and binding, subject to
27   modification by the District Court only where it has been shown that the Magistrate
28   Judge's order is clearly erroneous or contrary to law.

1    Within ten (10) days of an oral ruling which the Magistrate Judge indicates will
2   not be followed by a written ruling, or within ten (10) days of service upon him/her
3   of a written ruling any party may file and serve a motion for review and
4   reconsideration before this Court, specifically designating the portions of the decision
5   objected to and specifying wherein such portions of the decision are clearly erroneous
6   of contrary to law, with points and authorities in support thereof.  A copy of the
7   moving papers and responses, etc., shall be delivered to the Magistrate Judge's clerk
8   for review upon the filing of said documents.

9    5. EX PARTE APPLICATIONS: Ex parte applications are considered on the
10  papers and are not set for hearing. Counsel are advised to file and serve their ex parte
11  applications as soon as they realize that extraordinary relief is necessary. Counsel are
12  advised that this Court allows ex parte applications solely for extraordinary
13  relief. Sanctions may be imposed for misuse of ex parte applications.  See In Re:
14  Intermagnetics America, Inc., 101 Bankr. 191 (C.D. Cal. 1989). The requesting party
15  shall notify the responding party that opposing papers must be filed not later than
16  3:00 p.m. on the first business day succeeding the day the ex parte was served.
17  If counsel are not going to oppose the ex parte application, they must inform the clerk
18  at (213)894-2881. Counsel will be notified by the clerk of the Court's ruling.

19   6. TRIAL PREPARATION: This Court strives to set trial dates as early as
20  possible and does not approve of unnecessarily protracted discovery.  This Court
21  issues an "Order Re: Trial Preparation" upon the setting of a trial date.

22   7. CONTINUANCES: Continuances are granted only upon a showing of good
23  cause, particularly focusing upon evidence of diligent work by the party seeking delay
24  and of prejudice that may result from the denial of a continuance. Counsel requesting
25  a continuance MUST submit a detailed declaration as to the reason.    Any
26  continuances requested not accompanied by said declaration will be rejected without
27  notice to the parties. The Court sets firm trial dates and will not change them without
28  good cause having been shown.

1    8. STIPULATIONS: NO stipulations extending scheduling dates set by this
2  Court are effective unless approved by this Court.    All stipulations must be
3  accompanied by a <u>detailed</u> declaration explaining the reason for the stipulation.  Any
4  stipulation not in compliance with this Order or the Local Rules of the Central
5  District will automatically be rejected without notice to the parties.  Stipulations shall
6  be submitted well in advance of the relief requested.    Counsel wishing to know
7  whether or not a stipulation has been signed shall comply with Local Rule 11-4.5.

8    9. NOTICE: Counsel for plaintiff, or plaintiff, if appearing on his or her own
9  behalf, is required to promptly give notice of these requirements to the opposing
10 parties or their counsel.  If this case came to this Court via a Petition for Removal,
11 this burden falls to the removing defendant.

12    10. NOTICE OF REMOVAL: Any answers filed in state court <u>must</u> be re-
13 filed in this Court as a supplement or exhibit to the Notice.  If an answer has not, as
14 yet, been filed, said answer or responsive pleading shall be filed in accordance with
15 the Federal Rules of Civil Procedure and the Local Rules of the Central District.  Any
16 pending motions must be re-noticed according to Local Rule 7-4.

17    11. BANKRUPTCY APPEALS: Counsel shall comply with the ORDER RE
18 PROCEDURE TO BE FOLLOWED IN APPEAL FROM BANKRUPTCY COURT
19 issued at the time the appeal is filed in the District Court.  The matter is considered
20 submitted upon the filing of the appellant's reply brief.  No oral argument is held
21 unless by order of this Court.

22    12. TRANSCRIPTS: Requests for transcripts shall be made in writing to:
23 Court Reporters Department, U.S. Courthouse, 312 N. Spring St., 4th Fl., Los Angeles,
24 CA 90012.  The Court Reporter Department's telephone number is (213) 894-3015.
25 Arrangements for daily transcripts shall be made not later than five (5) days prior to
26 the hearing or trial to be transcribed.  Requests for daily transcripts made on the day
27 of the hearing/trial to be transcribed may not be honored; it shall be at the discretion
28 of the assigned court reporter.

- 4 -

1     Counsel representing the United States or one of its agencies shall present a

2  preauthorization purchase order when ordering transcripts.

3

4  Dated: September 11, 2007

                           STEPHEN V. WILSON

5                         UNITED STATES DISTRICT JUDGE

- 5 -

ORIGINAL

1  BAUTE & TIDUS LLP
   Mark D. Baute (State Bar No. 127329)
2  mbaute@bautelaw.com
   Jeffrey A. Tidus (State Bar No. 089585)
3  jtidus@bautelaw.com
   Patrick M. Maloney (State Bar No. 197844)
4  pmaloney@bautelaw.com
   777 South Figueroa Street, Suite 4900
5  Los Angeles, California 90017
   Telephone: (213) 630-5000
6  Facsimile: (213) 683-1225

7  Attorneys for Plaintiff
   SYMANTEC CORPORATION

8              UNITED STATES DISTRICT COURT FOR THE
9                 CENTRAL DISTRICT OF CALIFORNIA
                          WESTERN DIVISION
10

11  SYMANTEC CORPORATION,            ) Case No. CV 07-5638 SVW (JWJx)
12                                    ) Complaint Filed August 29, 2007
                   Plaintiff,         ) Hon. Stephen V. Wilson
13                                    )
          vs.                         )
14                                    )
    V-MICRO, INC., a New Jersey       ) **NOTICE OF FILING PROOF OF**
15  Corporation, doing business as    ) **SERVICE OF SUMMONS AND**
    Viewmicro; JCIL COMPUTERS, INC., ) **COMPLAINT ON DEFENDANTS:**
16  a California Corporation, doing business )
    as Infinity Computers; PHOEBE     )     **(1)    V-MICRO, INC. ; AND**
17  MICRO INC., a California Corporation; )   **(2)    OSCAR SUN**
    OSCAR SUN, an individual, also     )
18  known as Kuo Ching Sun; JOSEPH    ) **AND OF FILING ORIGINAL**
    PADRID, an individual; PETER LUI, ) **SUMMONS**
19  an individual; RUBY LUI, an        )
    individual; and DOES 1-20, inclusive, )
20                                    )
                   Defendants.        )
21  _____ )
                                        Courtroom: 6
22

23

24

25

26

27

28



NOTICE OF FILING PROOFS OF SERVICE OF
SUMMONS & COMPLAINT; FILING ORIGINAL SUMMONS

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1  **TO THE COURT, DEFENDANTS, AND THEIR ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE** that Plaintiff, Symantec Corporation, ("Plaintiff"

3  or "Symantec") served the defendants in this matter, as shown below,

4  in the aforementioned case with the Summons, Complaint, and accompanying

5  documents, all of which are described on the proofs of service:

6

7

| DEFENDANT | DATE OF SERVICE |
|---|---|
| V-MICRO, INC., a New Jersey corporation | 8/31/07 |
| OSCAR SUN, an individual | 8/31/07 |

8

9

10

11      Pursuant to Fed. R. Civ. Proc. Rule 5(d), the original Summons is attached

hereto as **Exhibit "A"** and the affidavits of proof of service are attached hereto as

12  **Exhibit "B."**

13

14

15

16  Dated: September _5_ , 2007          BAUTE & TIDUS LLP

17

18                                      By:  _Mark Baute_

19                                           Mark D. Baute
                                             Patrick M. Maloney
20                                           Attorneys for Plaintiff
                                             SYMANTEC CORPORATION

21

22

23

24

25

26

27

28

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

98656.1
USDC Case No. CV 07-5638 SVW (JWJx)          - 1 -          NOTICE OF FILING PROOFS OF SERVICE OF
                                                            SUMMONS & COMPLAINT; FILING ORIGINAL SUMMONS

AO 440 (Rev. 8/01)  Summons in a Civil Actic

# United States District Court

## Central District of California

SYMANTEC CORPORATION

### SUMMONS IN A CIVIL CASE

V.

CASE NUMBER:

V-MICRO, INC., a New Jersey Corporation,
. . . [continued on Attachment A]

CV07-05538 **SVW(JWJx)**

**TO:** (Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Mark D. Baute, Esq.
BAUTE & TIDUS LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA  90017
Telephone:  (213) 630-5000

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**SHERRI R. CARTER**

AUG 2 9 2007

CLERK

DATE

Kendra Bradshaw

(By) DEPUTY CLERK

**EXHIBIT**
# _A_ - p. _2_

AO-440

AO 440 (Rev. 3/01) Summons in a Civil Action

# RETURN OF SERVICE

| Service of the Summons and complaint was made by me [1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                    Date                         *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**EXHIBIT**
# _A_ - p.3

| | |
|---|---|
| SYMANTEC CORPORATION, ) | Case No. |
| ) | |
| Plaintiff, ) | |
| ) | **ATTACHMENT A** |
| vs. ) | |
| ) | |
| V-MICRO, INC., a New Jersey ) | |
| Corporation, doing business as ) | |
| Viewmicro; JCIL COMPUTERS, INC., ) | |
| a California Corporation, doing business) | |
| as Infinity Computers; PHOEBE ) | |
| MICRO INC., a California Corporation; ) | |
| OSCAR SUN, an individual, also ) | |
| known as Kuo Ching Sun; JOSEPH ) | |
| PADRID, an individual; PETER LUI, ) | |
| an individual; RUBY LUI, an ) | |
| individual; and DOES 1-20, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

*continuation of Defendants from caption:*

> . . . doing business as Viewmicro; JCIL COMPUTERS, INC., a
> California Corporation, doing business as Infinity Computers;
> PHOEBE MICRO INC., a California Corporation; OSCAR SUN, an
> individual, also known as Kuo Ching Sun; JOSEPH PADRID, an
> individual; PETER LUI, an individual; RUBY LUI, an individual;
> and DOES 1-20, inclusive

98461.1

**EXHIBIT**

# *A* - p.____

Mark D. Baute
BAUTE & TIDUS LLP
777 South Figueroa Street
Suite 4900
Los Angeles, CA  90017
(213) 630-5000
Plaintiff SYMANTEC CORPORATION

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION | CASE NUMBER: |
| | CV 07-5638 SVW (JWJx) |
| v.                      Plaintiff(s) | |
| V-MICRO, INC., a New Jersey corporation | **PROOF OF SERVICE** |
| (continued on Attachment A) | **SUMMONS AND COMPLAINT** |
| Defendant(s) | (Use separate proof of service for each person/party served) |

1.  At the time of service I was at least 18 years of age and not a party to this action and **I served** copies of the *(specify documents)*:

    a.  [x] summons        [x] complaint        [ ] alias summons        [ ] first amended complaint
                                                                         [ ] second amended complaint
                                                                         [ ] third amended complaint

        [x] other *(specify)*: continued on Attachment B

2.  **Person served:**

    a.  [x] Defendant *(name)*:  OSCAR SUN, an individual, aka Kuo Ching Sun

    b.  [x] Other *(specify name and title or relationship to the party/business named)*: _____

    c.  [X] Address where papers were served:  599 Lexington Avenue, New York, NY 10022

3.  **Manner of Service** in compliance with *(the appropriate box must be checked)*:

    a.  [x] Federal Rules of Civil Procedure
        [ ] California Code of Civil Procedure

4.  I served the person named in Item 2:

    a.  [x] By **Personal service**. By personally delivering copies. If the person is a minor, by leaving copies with a parent, guardian, conservator or similar fiduciary and to the minor if at least twelve (12) years of age.

        1.  [x] Papers were served on *(date)*: August 31, 2007        at *(time)*:  1:15-1:30 p.m.

    b.  [ ] By **Substituted service**. By leaving copies:

        1.  [ ] **(home)** at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household, at least 18 years of age, who was informed of the general nature of the papers.

        2.  [ ] **(business)** or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers.

        3.  [ ] **Papers were served on** *(date)*: _____ at *(time)*: _____

        4.  [ ] **by mailing** *(by first-class mail, postage prepaid)* copies to the person served in Item 2(b) at the place where the copies were left in Item 2(c).

        5.  [ ] **papers were mailed on** (date): _____

        6.  [ ] **due diligence:** I made at least three (3) attempts to personally serve the defendant.

---

| | | |
|---|---|---|
| **CV-1 (04/01)** | **PROOF OF SERVICE - SUMMONS AND COMPLAINT** | **PAGE 1** |
| | **EXHIBIT** | **CCD-1B** |
| | **# _B_ - p. _4_** | |

c. ☐ **Mail and acknowledgment of service.** By mailing *(by first-class mail or airmail, postage prepaid)* copies to the person served, with two (2) copies of the form of Waiver of Service of Summons and Complaint and a return envelope, postage prepaid addressed to the sender. **(Attach completed Waiver of Service of Summons and Complaint).**

d. ☐ **Service on domestic corporation, unincorporated association (including partnership), or public entity. (F.R.Civ.P. 4(h))** **(C.C.P. 416.10)** By delivering, during usual business hours, a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing, by first-class mail, postage prepaid, a copy to the defendant.

e. ☐ **Substituted service on domestic corporation, unincorporated association (including partnership), or public entity.** **(C.C.P. 415.20 only)** By leaving during usual office hours, a copy of the summons and complaint in the office of the person served with the person who apparently was in charge and thereafter by mailing *(by first-class mail, postage prepaid)* copies to the persons at the place where the copies were left in full compliance with C.C.P. 415.20. Substitute service upon the California Secretary of State requires a court order. **(Attach a copy of the order to this Proof of Service).**

f. ☐ **Service on a foreign corporation.** In any manner prescribed for individuals by FRCP 4(f).

g. ☐ **Certified or registered mail service.** By mailing to an address outside California *(by first-class mail, postage prepaid, requiring a return receipt)* copies to the person served. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

h. ☐ **Other** (specify code section and type of service): _____

5. Service upon the United States, and Its Agencies, Corporations or Officers.

a. ☐ by delivering a copy of the summons and complaint to the clerical employee designated by the U.S. Attorney authorized to accept service, pursuant to the procedures for the Office of the U.S. Attorney for acceptance of service, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the U.S. Attorneys Office.

Name of person served: _____

Title of person served: _____

Date and time of service: *(date):* _____ at *(time):* _____

b. ☐ By sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

c. ☐ By sending a copy of the summons and complaint by registered or certified mail to the officer, agency or corporation **(Attach signed return receipt or other evidence of actual receipt by the person served).**

6. At the time of service I was at least 18 years of age and not a party to this action.

7. Person serving *(name, address and telephone number)*:

Mark D. Baute, Esq.

BAUTE & TIDUS LLP

777 South Figueroa Street, Suite 4900

Los Angeles, California 90017

(213) 630-5000

a. Fee for service: $ _____

b. ☒ Not a registered California process server

c. ☐ Exempt from registration under B&P 22350(b)

d. ☐ Registered California process server

8. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Date: September _____, 2007

_____
*(Signature)*

Mark D. Baute

**PROOF OF SERVICE - SUMMONS AND COMPLAINT**

**EXHIBIT**
**# _B_ - p. _5_**

| | | |
|---|---|---|
| SYMANTEC CORPORATION, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ATTACHMENT A** |
| vs. | ) | |
| | ) | |
| V-MICRO, INC., a New Jersey | ) | |
| Corporation, doing business as | ) | |
| Viewmicro; JCIL COMPUTERS, INC., | ) | |
| a California Corporation, doing business) | | |
| as Infinity Computers; PHOEBE | ) | |
| MICRO INC., a California Corporation; ) | | |
| OSCAR SUN, an individual, also | ) | |
| known as Kuo Ching Sun; JOSEPH | ) | |
| PADRID, an individual; PETER LUI, | ) | |
| an individual; RUBY LUI, an | ) | |
| individual; and DOES 1-20, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

*continuation of Defendants from caption*:

> . . . doing business as Viewmicro; JCIL COMPUTERS, INC., a
> California Corporation, doing business as Infinity Computers;
> PHOEBE MICRO INC., a California Corporation; OSCAR SUN, an
> individual, also known as Kuo Ching Sun; JOSEPH PADRID, an
> individual; PETER LUI, an individual; RUBY LUI, an individual;
> and DOES 1-20, inclusive

98461.1

**EXHIBIT**
# _B_ - p. _6_

SYMANTEC CORPORATION,                  )        Case No.
                                       )
              Plaintiff,               )
                                       )        **ATTACHMENT B**
                                       )
       vs.                             )
                                       )
V-MICRO, INC., a New Jersey            )
Corporation, doing business as         )
Viewmicro; JCIL COMPUTERS, INC.,       )
a California Corporation, doing business)
as Infinity Computers; PHOEBE          )
MICRO INC., a California Corporation;   )
OSCAR SUN, an individual, also         )
known as Kuo Ching Sun; JOSEPH         )
PADRID, an individual; PETER LUI,      )
an individual; RUBY LUI, an            )
individual; and DOES 1-20, inclusive,  )
                                       )
              Defendants.              )
_____)

## *CONTINUATION OF LIST OF DOCUMENTS SERVED:*

Civil Cover Sheet; Certification and Notice of Interested Parties
(Local Rule 7.1-1); [blank] Dismissal of Parties Designated by a
Fictitious Name; Notice of Assignment to United States Magistrate
Judge for Discovery; August 15, 2007 Court Letter re ECF filing;
Public Notice - E-Filing of Patent, Trademark and Copyright Cases;
Optical Scanning Enrollment/Update Form; Notice to Counsel;
Clerk's Office Services for Attorneys and the General Public; USDC
Central District of California Civility and Professionalism Guidelines

98461.1                                                *Attachment*
                                                *SYMANTEC v. V-MICRO, INC.*

**EXHIBIT**
# _B_ - p._2_

```
Mark D. Baute
BAUTE & TIDUS LLP
777 South Figueroa Street
Suite 4900
Los Angeles, CA  90017
(213) 630-5000
Plaintiff SYMANTEC CORPORATION
```

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION | CASE NUMBER: |
| | CV 07-5638 SVW (JWJx) |
| v.                    Plaintiff(s) | |
| V-MICRO, INC., a New Jersey corporation | **PROOF OF SERVICE** |
| (continued on Attachment A) | **SUMMONS AND COMPLAINT** |
| | (Use separate proof of service for each person/party served) |
| Defendant(s) | |

1.  At the time of service I was at least 18 years of age and not a party to this action and I served copies of the *(specify documents)*:

    a.  [x] summons    [x] complaint    [ ] alias summons    [ ] first amended complaint
    [ ] second amended complaint
    [ ] third amended complaint

    [x] other *(specify)*:  continued on Attachment B

2.  **Person served:**

    a.  [x] Defendant *(name)*: V-MICRO, INC., a New Jersey corporation

    b.  [x] Other *(specify name and title or relationship to the party/business named)*: Service upon V-MICRO, INC. was accepted by OSCAR SUN, the owner of V-MICRO, INC.

    c.  [X] Address where papers were served: 599 Lexington Avenue, New York, NY 10022

3.  **Manner of Service** in compliance with *(the appropriate box must be checked)*:

    a.  [x] Federal Rules of Civil Procedure
    [ ] California Code of Civil Procedure

4.  **I served the person named in Item 2:**

    a.  [x] **By Personal service.** By personally delivering copies. If the person is a minor, by leaving copies with a parent, guardian, conservator or similar fiduciary and to the minor if at least twelve (12) years of age.

    1.  [x] **Papers were served on** *(date)*: August 31, 2007            at *(time)*:  1:15-1:30 p.m.

    b.  [ ] **By Substituted service.** By leaving copies:

    1.  [ ] **(home)** at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household, at least 18 years of age, who was informed of the general nature of the papers.

    2.  [ ] **(business)** or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers.

    3.  [ ] **Papers were served on** *(date)*: _____ at *(time)*: _____

    4.  [ ] **by mailing** *(by first-class mail, postage prepaid)* copies to the person served in Item 2(b) at the place where the copies were left in Item 2(c).

    5.  [ ] **papers were mailed on** (date): _____

    6.  [ ] **due diligence:** I made at least three (3) attempts to personally serve the defendant.

c. ☐ **Mail and acknowledgment of service.** By mailing *(by first-class mail or airmail, postage prepaid)* copies to the person served, with two (2) copies of the form of Waiver of Service of Summons and Complaint and a return envelope, postage prepaid addressed to the sender. **(Attach completed Waiver of Service of Summons and Complaint).**

d. ☐ **Service on domestic corporation, unincorporated association (including partnership), or public entity. (F.R.Civ.P. 4(h))** **(C.C.P. 416.10)** By delivering, during usual business hours, a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing, by first-class mail, postage prepaid, a copy to the defendant.

e. ☐ **Substituted service on domestic corporation, unincorporated association (including partnership), or public entity.** **(C.C.P. 415.20 only)** By leaving during usual office hours, a copy of the summons and complaint in the office of the person served with the person who apparently was in charge and thereafter by mailing *(by first-class mail, postage prepaid)* copies to the persons at the place where the copies were left in full compliance with C.C.P. 415.20. Substitute service upon the California Secretary of State requires a court order. **(Attach a copy of the order to this Proof of Service).**

f. ☐ **Service on a foreign corporation.** In any manner prescribed for individuals by FRCP 4(f).

g. ☐ **Certified or registered mail service.** By mailing to an address outside California *(by first-class mail, postage prepaid, requiring a return receipt)* copies to the person served. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

h. ☐ **Other** (specify code section and type of service): _____

5. Service upon the **United States, and Its Agencies, Corporations or Officers.**

   a. ☐ by delivering a copy of the summons and complaint to the clerical employee designated by the U.S. Attorney authorized to accept service, pursuant to the procedures for the Office of the U.S. Attorney for acceptance of service, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the U.S. Attorneys Office.

      Name of person served: _____

      Title of person served: _____

      Date and time of service: *(date):* _____ at *(time):* _____

   b. ☐ By sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

   c. ☐ By sending a copy of the summons and complaint by registered or certified mail to the officer, agency or corporation **(Attach signed return receipt or other evidence of actual receipt by the person served).**

6. At the time of service I was at least 18 years of age and not a party to this action.

7. Person serving *(name, address and telephone number)*:

   <u>Mark D. Baute, Esq.</u>
   <u>BAUTE & TIDUS LLP</u>
   <u>777 South Figueroa Street, Suite 4900</u>
   <u>Los Angeles, California 90017</u>
   (213) 630-5000

   a. Fee for service: $ _____
   b. ☒ Not a registered California process server
   c. ☐ Exempt from registration under B&P 22350(b)
   d. ☐ Registered California process server

8. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Date: <u>September          , 2007</u>

_____
*(Signature)*
Mark D. Baute

**EXHIBIT**
# *B* - p. *9*

SYMANTEC CORPORATION,          )     Case No.
                               )
        Plaintiff,             )
                               )     **ATTACHMENT A**
    vs.                        )
                               )
V-MICRO, INC., a New Jersey    )
Corporation, doing business as )
Viewmicro; JCIL COMPUTERS, INC., )
a California Corporation, doing business)
as Infinity Computers; PHOEBE  )
MICRO INC., a California Corporation; )
OSCAR SUN, an individual, also )
known as Kuo Ching Sun; JOSEPH )
PADRID, an individual; PETER LUI, )
an individual; RUBY LUI, an    )
individual; and DOES 1-20, inclusive, )
                               )
        Defendants.            )
_____)

*continuation of Defendants from caption:*

        . . . doing business as Viewmicro; JCIL COMPUTERS, INC., a
        California Corporation, doing business as Infinity Computers;
        PHOEBE MICRO INC., a California Corporation; OSCAR SUN, an
        individual, also known as Kuo Ching Sun; JOSEPH PADRID, an
        individual; PETER LUI, an individual; RUBY LUI, an individual;
        and DOES 1-20, inclusive

98461.1                                              *Attachment*
                                             *SYMANTEC v. V-MICRO, INC.*

**EXHIBIT**
**#  B  - p. 10**

1      **PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3          I am employed in the aforesaid County, State of California; I am over the age
4    and not a party to the within action; my business address is

5    ✓️      BAUTE & TIDUS LLP
            777 South Figueroa Street, Suite 4900
6          Los Angeles, CA 90017
            Tel: (213) 630-5000
7

8    ___    ACE MESSENGER AND ATTORNEY SERVICE, INC.
            811 Wilshire Boulevard, Suite 900
9          Los Angeles, CA 90017
            Tel: (213) 623-3979
10

11         I served the following listed documents on the interested parties in this action
       as follows:
12

13                    <u>SYMANTEC v. V-MICRO</u>
                   Case No.  CV 07-5638 SVW (JWJx)
14                           [1740.40]

15              **NOTICE OF FILING PROOF OF SERVICE OF SUMMONS**
              **AND COMPLAINT ON DEFENDANTS:**
16                    **(1)    V-MICRO, INC. ; AND**
                    **(2)    OSCAR SUN**
17            **AND OF FILING ORIGINAL SUMMONS**

18
       ___   By Personal Service I caused such envelope to be delivered by hand to the
19          interested party as listed below.

20    ___   By Facsimile to the names and fax numbers listed below.

21    ___   By Federal Express ~ Next Business Day Delivery: by placing a true copy
            thereof in a sealed envelope(s) and addressed to the parties listed below.
22

23    ✓️    By Mail: by placing a true copy thereof in a sealed envelope and addressed to
            the parties listed below.  I placed such envelope(s) for deposit in the U.S. Mail
24          for service by the United States Postal Service, with postage thereon fully
            prepaid.

25         I am "readily familiar" with this firm's practice of collection and processing
       correspondence for mailing.  Under that practice, it would be deposited with
26     the U.S. Postal Service on that same day with postage thereon fully prepaid at
       Los Angeles, California, in the ordinary course of business.  I am aware that,
27     on motion of the party served, service is presumed invalid if postal cancellation
       date or postage meter date is more than one day after the date of deposit for
28     mailing in affidavit.

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1

2    ___    By E-Mail: I caused the above-referenced document(s) to be e-mailed to the parties listed below, as noted.

3

4    Weicheng Wang, Esq.                    *Attorneys for Defendants*
      LAW OFFICES OF WEICHENG              *V-MICRO, INC., and OSCAR SUN*
5    WANG
      Turnpike Plaza
6    197 Route 18, Suite 309
      East Brunswick, NJ 08816
7            Tel:   (732) 418-8865
             Fax:   (732) 418-8879
8            wangwesq@aol.com

9
      [Rev. September 5, 2007]
10

11
      ☐    (STATE) I declare under penalty of perjury under the laws of the State of
12    California that the foregoing is true and correct.

13
      ☒    (FEDERAL) I hereby certify that I am employed in the office of a member of
14    the Bar of this Court at whose direction the service was made, and I certify under
      penalty of perjury that the foregoing is true and correct.
15
      ☐    (FEDERAL - ATTORNEY) I hereby certify that I am a member of the Bar of
16    the United States District Court, ***Central District*** of California, and I certify under
      penalty of perjury that the foregoing is true and correct.
17

18         Executed on  9/5/07      at Los Angeles, California.

19
            Kirsten DeVere
20    _____         _____
      *print name*                          *signature*
21

22

23

24

25

26

27

28

USDC Case No. CV 07-5638 SVW (JWJx)              /3                     · PROOF OF SERVICE
98656.1

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

ORIGINAL

BAUTE & TIDUS LLP
Mark D. Baute (State Bar No. 127329)
mbaute@bautelaw.com
Jeffrey A. Tidus (State Bar No. 089585)
jtidus@bautelaw.com
Patrick M. Maloney (State Bar No. 197844)
pmaloney@bautelaw.com
777 South Figueroa Street, Suite 4900
Los Angeles, California 90017
Telephone: (213) 630-5000
Facsimile: (213) 683-1225

Attorneys for Plaintiff
SYMANTEC CORPORATION

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>V-MICRO, INC., a New Jersey Corporation, doing business as Viewmicro; JCIL COMPUTERS, INC., a California Corporation, doing business as Infinity Computers; PHOEBE MICRO INC., a California Corporation; OSCAR SUN, an individual, also known as Kuo Ching Sun; JOSEPH PADRID, an individual; PETER LUI, an individual; RUBY LUI, an individual; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. CV 07-5638 SVW (JWJx)<br>Complaint Filed August 29, 2007<br>Hon. Stephen V. Wilson<br><br>**NOTICE OF FILING PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANTS:**<br><br>(1)  **JCIL COMPUTERS, INC., dba INFINITY COMPUTERS**<br>(2)  **PHOEBE MICRO, INC.**<br>(3)  **JOSEPH PADRID**<br>(4)  **PETER LIU**<br>(5)  **RUBY LIU**<br><br>Courtroom: 6 |



DOCKETED ON CM

OCT 1 2 2007

BY                    014

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1  **TO THE COURT, DEFENDANTS, AND THEIR ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE** that Plaintiff, Symantec Corporation, ("Plaintiff"

3  or "Symantec") served the defendants in this matter, as shown below,

4  in the aforementioned case with the Summons, Complaint, and accompanying

5  documents, all of which are described on the proofs of service:

6

7

| DEFENDANT | DATE OF SERVICE |
|---|---|
| JCIL COMPUTERS, INC., a California | 9/18/07, by personal service |
| Corporation, dba Infinity Computers | |
| JOSEPH PADRID, an Individual | 9/18/07, by personal service |
| PHOEBE MICRO, INC., a California | 9/18/07, by personal service |
| Corporation | |
| PETER LUI, an Individual | 9/18/07, by personal service |
| RUBY LUI, an Individual | 9/21/07, by sub-service, with |
| | completion 10 days after |
| | mailing, *i.e.*, October 1, 2007 |

17      Pursuant to Fed. R. Civ. Proc. Rule 5(d), the affidavits of proof of service are

18  attached hereto as **Exhibit "A."**

19

20

21

22  Dated:   October 8, 2007                    BAUTE & TIDUS LLP

23

24                                    By:   ~~Marlé Baute~~

25                                          Mark D. Baute
                                            Patrick M. Maloney
26                                          Attorneys for Plaintiff
                                            SYMANTEC CORPORATION
27

28

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

c.   ☐   **Mail and acknowledgment of service.** By mailing *(by first-class mail or airmail, postage prepaid)* copies to the person served, with two (2) copies of the form of Waiver of Service of Summons and Complaint and a return envelope, postage prepaid addressed to the sender. **(Attach completed Waiver of Service of Summons and Complaint).**

d.   ☐   **Service on domestic corporation, unincorporated association (including partnership), or public entity. (F.R.Civ.P. 4(h)) (C.C.P. 416.10)** By delivering, during usual business hours, a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing, by first-class mail, postage prepaid, a copy to the defendant.

e.   ☐   **Substituted service on domestic corporation, unincorporated association (including partnership), or public entity.** **(C.C.P. 415.20 only)** By leaving during usual office hours, a copy of the summons and complaint in the office of the person served with the person who apparently was in charge and thereafter by mailing *(by first-class mail, postage prepaid)* copies to the persons at the place where the copies were left in full compliance with C.C.P. 415.20. Substitute service upon the California Secretary of State requires a court order. **(Attach a copy of the order to this Proof of Service).**

f.   ☐   **Service on a foreign corporation.** In any manner prescribed for individuals by FRCP 4(f).

g.   ☐   **Certified or registered mail service.** By mailing to an address outside California *(by first-class mail, postage prepaid, requiring a return receipt)* copies to the person served. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

h.   ☐   **Other** (specify code section and type of service):

5.   Service upon the **United States, and Its Agencies, Corporations or Officers.**

a.   ☐   by delivering a copy of the summons and complaint to the clerical employee designated by the U.S. Attorney authorized to accept service, pursuant to the procedures for the Office of the U.S. Attorney for acceptance of service, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the U.S. Attorneys Office.

Name of person served:

Title of person served:

Date and time of service:  *(date)*: _____ _____ at *(time)*: _____

b.   ☐   By sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

c.   ☐   By sending a copy of the summons and complaint by registered or certified mail to the officer, agency or corporation **(Attach signed return receipt or other evidence of actual receipt by the person served).**

6.   At the time of service I was at least 18 years of age and not a party to this action.

7.   Person serving *(name, address and telephone number)*:

```
Brad Lasker, Ace Messenger & Attorney
Service, Inc.  (415) 556-1000
149 9th Street, Suite 204
San Francisco, California 94102
Reg.#: 20006-0000994
County: San Francisco
```

a.   Fee for service:  $

b.   ☐   Not a registered California process server

c.   ☐   Exempt from registration under B&P 22350(b)

d.   ☒   Registered California process server

8.   ☐   I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Date: September 21, 2007

_____
*(Signature)*

**PROOF OF SERVICE - SUMMONS AND COMPLAINT**

**EXHIBIT**
# _A_ - p. _3_

# ATTACHED LIST OF DOCUMENTS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

## SYMANTEC CORPORATION     V.
## V-MICRO, INC., a New Jersey Corporation, doing business as
## VIEWMICRO, et. al.

## CASE NUMBER: CV07- 05638 SVW (JWJx)

1.    UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF
      CALIFORNIA CIVIL COVER SHEET;

2.    UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF
      CALIFORNIA NOTICE OF INTERESTED PARTIES;

3.    UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF
      CALIFORNIA DISMISSAL OF PARTIES DESIGNATED BY
      FICTITIOUS NAME;

4.    UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF
      CALIFORNIA NOTICE OF ASSIGNMENT TO UNITED STATES
      MAGISTRATE JUDGE FOR DISCOVERY;

5.    UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF
      CALIFORNIA COURT INFORMATION SHEET;

6.    UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF
      CALIFORNIA NEW CASE ORDER;

7.    NOTICE RE E-FILING OF PATENT, TRADEMARK AND COPY-
      RIGHT CASES

EXHIBIT
# *A* - p._ 4

```
BAUTE & TIDUS LLP
Mark D. Baute, Esq. (SBN 127329)
Jeffrey A. Tidus, LLP (SBN 089585)
801 South Figueroa Street, Suite 1100
Los Angeles, California 90017
Tel. No.: (213) 630-5000
Fax No.:  (213) 683-1225
Attorney(s) for: Plaintiff
```

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION, <br><br> Plaintiff(s) <br><br> v. <br><br> V-MICRO, INC., a New Jersey Corporation, <br><br> Defendant(s) | **CASE NUMBER:** <br> CV07-05638 SVW (JWJx) <br><br> **PROOF OF SERVICE** <br> **SUMMONS AND COMPLAINT** <br> (Use separate proof of service for each person/party served) |

1.  At the time of service I was at least 18 years of age and not a party to this action and **I served** copies of the *(specify documents)*:

    a.  ☒ summons          ☒ complaint          ☐ alias summons          ☐ first amended complaint
                                                                            ☐ second amended complaint
                                                                            ☐ third amended complaint

    ☒ other *(specify)*: SEE ATTACHED LIST

2.  **Person served:**

    a.  ☒ Defendant *(name)*: Joseph Padrid

    b.  ☐ Other *(specify name and title or relationship to the party/business named)*:

    c.  ☒ Address where papers were served: 1661 Industrial Parkway W, Hayward, CA 94544-7046

3.  **Manner of Service** in compliance with *(the appropriate box must be checked)*:

    a.  ☒ Federal Rules of Civil Procedure

    b.  ☐ California Code of Civil Procedure

4.  **I served** the person named in Item 2:

    a.  ☒ By **Personal service**. By personally delivering copies. If the person is a minor, by leaving copies with a parent, guardian, conservator or similar fiduciary and to the minor if at least twelve (12) years of age.

        1.  ☒ **Papers were served on** *(date)*:_____09/18/07_____ at *(time)*:__3:00 p.m.__

    b.  ☐ By **Substituted service**. By leaving copies:

        1.  ☐ **(home)** at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household, at least 18 years of age, who was informed of the general nature of the papers.

        2.  ☐ **(business)** or a person apparently in charge of the office of place of business, at least 18 years of age, who was informed of the general nature of the papers.

        3.  ☐ **Papers were served on** *(date)*: _____ at *(time)*: _____

        4.  ☐ **by mailing** *(by first-class mail, postage prepaid)* copies to the person served in Item 2(b) at the place where the copies were left in Item 2(c).

        5.  ☐ **papers were mailed** on (date): _____

        6.  ☐ **due diligence**. I made at least three (3) attempts to personally serve the defendant.

---

**PROOF OF SERVICE - SUMMONS AND COMPLAINT**

**EXHIBIT**
**# A - p. 5**

c. ☐ **Mail and acknowledgment of service.** By mailing *(by first-class mail or airmail, postage prepaid)* copies to the person served, with two (2) copies of the form of Waiver of Service of Summons and Complaint and a return envelope, postage prepaid addressed to the sender. **(Attach completed Waiver of Service of Summons and Complaint).**

d. ☐ **Service on domestic corporation, unincorporated association (including partnership), or public entity. (F.R.Civ.P. 4(h)) (C.C.P. 416.10)** By delivering, during usual business hours, a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing, by first-class mail, postage prepaid, a copy to the defendant.

e. ☐ **Substituted service on domestic corporation, unincorporated association (including partnership), or public entity. (C.C.P. 415.20 only)** By leaving during usual office hours, a copy of the summons and complaint in the office of the person served with the person who apparently was in charge and thereafter by mailing *(by first-class mail, postage prepaid)* copies to the persons at the place where the copies were left in full compliance with C.C.P. 415.20. Substitute service upon the California Secretary of State requires a court order. **(Attach a copy of the order to this Proof of Service).**

f. ☐ **Service on a foreign corporation.** In any manner prescribed for individuals by FRCP 4(f).

g. ☐ **Certified or registered mail service.** By mailing to an address outside California *(by first-class mail, postage prepaid, requiring a return receipt)* copies to the person served. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

h. ☐ **Other** (specify code section and type of service):

5. Service upon the **United States, and Its Agencies, Corporations or Officers**.

a. ☐ by delivering a copy of the summons and complaint to the clerical employee designated by the U.S. Attorney authorized to accept service, pursuant to the procedures for the Office of the U.S. Attorney for acceptance of service, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the U.S. Attorneys Office.

Name of person served:

Title of person served:

Date and time of service:   *(date)*: _____ at *(time)*: _____

b. ☐ By sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

c. ☐ By sending a copy of the summons and complaint by registered or certified mail to the officer, agency or corporation **(Attach signed return receipt or other evidence of actual receipt by the person served).**

6. At the time of service I was at least 18 years of age and not a party to this action.

7. Person serving *(name, address and telephone number)*:

Brad Lasker, Ace Messenger & Attorney Service, Inc.   (415) 556-1000
149 9th Street, Suite 204
San Francisco, California 94102
Reg.#: 20006-0000994
County: San Francisco

a. Fee for service: $

b. ☐  Not a registered California process server

c. ☐  Exempt from registration under B&P 22350(b)

d. ☒  Registered California process server

8. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Date: September 21, 2007

_____
*(Signature)*

**PROOF OF SERVICE - SUMMONS AND COMPLAINT**

**EXHIBIT**
**# _A_ - p. _L_**

## ATTACHED LIST OF DOCUMENTS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

## SYMANTEC CORPORATION      V.
## V-MICRO, INC., a New Jersey Corporation, doing business as
## VIEWMICRO, et. al.

## CASE NUMBER: CV07- 05638 SVW (JWJx)

1.    UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA CIVIL COVER SHEET;

2.    UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA NOTICE OF INTERESTED PARTIES;

3.    UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA DISMISSAL OF PARTIES DESIGNATED BY FICTITIOUS NAME;

4.    UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY;

5.    UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA COURT INFORMATION SHEET;

6.    UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA NEW CASE ORDER;

7.    NOTICE RE E-FILING OF PATENT, TRADEMARK AND COPY-RIGHT CASES

EXHIBIT
# A - p. 7

```
BAUTE & TIDUS LLP
Mark D. Baute, Esq. (SBN 127329)
Jeffrey A. Tidus, LLP (SBN 089585)
801 South Figueroa Street, Suite 1100
Los Angeles, California 90017
Tel. No.: (213) 630-5000
Fax No.:  (213) 683-1225
Attorney(s) for: Plaintiff
```

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>Plaintiff(s)<br><br>v.<br><br>V-MICRO, INC., a New Jersey Corporation,<br><br>Defendant(s) | **CASE NUMBER:**<br>CV07-05638 SVW (JWJx)<br><br>**PROOF OF SERVICE**<br>**SUMMONS AND COMPLAINT**<br>(Use separate proof of service for each person/party served) |

1. At the time of service I was at least 18 years of age and not a party to this action and **I served** copies of the *(specify documents)*:
   - a. ☒ summons  ☒ complaint  ☐ alias summons  ☐ first amended complaint
     - ☐ second amended complaint
     - ☐ third amended complaint
   - ☒ other *(specify)*: SEE ATTACHED LIST

2. **Person served:**
   - a. ☒ Defendant *(name)*: Phoebe Micro, Inc.
   - b. ☒ Other *(specify name and title or relationship to the party/business named)*:
     Peter Lui, President, authorized person to accept service of process
   - c. ☒ Address where papers were served: 47606 Kato Road, Fremont, CA 94538-7305

3. **Manner of Service** in compliance with *(the appropriate box must be checked)*:
   - a. ☒ Federal Rules of Civil Procedure
   - b. ☐ California Code of Civil Procedure

4. **I served** the person named in Item 2:
   - a. ☒ By **Personal service**. By personally delivering copies. If the person is a minor, by leaving copies with a parent, guardian, conservator or similar fiduciary and to the minor if at least twelve (12) years of age.
     1. ☒ **Papers were served on** *(date)*: ___09/18/07___ at *(time)*: _2:30 p.m._
   - b. ☐ By **Substituted service**. By leaving copies:
     1. ☐ **(home)** at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household, at least 18 years of age, who was informed of the general nature of the papers.
     2. ☐ **(business)** or a person apparently in charge of the office of place of business, at least 18 years of age, who was informed of the general nature of the papers.
     3. ☐ **Papers were served on** *(date)*: _____ at *(time)*: _____
     4. ☐ **by mailing** *(by first-class mail, postage prepaid)* copies to the person served in Item 2(b) at the place where the copies were left in Item 2(c).
     5. ☐ **papers were mailed** on (date): _____
     6. ☐ **due diligence**. I made at least three (3) attempts to personally serve the defendant.

CV-1 (04/01)

EXHIBIT
# A - p. 8

# ATTACHED LIST OF DOCUMENTS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

## SYMANTEC CORPORATION     V.
## V-MICRO, INC., a New Jersey Corporation, doing business as
## VIEWMICRO, et. al.

### CASE NUMBER: CV07- 05638 SVW (JWJx)

1. UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA CIVIL COVER SHEET;

2. UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA NOTICE OF INTERESTED PARTIES;

3. UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA DISMISSAL OF PARTIES DESIGNATED BY FICTITIOUS NAME;

4. UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY;

5. UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA COURT INFORMATION SHEET;

6. UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA NEW CASE ORDER;

7. NOTICE RE E-FILING OF PATENT, TRADEMARK AND COPY-RIGHT CASES

EXHIBIT
# _A_ - p. _9_

c. ☐ **Mail and acknowledgment of service.** By mailing *(by first-class mail or airmail, postage prepaid)* copies to the person served, with two (2) copies of the form of Waiver of Service of Summons and Complaint and a return envelope, postage prepaid addressed to the sender. **(Attach completed Waiver of Service of Summons and Complaint).**

d. ☐ **Service on domestic corporation, unincorporated association (including partnership), or public entity. (F.R.Civ.P. 4(h)) (C.C.P. 416.10)** By delivering, during usual business hours, a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing, by first-class mail, postage prepaid, a copy to the defendant.

e. ☐ **Substituted service on domestic corporation, unincorporated association (including partnership), or public entity. (C.C.P. 415.20 only)** By leaving during usual office hours, a copy of the summons and complaint in the office of the person served with the person who apparently was in charge and thereafter by mailing *(by first-class mail, postage prepaid)* copies to the persons at the place where the copies were left in full compliance with C.C.P. 415.20. Substitute service upon the California Secretary of State requires a court order. **(Attach a copy of the order to this Proof of Service).**

f. ☐ **Service on a foreign corporation.** In any manner prescribed for individuals by FRCP 4(f).

g. ☐ **Certified or registered mail service.** By mailing to an address outside California *(by first-class mail, postage prepaid, requiring a return receipt)* copies to the person served. **(Attach signed return receipt or other evidence of actual receipt by the person served)**.

h. ☐ **Other** (specify code section and type of service):

5. Service upon the **United States, and Its Agencies, Corporations or Officers**.

a. ☐ by delivering a copy of the summons and complaint to the clerical employee designated by the U.S. Attorney authorized to accept service, pursuant to the procedures for the Office of the U.S. Attorney for acceptance of service, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the U.S. Attorneys Office.

Name of person served:

Title of person served:

Date and time of service:  *(date)*: _____  at *(time)*: _____

b. ☐ By sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. **(Attach signed return receipt or other evidence of actual receipt by the person served)**.

c. ☐ By sending a copy of the summons and complaint by registered or certified mail to the officer, agency or corporation **(Attach signed return receipt or other evidence of actual receipt by the person served)**.

6. At the time of service I was at least 18 years of age and not a party to this action.

7. Person serving *(name, address and telephone number)*:

Brad Lasker, Ace Messenger & Attorney
Service, Inc.   (415) 556-1000
149 9th Street, Suite 204
San Francisco, California 94102
Reg.#: 20006-0000994
County: San Francisco

a. Fee for service: $

b. ☐ Not a registered California process server

c. ☐ Exempt from registration under B&P 22350(b)

d. ☒ Registered California process server

8. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Date: September 21, 2007

_____
*(Signature)*

**PROOF OF SERVICE - SUMMONS AND COMPLAINT**

CV-1 (04/01)                                                                                          PAGE 2

**EXHIBIT**
# _A_ - p. _10_

```
BAUTE & TIDUS LLP
Mark D. Baute, Esq. (SBN 127329)
Jeffrey A. Tidus, LLP (SBN 089585)
801 South Figueroa Street, Suite 1100
Los Angeles, California 90017
Tel. No.: (213) 630-5000
Fax No.:  (213) 683-1225
Attorney(s) for: Plaintiff
```

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| SYMANTEC CORPORATION, | **CASE NUMBER:** |
|---|---|
| Plaintiff(s) | CV07-05638 SVW (JWJx) |
| v. | |
| V-MICRO, INC., a New Jersey Corporation, | **PROOF OF SERVICE**<br>**SUMMONS AND COMPLAINT**<br>(Use separate proof of service for each person/party served) |
| Defendant(s) | |

1.  At the time of service I was at least 18 years of age and not a party to this action and **I served** copies of the *(specify documents)*:

    a.  [X] summons  [X] complaint  [ ] alias summons  [ ] first amended complaint
    [ ] second amended complaint
    [ ] third amended complaint

    [X] other *(specify)*: SEE ATTACHED LIST

2.  **Person served:**

    a.  [X] Defendant *(name)*: Peter Lui, an individual
    b.  [ ] Other *(specify name and title or relationship to the party/business named)*:

    c.  [X] Address where papers were served: 47606 Kato Road, Fremont, CA 94538-7305

3.  **Manner of Service** in compliance with *(the appropriate box **must** be checked)*:

    a.  [X] Federal Rules of Civil Procedure
    b.  [ ] California Code of Civil Procedure

4.  **I served** the person named in Item 2:

    a.  [X] By **Personal service**. By personally delivering copies. If the person is a minor, by leaving copies with a parent, guardian, conservator or similar fiduciary and to the minor if at least twelve (12) years of age.

    1.  [X] **Papers were served on** *(date)*: 09/18/07  at *(time)*: 2:30 p.m.

    b.  [ ] By **Substituted service**. By leaving copies:

    1.  [ ] **(home)** at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household, at least 18 years of age, who was informed of the general nature of the papers.

    2.  [ ] **(business)** or a person apparently in charge of the office of place of business, at least 18 years of age, who was informed of the general nature of the papers.

    3.  [ ] **Papers were served on** *(date)*: _____ at *(time)*: _____

    4.  [ ] **by mailing** *(by first-class mail, postage prepaid)* copies to the person served in Item 2(b) at the place where the copies were left in Item 2(c).

    5.  [ ] **papers were mailed** on (date): _____

    6.  [ ] **due diligence**. I made at least three (3) attempts to personally serve the defendant.

---

**PROOF OF SERVICE - SUMMONS AND COMPLAINT**

EXHIBIT
# *A* - p. *11*

c. ☐ **Mail and acknowledgment of service.** By mailing *(by first-class mail or airmail, postage prepaid)* copies to the person served, with two (2) copies of the form of Waiver of Service of Summons and Complaint and a return envelope, postage prepaid addressed to the sender. **(Attach completed Waiver of Service of Summons and Complaint).**

d. ☐ **Service on domestic corporation, unincorporated association (including partnership), or public entity. (F.R.Civ.P. 4(h)) (C.C.P. 416.10)** By delivering, during usual business hours, a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing, by first-class mail, postage prepaid, a copy to the defendant.

e. ☐ **Substituted service on domestic corporation, unincorporated association (including partnership), or public entity. (C.C.P. 415.20 only)** By leaving during usual office hours, a copy of the summons and complaint in the office of the person served with the person who apparently was in charge and thereafter by mailing *(by first-class mail, postage prepaid)* copies to the persons at the place where the copies were left in full compliance with C.C.P. 415.20. Substitute service upon the California Secretary of State requires a court order. **(Attach a copy of the order to this Proof of Service).**

f. ☐ **Service on a foreign corporation.** In any manner prescribed for individuals by FRCP 4(f).

g. ☐ **Certified or registered mail service.** By mailing to an address outside California *(by first-class mail, postage prepaid, requiring a return receipt)* copies to the person served. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

h. ☐ **Other** (specify code section and type of service):

5. Service upon the **United States, and Its Agencies, Corporations or Officers.**

a. ☐ by delivering a copy of the summons and complaint to the clerical employee designated by the U.S. Attorney authorized to accept service, pursuant to the procedures for the Office of the U.S. Attorney for acceptance of service, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the U.S. Attorneys Office.

   Name of person served:

   Title of person served:

   Date and time of service: *(date)*: _____ at *(time)*: _____

b. ☐ By sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

c. ☐ By sending a copy of the summons and complaint by registered or certified mail to the officer, agency or corporation **(Attach signed return receipt or other evidence of actual receipt by the person served).**

6. At the time of service I was at least 18 years of age and not a party to this action.

7. Person serving *(name, address and telephone number)*:

Brad Lasker, Ace Messenger & Attorney
Service, Inc.   (415) 556-1000
149 9th Street, Suite 204
San Francisco, California 94102
Reg.#: 20006-0000994
County: San Francisco

a. Fee for service: $

b. ☐  Not a registered California process server

c. ☐  Exempt from registration under B&P 22350(b)

d. ☒  Registered California process server

8. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Date: September 21, 2007

_____
*(Signature)*

**PROOF OF SERVICE - SUMMONS AND COMPLAINT**

PAGE 2

**EXHIBIT**
**# 4 - p. 12**

# ATTACHED LIST OF DOCUMENTS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

## SYMANTEC CORPORATION    V.
## V-MICRO, INC., a New Jersey Corporation, doing business as VIEWMICRO, et. al.

## CASE NUMBER: CV07- 05638 SVW (JWJx)

1.    UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA CIVIL COVER SHEET;

2.    UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA NOTICE OF INTERESTED PARTIES;

3.    UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA DISMISSAL OF PARTIES DESIGNATED BY FICTITIOUS NAME;

4.    UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY;

5.    UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA COURT INFORMATION SHEET;

6.    UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF CALIFORNIA NEW CASE ORDER;

7.    NOTICE RE E-FILING OF PATENT, TRADEMARK AND COPY-RIGHT CASES

BAUTE & TIDUS LLP
Mark D. Baute, Esq. (SBN 127329)
Jeffrey A. Tidus, LLP (SBN 089585)
801 South Figueroa Street, Suite 1100
Los Angeles, California 90017
Tel. No.: (213) 630-5000
Fax No.: (213) 683-1225
Attorney(s) for: Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>Plaintiff(s)<br><br>v.<br><br>V-MICRO, INC., a New Jersey Corporation,<br><br>Defendant(s) | **CASE NUMBER:**<br>CV07-05638 SVW (JWJx)<br><br>**PROOF OF SERVICE**<br>**SUMMONS AND COMPLAINT**<br>(Use separate proof of service for each person/party served) |

1. At the time of service I was at least 18 years of age and not a party to this action and **I served** copies of the *(specify documents)*:
   a.  ☒ summons  ☒ complaint  ☐ alias summons  ☐ first amended complaint
   ☐ second amended complaint
   ☐ third amended complaint

   ☒ other *(specify)*: SEE ATTACHED LIST

2. **Person served:**
   a.  ☒ Defendant *(name)*: Ruby Lui, an individual
   b.  ☒ Other *(specify name and title or relationship to the party/business named)*:
       Flora "Doe", Receptionist, Asian female, 35 y/o, 5'5", Black hair
   c.  ☒ Address where papers were served: 47606 Kato Road, Fremont, CA 94538-7305

3. **Manner of Service** in compliance with *(the appropriate box must be checked)*:
   a.  ☒ Federal Rules of Civil Procedure
   b.  ☐ California Code of Civil Procedure

4. **I served** the person named in Item 2:
   a.  ☐ By **Personal service.** By personally delivering copies. If the person is a minor, by leaving copies with a parent, guardian, conservator or similar fiduciary and to the minor if at least twelve (12) years of age.
       1.  ☐ **Papers were served on** *(date)*: _____ at *(time)*: _____
   b.  ☒ By **Substituted service.** By leaving copies:
       1.  ☐ **(home)** at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household, at least 18 years of age, who was informed of the general nature of the papers.
       2.  ☒ **(business)** or a person apparently in charge of the office of place of business, at least 18 years of age, who was informed of the general nature of the papers.
       3.  ☒ **Papers were served on** *(date)*: 09/21/07 at *(time)*: 9:18 a.m.
       4.  ☒ **by mailing** *(by first-class mail, postage prepaid)* copies to the person served in Item 2(b) at the place where the copies were left in Item 2(c).
       5.  ☒ **papers were mailed** on (date): 09/21/07
       6.  ☒ **due diligence.** I made at least three (3) attempts to personally serve the defendant.

**PROOF OF SERVICE - SUMMONS AND COMPLAINT**

**EXHIBIT**
**# A - p. 14**

# ATTACHED LIST OF DOCUMENTS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

## SYMANTEC CORPORATION    V.
## V-MICRO, INC., a New Jersey Corporation, doing business as
## VIEWMICRO, et. al.

## CASE NUMBER: CV07- 05638 SVW (JWJx)

1.   UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF
     CALIFORNIA CIVIL COVER SHEET;

2.   UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF
     CALIFORNIA NOTICE OF INTERESTED PARTIES;

3.   UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF
     CALIFORNIA DISMISSAL OF PARTIES DESIGNATED BY
     FICTITIOUS NAME;

4.   UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF
     CALIFORNIA NOTICE OF ASSIGNMENT TO UNITED STATES
     MAGISTRATE JUDGE FOR DISCOVERY;

5.   UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF
     CALIFORNIA COURT INFORMATION SHEET;

6.   UNITED STATES DISTRICT COURT – CENTRAL DISTRICT OF
     CALIFORNIA NEW CASE ORDER;

7.   NOTICE RE E-FILING OF PATENT, TRADEMARK AND COPY-
     RIGHT CASES

**EXHIBIT**
# _A_ - p. _16_

## DECLARATION OF DUE DILIGENCE

CASE NAME:              **SYMANTEC CORPORATION**

                             **Vs.**

                        **V-MICRO, INC., a New Jersey Corporation, doing business as VIEWMICRO, et al.**

CASE NUMBER:          **CV07-05638 SVW (JWJx)**

        I am and was on the dates herein mentioned, over the age of 18 years and not a party to the action. I received the within process on *September 18, 2007* and after due diligent effort, I have been unable to effect personal service on the within named. Dates and times of attempts with reported detail are listed below.

Name:                         **Ruby Lui, an individual**

Business Address:         **47606 Kato Road**

                        **Fremont, California 94538-7305**

| Date | Time | Location | Result |
|------|------|----------|--------|
| 09/18/07 | 2:30 p.m. | Business | I arrived at the address given for service of process. I spoke with Peter Liu, subject's brother and he advised me that the subject is in a meeting and would not be available to accept the service. |
| 09/19/07 | 12:30 p.m. | Business | I arrived at the address given for service of process. I spoke with the Receptionist and she advised me that the subject is not in. |
| 09/20/07 | 9:30 a.m. | Business | I arrived at the address given for service of process. I spoke with the Receptionist and she advised me that the subject is not in. |
| 09/21/07 | 9:18 a.m. | Business | I arrived at the address given for service of process. I spoke with the Receptionist and she advised me that the subject is not in. As such, I served Flora "Doe", Asian Female, 35 yrs. old, about 5'5", Black hair, Receptionist on behalf of Ruby Liu, an individual. |

        I declare under penalty of perjury that the foregoing is true and correct. Executed this *24th* day of *September 2007* at Los Angeles, California.

Process Server for
**Ace Messenger & Attorney Service, Inc.**
811 Wilshire Boulevard, Suite 900
Los Angeles, California 90017

By: **Brad Lasker**

**EXHIBIT**
**# _B_ - p._17_**

1    **PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3         I am employed in the aforesaid County, State of California; I am over the age
and not a party to the within action; my business address is

4

5    _ ✔ _    BAUTE & TIDUS LLP
            777 South Figueroa Street, Suite 4900

6                Los Angeles, CA 90017
            Tel: (213) 630-5000

7

8    ____    ACE MESSENGER AND ATTORNEY SERVICE, INC.
            811 Wilshire Boulevard, Suite 900

9                Los Angeles, CA 90017
            Tel: (213) 623-3979

10

11         I served the following listed documents on the interested parties in this action
as follows:

12

13    <u>SYMANTEC v. V-MICRO</u>
     Case No.  CV 07-5638 SVW (JWJx)

     [1740.40]

14

15    **NOTICE OF FILING PROOF OF SERVICE OF SUMMONS
AND COMPLAINT ON DEFENDANTS:**

16    **(1)   JCIL COMPUTERS, INC., dba INFINITY COMPUTERS**
     **(2)   PHOEBE MICRO, INC.**

17    **(3)   JOSEPH PADRID**
     **(4)   PETER LUI**

18    **(5)   RUBY LUI**

19

20    ____   By Personal Service I caused such envelope to be delivered by hand to the
interested party as listed below.

21    ____   By Facsimile to the names and fax numbers listed below.

22    ____   By Federal Express ~ Next Business Day Delivery: by placing a true copy
thereof in a sealed envelope(s) and addressed to the parties listed below.

23

24    _ ✔ _   By Mail: by placing a true copy thereof in a sealed envelope and addressed to
the parties listed below.  I placed such envelope(s) for deposit in the U.S. Mail

25         for service by the United States Postal Service, with postage thereon fully
prepaid.

26         I am "readily familiar" with this firm's practice of collection and processing
correspondence for mailing. Under that practice, it would be deposited with

27    the U.S. Postal Service on that same day with postage thereon fully prepaid at
Los Angeles, California, in the ordinary course of business.  I am aware that,

28    on motion of the party served, service is presumed invalid if postal cancellation

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

date or postage meter date is more than one day after the date of deposit for
mailing in affidavit.

____     By E-Mail: I caused the above-referenced document(s) to be e-mailed to the
parties listed below, as noted.

Weicheng Wang, Esq.                           *Attorneys for Defendants*
LAW OFFICES OF WEICHENG                        *V-MICRO, INC., and OSCAR SUN*
WANG
Turnpike Plaza
197 Route 18, Suite 309
East Brunswick, NJ 08816
        Tel:   (732) 418-8865
        Fax:   (732) 418-8879
        wangwesq@aol.com

JCIL COMPUTERS, INC.                           *Defendant*
1661 Industrial Parkway W
Hayward, CA 94544-7046

Mr. Joseph Padrid                              *Defendant*
1661 Industrial Parkway W
Hayward, CA 94544-7046

PHOEBE MICRO ,INC.                             *Defendant*
47606 Kato Road
Fremont, CA 94538-7305

Mr. Peter Liu                                  *Defendant*
47606 Kato Road
Fremont, CA 94538-7305

Ms. Ruby Liu                                   *Defendant*
47606 Kato Road
Fremont, CA 94538-7305

[Rev. October 3, 2007]

☐     (STATE) I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

☒     (FEDERAL) I hereby certify that I am employed in the office of a member of
the Bar of this Court at whose direction the service was made, and I certify under
penalty of perjury that the foregoing is true and correct.

///

///

///

///

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

☐     (FEDERAL - ATTORNEY) I hereby certify that I am a member of the Bar of the United States District Court, *Central District* of California, and I certify under penalty of perjury that the foregoing is true and correct.

Executed on /0 / 9 / 07 ___ at Los Angeles, California.

Kirsten de Vere
*print name*                                              *signature*

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Jeffrey W. Johnson.

The case number on all documents filed with the Court should read as follows:

## CV07- 5638 SVW (JWJx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

AO 121 (6/90)

| TO: | | |
|---|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | 2007 AUG 29  PM 12: 22<br><br>CT COURT<br>CALIF.<br>LES | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☒ **ACTION**   ☐ **APPEAL** | | **COURT NAME AND LOCATION**<br>UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA |
|---|---|---|
| DOCKET NO. | DATE FILED<br>SV W(JWJx) | 312 N. Spring Street, #G-8<br>Los Angeles, CA  90012 |
| PLAINTIFF<br>SYMANTEC CORPORATION | | DEFENDANT<br>V-MICRO, INC., a New Jersey Corporation,<br>. . . [continued on Attachment A] |

| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | SEE ATTACHMENT B | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | |
|---|---|---|
| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below.  A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☐ Order   ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes   ☐ No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

*U.S. G.P.O. 1982-374-279
AO-121

SYMANTEC CORPORATION,            )        Case No.
                                 )
            Plaintiff,           )
                                 )        **ATTACHMENT A**
    vs.                          )
                                 )
V-MICRO, INC., a New Jersey      )
Corporation, doing business as   )
Viewmicro; JCIL COMPUTERS, INC., )
a California Corporation, doing business)
as Infinity Computers; PHOEBE    )
MICRO INC., a California Corporation; )
OSCAR SUN, an individual, also   )
known as Kuo Ching Sun; JOSEPH   )
PADRID, an individual; PETER LUI, )
an individual; RUBY LUI, an      )
individual; and DOES 1-20, inclusive, )
                                 )
            Defendants.          )
_____)

*continuation of Defendants from caption*:

    . . . doing business as Viewmicro; JCIL COMPUTERS, INC., a
California Corporation, doing business as Infinity Computers;
PHOEBE MICRO INC., a California Corporation; OSCAR SUN, an
individual, also known as Kuo Ching Sun; JOSEPH PADRID, an
individual; PETER LUI, an individual; RUBY LUI, an individual;
and DOES 1-20, inclusive

## SYMANTEC CORPORATION v. V-MICRO, INC., et al.

U.S.D.C. Case No.   [to be assigned]

**Register of Copyrights**
**Copyright Office**
**Library of Congress**
**Washington, D.C. 20559**

## ATTACHMENT B TO
## REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL
## REGARDING A COPYRIGHT

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| TX-4-024-771<br>TX-4-170-740<br>TX-4-739-697<br>TX-4-832-174<br>TX-4-908-397<br>TX 5-704-654<br>TX 5-704-655 | Norton AntiVirus,<br>Various Versions | SYMANTEC CORPORATION |
| TX-4-715-123<br>TX 4-715-124<br>TX 4-715-125<br>TX 4-715-127 | Norton Ghost,<br>Various Versions | SYMANTEC CORPORATION |
| TX-1-987-393<br>TX-2-288-795<br>TX-3-772-059<br>TX-3-772-061<br>TX-4-024-772<br>TX-4-024-773<br>TX-4-024-802<br>TX-4-396-091<br>TX-4-421-276 | Norton Utilities,<br>Various Versions | SYMANTEC CORPORATION |
| TX-3-381-482<br>TX-4-261-954 | pcAnywhere | SYMANTEC CORPORATION |

98461.1

*Attachment*
*SYMANTEC v. V-MICRO, INC.*

AO 121 (6/90)

| TO: | |
|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| [x] **ACTION**    [ ] **APPEAL** | | COURT NAME AND LOCATION<br>UNITED STATES DISTRICT COURT, CENTRAL DISTRICT |
|---|---|---|
| DOCKET NO. | DATE FILED | 312 N. Spring Street, #G-8<br>Los Angeles, CA  90012 |
| PLAINTIFF<br>SYMANTEC CORPORATION | | DEFENDANT<br>V-MICRO, INC., a New Jersey Corporation,<br>. . . [continued on Attachment A] |

| **COPYRIGHT**<br>**REGISTRATION NO.** | **TITLE OF WORK** | **AUTHOR OF WORK** |
|---|---|---|
| 1 | SEE ATTACHMENT B | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>[ ] Amendment    [ ] Answer    [ ] Cross Bill    [ ] Other Pleading | |
|---|---|---|
| **COPYRIGHT**<br>**REGISTRATION NO.** | **TITLE OF WORK** | **AUTHOR OF WORK** |
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below.  A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>[ ] Order    [ ] Judgment | WRITTEN OPINION ATTACHED<br>[ ] Yes    [ ] No | DATE RENDERED |
|---|---|---|

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|

Copy 2 - Upon filing of document adding copyright(s), mail this copy to Register of Copyrights

*U.S. G.P.O. 1982-374-279

| | |
|---|---|
| SYMANTEC CORPORATION, ) | Case No. |
| ) | |
| Plaintiff, ) | |
| ) | **ATTACHMENT A** |
| vs. ) | |
| ) | |
| V-MICRO, INC., a New Jersey ) | |
| Corporation, doing business as ) | |
| Viewmicro; JCIL COMPUTERS, INC., ) | |
| a California Corporation, doing business) | |
| as Infinity Computers; PHOEBE ) | |
| MICRO INC., a California Corporation; ) | |
| OSCAR SUN, an individual, also ) | |
| known as Kuo Ching Sun; JOSEPH ) | |
| PADRID, an individual; PETER LUI, ) | |
| an individual; RUBY LUI, an ) | |
| individual; and DOES 1-20, inclusive, ) | |
| ) | |
| Defendants. ) | |

*continuation of Defendants from caption*:

> . . . doing business as Viewmicro; JCIL COMPUTERS, INC., a
> California Corporation, doing business as Infinity Computers;
> PHOEBE MICRO INC., a California Corporation; OSCAR SUN, an
> individual, also known as Kuo Ching Sun; JOSEPH PADRID, an
> individual; PETER LUI, an individual; RUBY LUI, an individual;
> and DOES 1-20, inclusive

98461.1

## SYMANTEC CORPORATION v. V-MICRO, INC., et al.
U.S.D.C. Case No.   [to be assigned]

**Register of Copyrights**
**Copyright Office**
**Library of Congress**
**Washington, D.C. 20559**

## ATTACHMENT B TO
## REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL
## REGARDING A COPYRIGHT

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| TX-4-024-771<br>TX-4-170-740<br>TX-4-739-697<br>TX-4-832-174<br>TX-4-908-397<br>TX 5-704-654<br>TX 5-704-655 | Norton AntiVirus,<br>Various Versions | SYMANTEC CORPORATION |
| TX-4-715-123<br>TX 4-715-124<br>TX 4-715-125<br>TX 4-715-127 | Norton Ghost,<br>Various Versions | SYMANTEC CORPORATION |
| TX-1-987-393<br>TX-2-288-795<br>TX-3-772-059<br>TX-3-772-061<br>TX-4-024-772<br>TX-4-024-773<br>TX-4-024-802<br>TX-4-396-091<br>TX-4-421-276 | Norton Utilities,<br>Various Versions | SYMANTEC CORPORATION |
| TX-3-381-482<br>TX-4-261-954 | pcAnywhere | SYMANTEC CORPORATION |

98461.1

AO 121 (6/90)

| TO:<br><br>**Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |
|---|---|

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| [x] ACTION    [ ] APPEAL | COURT NAME AND LOCATION<br>UNITED STATES DISTRICT COURT, CENTRAL DISTRICT |
|---|---|
| DOCKET NO. | DATE FILED | 312 N. Spring Street, #G-8<br>Los Angeles, CA  90012 |

| PLAINTIFF<br>SYMANTEC CORPORATION | DEFENDANT<br>V-MICRO, INC., a New Jersey Corporation,<br>. . . [continued on Attachment A] |
|---|---|

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | SEE ATTACHMENT B | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY  [ ] Amendment  [ ] Answer  [ ] Cross Bill  [ ] Other Pleading | |
|---|---|---|
| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below.  A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED  [ ] Order  [ ] Judgment | WRITTEN OPINION ATTACHED  [ ] Yes  [ ] No | DATE RENDERED |
|---|---|---|

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|

Copy 3 - Upon termination of action, mail this copy to Register of Copyrights

*U.S. G.P.O. 1982-374-279

| SYMANTEC CORPORATION, | ) | Case No. |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | **ATTACHMENT A** |
| vs. | ) | |
| | ) | |
| V-MICRO, INC., a New Jersey | ) | |
| Corporation, doing business as | ) | |
| Viewmicro; JCIL COMPUTERS, INC., | ) | |
| a California Corporation, doing business | ) | |
| as Infinity Computers; PHOEBE | ) | |
| MICRO INC., a California Corporation; | ) | |
| OSCAR SUN, an individual, also | ) | |
| known as Kuo Ching Sun; JOSEPH | ) | |
| PADRID, an individual; PETER LUI, | ) | |
| an individual; RUBY LUI, an | ) | |
| individual; and DOES 1-20, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

*continuation of Defendants from caption*:

    . . . doing business as Viewmicro; JCIL COMPUTERS, INC., a
California Corporation, doing business as Infinity Computers;
PHOEBE MICRO INC., a California Corporation; OSCAR SUN, an
individual, also known as Kuo Ching Sun; JOSEPH PADRID, an
individual; PETER LUI, an individual; RUBY LUI, an individual;
and DOES 1-20, inclusive

**SYMANTEC CORPORATION v. V-MICRO, INC., et al.**

U.S.D.C. Case No.   [to be assigned]

**Register of Copyrights**
**Copyright Office**
**Library of Congress**
**Washington, D.C. 20559**

## ATTACHMENT B TO
## REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL
## REGARDING A COPYRIGHT

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| TX-4-024-771<br>TX-4-170-740<br>TX-4-739-697<br>TX-4-832-174<br>TX-4-908-397<br>TX 5-704-654<br>TX 5-704-655 | Norton AntiVirus,<br>Various Versions | SYMANTEC CORPORATION |
| TX-4-715-123<br>TX 4-715-124<br>TX 4-715-125<br>TX 4-715-127 | Norton Ghost,<br>Various Versions | SYMANTEC CORPORATION |
| TX-1-987-393<br>TX-2-288-795<br>TX-3-772-059<br>TX-3-772-061<br>TX-4-024-772<br>TX-4-024-773<br>TX-4-024-802<br>TX-4-396-091<br>TX-4-421-276 | Norton Utilities,<br>Various Versions | SYMANTEC CORPORATION |
| TX-3-381-482<br>TX-4-261-954 | pcAnywhere | SYMANTEC CORPORATION |

*Attachment*
*SYMANTEC v. V-MICRO, INC.*

AO 121 (6/90)

| TO: | |
|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| [x] ACTION        [ ] APPEAL | | COURT NAME AND LOCATION<br>UNITED STATES DISTRICT COURT, CENTRAL DISTRICT |
|---|---|---|
| DOCKET NO. | DATE FILED | 312 N. Spring Street, #G-8<br>Los Angeles, CA  90012 |
| PLAINTIFF<br>SYMANTEC CORPORATION | | DEFENDANT<br>V-MICRO, INC., a New Jersey Corporation,<br>. . . [continued on Attachment A] |

| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | SEE ATTACHMENT B | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>[ ] Amendment    [ ] Answer    [ ] Cross Bill    [ ] Other Pleading | |
|---|---|---|
| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below.  A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>[ ] Order    [ ] Judgment | WRITTEN OPINION ATTACHED<br>[ ] Yes    [ ] No | DATE RENDERED |
|---|---|---|

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|

*U.S. G.P.O. 1982-374-279

SYMANTEC CORPORATION,    )    Case No.
                    )
       Plaintiff,      )
                    )    **ATTACHMENT A**
   vs.             )
                    )
V-MICRO, INC., a New Jersey  )
Corporation, doing business as  )
Viewmicro; JCIL COMPUTERS, INC., )
a California Corporation, doing business)
as Infinity Computers; PHOEBE  )
MICRO INC., a California Corporation; )
OSCAR SUN, an individual, also  )
known as Kuo Ching Sun; JOSEPH  )
PADRID, an individual; PETER LUI,  )
an individual; RUBY LUI, an  )
individual; and DOES 1-20, inclusive,  )
                    )
       Defendants.     )
_____)

*continuation of Defendants from caption*:

> . . . doing business as Viewmicro; JCIL COMPUTERS, INC., a
> California Corporation, doing business as Infinity Computers;
> PHOEBE MICRO INC., a California Corporation; OSCAR SUN, an
> individual, also known as Kuo Ching Sun; JOSEPH PADRID, an
> individual; PETER LUI, an individual; RUBY LUI, an individual;
> and DOES 1-20, inclusive

98461.1                                          *Attachment*

## SYMANTEC CORPORATION v. V-MICRO, INC., et al.

U.S.D.C. Case No.   [to be assigned]

**Register of Copyrights**
**Copyright Office**
**Library of Congress**
**Washington, D.C. 20559**

## ATTACHMENT B TO
## REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL
## REGARDING A COPYRIGHT

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| TX-4-024-771<br>TX-4-170-740<br>TX-4-739-697<br>TX-4-832-174<br>TX-4-908-397<br>TX 5-704-654<br>TX 5-704-655 | Norton AntiVirus,<br>Various Versions | SYMANTEC CORPORATION |
| TX-4-715-123<br>TX 4-715-124<br>TX 4-715-125<br>TX 4-715-127 | Norton Ghost,<br>Various Versions | SYMANTEC CORPORATION |
| TX-1-987-393<br>TX-2-288-795<br>TX-3-772-059<br>TX-3-772-061<br>TX-4-024-772<br>TX-4-024-773<br>TX-4-024-802<br>TX-4-396-091<br>TX-4-421-276 | Norton Utilities,<br>Various Versions | SYMANTEC CORPORATION |
| TX-3-381-482<br>TX-4-261-954 | pcAnywhere | SYMANTEC CORPORATION |

98461.1

AO 121 (6/90)

| TO: | |
|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| [x] ACTION    [ ] APPEAL | COURT NAME AND LOCATION<br>UNITED STATES DISTRICT COURT, CENTRAL DISTRICT |
|---|---|
| **DOCKET NO.**      **DATE FILED** | 312 N. Spring Street, #G-8<br>Los Angeles, CA  90012 |
| **PLAINTIFF**<br>SYMANTEC CORPORATION | **DEFENDANT**<br>V-MICRO, INC., a New Jersey Corporation,<br>. . . [continued on Attachment A] |

| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | SEE ATTACHMENT B | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>[ ] Amendment    [ ] Answer    [ ] Cross Bill    [ ] Other Pleading | |
|---|---|---|
| COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below.  A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>[ ] Order    [ ] Judgment | WRITTEN OPINION ATTACHED<br>[ ] Yes    [ ] No | DATE RENDERED |
|---|---|---|

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|

*U.S. G.P.O. 1982-374-279

| | |
|---|---|
| SYMANTEC CORPORATION,        )<br>                             )<br>        Plaintiff,            )<br>                             )<br>    vs.                      )<br>                             )<br>V-MICRO, INC., a New Jersey  )<br>Corporation, doing business as )<br>Viewmicro; JCIL COMPUTERS, INC., )<br>a California Corporation, doing business)<br>as Infinity Computers; PHOEBE    )<br>MICRO INC., a California Corporation; )<br>OSCAR SUN, an individual, also )<br>known as Kuo Ching Sun; JOSEPH )<br>PADRID, an individual; PETER LUI, )<br>an individual; RUBY LUI, an )<br>individual; and DOES 1-20, inclusive, )<br>                             )<br>        Defendants.           )<br>_____) | Case No.<br><br>**ATTACHMENT A** |

*continuation of Defendants from caption*:

... doing business as Viewmicro; JCIL COMPUTERS, INC., a California Corporation, doing business as Infinity Computers; PHOEBE MICRO INC., a California Corporation; OSCAR SUN, an individual, also known as Kuo Ching Sun; JOSEPH PADRID, an individual; PETER LUI, an individual; RUBY LUI, an individual; and DOES 1-20, inclusive

## SYMANTEC CORPORATION v. V-MICRO, INC., et al.
U.S.D.C. Case No.   [to be assigned]

**Register of Copyrights**
**Copyright Office**
**Library of Congress**
**Washington, D.C. 20559**

## ATTACHMENT B TO
## REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL
## REGARDING A COPYRIGHT

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| TX-4-024-771<br>TX-4-170-740<br>TX-4-739-697<br>TX-4-832-174<br>TX-4-908-397<br>TX 5-704-654<br>TX 5-704-655 | Norton AntiVirus,<br>Various Versions | SYMANTEC CORPORATION |
| TX-4-715-123<br>TX 4-715-124<br>TX 4-715-125<br>TX 4-715-127 | Norton Ghost,<br>Various Versions | SYMANTEC CORPORATION |
| TX-1-987-393<br>TX-2-288-795<br>TX-3-772-059<br>TX-3-772-061<br>TX-4-024-772<br>TX-4-024-773<br>TX-4-024-802<br>TX-4-396-091<br>TX-4-421-276 | Norton Utilities,<br>Various Versions | SYMANTEC CORPORATION |
| TX-3-381-482<br>TX-4-261-954 | pcAnywhere | SYMANTEC CORPORATION |

98461.1

AO 440 (Rev. 8/01)  Summons in a Civil Action

# United States District Court

## Central District of California

SYMANTEC CORPORATION

### SUMMONS IN A CIVIL CASE

V.

CASE NUMBER:

V-MICRO, INC., a New Jersey Corporation,
. . . [continued on Attachment A]

**SVWUWJx)**

**TO:** (Name and address of Defendant)  **FOR OFFICE USE ONLY**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Mark D. Baute, Esq.
BAUTE & TIDUS LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA  90017
Telephone:  (213) 630-5000

**FOR OFFICE USE ONLY**

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

SHERRI R. CARTER

AUG 2 9 2007

CLERK

DATE

Kendra Bradshaw  **SEAL**

(By) DEPUTY CLERK



DOCKETED ON CM

SEP - 7 2007

AO-440

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me [1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                    Date                                      *Signature of Server*


                                              _____
                                              *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

| | | |
|---|---|---|
| SYMANTEC CORPORATION, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ATTACHMENT A** |
| vs. | ) | |
| | ) | |
| V-MICRO, INC., a New Jersey | ) | |
| Corporation, doing business as | ) | |
| Viewmicro; JCIL COMPUTERS, INC., | ) | |
| a California Corporation, doing business | ) | |
| as Infinity Computers; PHOEBE | ) | |
| MICRO INC., a California Corporation; | ) | |
| OSCAR SUN, an individual, also | ) | |
| known as Kuo Ching Sun; JOSEPH | ) | |
| PADRID, an individual; PETER LUI, | ) | |
| an individual; RUBY LUI, an | ) | |
| individual; and DOES 1-20, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

*continuation of Defendants from caption*:

> . . . doing business as Viewmicro; JCIL COMPUTERS, INC., a
> California Corporation, doing business as Infinity Computers;
> PHOEBE MICRO INC., a California Corporation; OSCAR SUN, an
> individual, also known as Kuo Ching Sun; JOSEPH PADRID, an
> individual; PETER LUI, an individual; RUBY LUI, an individual;
> and DOES 1-20, inclusive

98461.1

AO 120 (Rev. 3/04)

| TO: Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

FILED
2007 AUG 29  PH 12: 22

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been

filed in the U.S. District Court   Central Dist., Calif   on the following   ☐ Patents or   ☒ Trademarks:

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT |
|---|---|---|
| PLAINTIFF<br>SYMANTEC CORPORATION | | DEFENDANT<br>V-MICRO, INC., a New Jersey Corporation,<br>. . . [continued on Attachment A] |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | SEE ATTACHMENT B |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s)/trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | | |
|---|---|---|---|---|
| | ☐ Amendment | ☐ Answer | ☐ Cross Bill | ☐ Other Pleading |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | | |
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

In the above-entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT | DOCKETED ON CM<br>SEP - 7 2007 |
|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

Copy 1—Upon initiation of action, mail this copy to Director   Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director   Copy 4—Case file copy

AO-120

| | |
|---|---|
| SYMANTEC CORPORATION,     ) | Case No. |
|            ) | |
|      Plaintiff,         ) | |
|            ) | **ATTACHMENT A** |
|    vs.            ) | |

SYMANTEC CORPORATION,     )      Case No.
                         )
       Plaintiff,           )
                         )      **ATTACHMENT A**
    vs.                   )
                         )
V-MICRO, INC., a New Jersey    )
Corporation, doing business as    )
Viewmicro; JCIL COMPUTERS, INC., )
a California Corporation, doing business )
as Infinity Computers; PHOEBE    )
MICRO INC., a California Corporation; )
OSCAR SUN, an individual, also    )
known as Kuo Ching Sun; JOSEPH   )
PADRID, an individual; PETER LUI,   )
an individual; RUBY LUI, an       )
individual; and DOES 1-20, inclusive,   )
                         )
       Defendants.        )
                         )

*continuation of Defendants from caption*:

> . . . doing business as Viewmicro; JCIL COMPUTERS, INC., a
> California Corporation, doing business as Infinity Computers;
> PHOEBE MICRO INC., a California Corporation; OSCAR SUN, an
> individual, also known as Kuo Ching Sun; JOSEPH PADRID, an
> individual; PETER LUI, an individual; RUBY LUI, an individual;
> and DOES 1-20, inclusive

**SYMANTEC CORPORATION v. V-MICRO, INC., et al.**
U.S.D.C. Case No.   [to be assigned]

**Commissioner of Patents and Trademarks**
**Washington, DC 20231**

## ATTACHMENT B TO
## REPORT ON THE FILING OR DETERMINATION OF AN
## ACTION REGARDING A PATENT OR TRADEMARK

| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1683688 | April 21, 1992 | SYMANTEC CORPORATION |
| 2488092 | September 11, 2001 | SYMANTEC CORPORATION |
| 1758084 | March 16, 1993 | SYMANTEC CORPORATION |
| 1107115 | November 28, 1978 | SYMANTEC CORPORATION |
| 2243057 | May 4, 1999 | SYMANTEC CORPORATION |
| 1508960 | October 18, 1988 | SYMANTEC CORPORATION |
| 1781148 | July 13, 1993 | SYMANTEC CORPORATION |
| 1936913 | November 21, 1995 | SYMANTEC CORPORATION |
| 3009890 | November 1, 2005 | SYMANTEC CORPORATION |
| 3097024 | May 30, 2006 | SYMANTEC CORPORATION |

98461.1

| TO: **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court    Central Dist., Calif    on the following    ☐ Patents or    ☒ Trademarks:

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT | |
|---|---|---|---|
| **PLAINTIFF**<br>SYMANTEC CORPORATION. | | **DEFENDANT**<br>V-MICRO, INC., a New Jersey Corporation,<br>. . . [continued on Attachment A] | |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | SEE ATTACHMENT B |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s)/trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

AO-120

SYMANTEC CORPORATION,      )     Case No.

            )

     Plaintiff,       )

            )     **ATTACHMENT A**

   vs.          )

            )

V-MICRO, INC., a New Jersey   )

Corporation, doing business as   )

Viewmicro; JCIL COMPUTERS, INC., )

a California Corporation, doing business)

as Infinity Computers; PHOEBE   )

MICRO INC., a California Corporation; )

OSCAR SUN, an individual, also   )

known as Kuo Ching Sun; JOSEPH  )

PADRID, an individual; PETER LUI,  )

an individual; RUBY LUI, an      )

individual; and DOES 1-20, inclusive,  )

            )

     Defendants.      )

            )

*continuation of Defendants from caption*:

> . . . doing business as Viewmicro; JCIL COMPUTERS, INC., a
> California Corporation, doing business as Infinity Computers;
> PHOEBE MICRO INC., a California Corporation; OSCAR SUN, an
> individual, also known as Kuo Ching Sun; JOSEPH PADRID, an
> individual; PETER LUI, an individual; RUBY LUI, an individual;
> and DOES 1-20, inclusive

98461.1

SYMANTEC CORPORATION v. V-MICRO, INC., et al.
U.S.D.C. Case No.   [to be assigned]

Commissioner of Patents and Trademarks
Washington, DC 20231

### ATTACHMENT B TO
### REPORT ON THE FILING OR DETERMINATION OF AN
### ACTION REGARDING A PATENT OR TRADEMARK

| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1683688 | April 21, 1992 | SYMANTEC CORPORATION |
| 2488092 | September 11, 2001 | SYMANTEC CORPORATION |
| 1758084 | March 16, 1993 | SYMANTEC CORPORATION |
| 1107115 | November 28, 1978 | SYMANTEC CORPORATION |
| 2243057 | May 4, 1999 | SYMANTEC CORPORATION |
| 1508960 | October 18, 1988 | SYMANTEC CORPORATION |
| 1781148 | July 13, 1993 | SYMANTEC CORPORATION |
| 1936913 | November 21, 1995 | SYMANTEC CORPORATION |
| 3009890 | November 1, 2005 | SYMANTEC CORPORATION |
| 3097024 | May 30, 2006 | SYMANTEC CORPORATION |

98461.1

*Attachment*
*SYMANTEC v. V-MICRO, INC.*

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court  Central Dist., Calif  on the following  ☐ Patents or  ☒ Trademarks:

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT |
|---|---|---|

| PLAINTIFF<br>SYMANTEC CORPORATION | DEFENDANT<br>V-MICRO, INC., a New Jersey Corporation,<br>. . . [continued on Attachment A] |
|---|---|

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | SEE ATTACHMENT B |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s)/trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY ☐ Amendment ☐ Answer ☐ Cross Bill ☐ Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director   Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director   Copy 4—Case file copy

AO-120

| | | |
|---|---|---|
| SYMANTEC CORPORATION, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ATTACHMENT A** |
| vs. | ) | |
| | ) | |
| V-MICRO, INC., a New Jersey | ) | |
| Corporation, doing business as | ) | |
| Viewmicro; JCIL COMPUTERS, INC., | ) | |
| a California Corporation, doing business | ) | |
| as Infinity Computers; PHOEBE | ) | |
| MICRO INC., a California Corporation; | ) | |
| OSCAR SUN, an individual, also | ) | |
| known as Kuo Ching Sun; JOSEPH | ) | |
| PADRID, an individual; PETER LUI, | ) | |
| an individual; RUBY LUI, an | ) | |
| individual; and DOES 1-20, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

*continuation of Defendants from caption*:

> . . . doing business as Viewmicro; JCIL COMPUTERS, INC., a
> California Corporation, doing business as Infinity Computers;
> PHOEBE MICRO INC., a California Corporation; OSCAR SUN, an
> individual, also known as Kuo Ching Sun; JOSEPH PADRID, an
> individual; PETER LUI, an individual; RUBY LUI, an individual;
> and DOES 1-20, inclusive

98461.1

## SYMANTEC CORPORATION v. V-MICRO, INC., et al.
U.S.D.C. Case No.   [to be assigned]

**Commissioner of Patents and Trademarks**
**Washington, DC 20231**

## ATTACHMENT B TO
## REPORT ON THE FILING OR DETERMINATION OF AN
## ACTION REGARDING A PATENT OR TRADEMARK

| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1683688 | April 21, 1992 | SYMANTEC CORPORATION |
| 2488092 | September 11, 2001 | SYMANTEC CORPORATION |
| 1758084 | March 16, 1993 | SYMANTEC CORPORATION |
| 1107115 | November 28, 1978 | SYMANTEC CORPORATION |
| 2243057 | May 4, 1999 | SYMANTEC CORPORATION |
| 1508960 | October 18, 1988 | SYMANTEC CORPORATION |
| 1781148 | July 13, 1993 | SYMANTEC CORPORATION |
| 1936913 | November 21, 1995 | SYMANTEC CORPORATION |
| 3009890 | November 1, 2005 | SYMANTEC CORPORATION |
| 3097024 | May 30, 2006 | SYMANTEC CORPORATION |

98461.1

| TO: | Mail Stop 8 | | REPORT ON THE |
|-----|-------------|---|----------------|
| | Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | | FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been
filed in the U.S. District Court   Central Dist., Calif   on the following   ☐ Patents or   ☒ Trademarks:

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT |
|------------|-----------|---------------------|
| **PLAINTIFF**<br>SYMANTEC CORPORATION | | **DEFENDANT**<br>V-MICRO, INC., a New Jersey Corporation,<br>. . . [continued on Attachment A] |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|----------------------------|-------------------------------|-------------------------------|
| 1 | | SEE ATTACHMENT B |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s)/trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---------------|-------------|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|--------------------|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|-------|-------------------|------|
| | | |

Copy 1—Upon initiation of action, mail this copy to Director   Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director       Copy 4—Case file copy

AO-120

| | |
|---|---|
| SYMANTEC CORPORATION, ) | Case No. |
| ) | |
| Plaintiff, ) | |
| ) | **ATTACHMENT A** |
| vs. ) | |
| ) | |
| V-MICRO, INC., a New Jersey ) | |
| Corporation, doing business as ) | |
| Viewmicro; JCIL COMPUTERS, INC., ) | |
| a California Corporation, doing business) | |
| as Infinity Computers; PHOEBE ) | |
| MICRO INC., a California Corporation; ) | |
| OSCAR SUN, an individual, also ) | |
| known as Kuo Ching Sun; JOSEPH ) | |
| PADRID, an individual; PETER LUI, ) | |
| an individual; RUBY LUI, an ) | |
| individual; and DOES 1-20, inclusive, ) | |
| ) | |
| Defendants. ) | |

*continuation of Defendants from caption*:

. . . doing business as Viewmicro; JCIL COMPUTERS, INC., a
California Corporation, doing business as Infinity Computers;
PHOEBE MICRO INC., a California Corporation; OSCAR SUN, an
individual, also known as Kuo Ching Sun; JOSEPH PADRID, an
individual; PETER LUI, an individual; RUBY LUI, an individual;
and DOES 1-20, inclusive

## SYMANTEC CORPORATION v. V-MICRO, INC., et al.
U.S.D.C. Case No.  [to be assigned]

**Commissioner of Patents and Trademarks**
**Washington, DC 20231**

### ATTACHMENT B TO
### REPORT ON THE FILING OR DETERMINATION OF AN
### ACTION REGARDING A PATENT OR TRADEMARK

| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1683688 | April 21, 1992 | SYMANTEC CORPORATION |
| 2488092 | September 11, 2001 | SYMANTEC CORPORATION |
| 1758084 | March 16, 1993 | SYMANTEC CORPORATION |
| 1107115 | November 28, 1978 | SYMANTEC CORPORATION |
| 2243057 | May 4, 1999 | SYMANTEC CORPORATION |
| 1508960 | October 18, 1988 | SYMANTEC CORPORATION |
| 1781148 | July 13, 1993 | SYMANTEC CORPORATION |
| 1936913 | November 21, 1995 | SYMANTEC CORPORATION |
| 3009890 | November 1, 2005 | SYMANTEC CORPORATION |
| 3097024 | May 30, 2006 | SYMANTEC CORPORATION |



CLEAR FORM

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION** 
312 North Spring Street, Room 153
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

April 1, 2008

USDC Eastern District of California
Phillip Burton United States Courthouse
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102-3434

CV 08 2063

Re:    Transfer of our Civil Case No.  2:07cv5638-SVW(JWJx)

Case Title:  Symantec Corporation v. V-Micro Inc et al

Dear Sir/Madam:                                                                    **SC**

        An order having been made transferring the above-numbered case to your district, we are transmitting herewith our entire original file in the action, together with certified copies of the order and the docket. Please acknowledge receipt of same and indicate below the case number you have assigned to this matter on the enclosed copy of this letter and return it to our office. Thank you for your cooperation.

Please use your Court's Pacer account
and password to access all E-filing
documents to our websites:
http://ecf.cacd.uscourts.gov

Very truly yours,

Clerk, U.S. District Court

By  Phyllis Lopez
        Deputy Clerk

cc:    All counsel of record

=================================================================================================

### TO BE COMPLETED BY RECEIVING DISTRICT

Receipt is acknowledged of the documents described herein and we have assigned this matter case
number CV: _____

CV 08 2063

Clerk, U.S. District Court  SC

By _____HELEN L. ALMACEN_____
        Deputy Clerk

1

2

3

4

5    _____ Priority

6    _____ Send
     _____ Clsd
7    _____ Enter
     _____ JS-5/JS-6
8    _____ JS-2/JS-3

9            UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11

SYMANTEC CORPORATION,              )    Case No: CV 07-5638 SVW (JWJx)
12                                 )
            Plaintiff,             )    ORDER GRANTING DEFENDANTS'
13                                 )    MOTION TO TRANSFER [15]
        v.                         )
14                                 )
V-MICRO, INC., et al.,             )
15                                 )
            Defendants.            )
16                                 )
                                   )
17   _____)
                                   )
18                                 )

19

20

21   I.    **Introduction**

22           This action arises out of the alleged distribution of counterfeit

23   copies of certain intellectual properties belonging to Symantec

24   Corporation ("Symantec" or "Plaintiff") by Defendants.[1]  Defendants

─────────────────────────────────────────

25   [1]  There are a number of separate defendants in this action.
     Default has been entered against defendants V-MICRO, INC. and
26   OSCAR SUN, residents of New Jersey. (Def. Rep., at 6.)
     Defendants PHOEBE MICRO INC., PETER LUI and RUBY LUI, residents
27   of California, have answered the complaint and have not contested
     venue nor joined Defendants' Motion.  (Plaintiff's Opp., at 5.)
28   Because Defendants bringing the present motion are JCIL
     Computers, Inc. ("JCIL") and Joseph Padrid ("Padrid"), Defendants
     as used hereinafter in this Order refers only to JCIL and Padrid.

1  bring this Motion To Dismiss For Improper Venue Or, In The
2  Alternative, For Forum Non Conveniens ("Defendants' Motion"), which
3  moves to dismiss (or, in the alternative, transfer) this action
4  pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a) on the
5  ground of improper venue. Alternatively, if the Court concludes that
6  venue is proper, Defendants request that the Court exercise its
7  discretion under 28 U.S.C. § 1404(a) to transfer venue to the United
8  States District Court for the Northern District of California.    The
9  reference to forum non conveniens in the Motion appears merely to
10 refer to the requested transfer of venue under 28 U.S.C. § 1404(a).
11 For the reasons outlined below, Defendants' Motion is GRANTED and the
12 case is TRANSFERRED to the Northern District of California.

13

14 **II.    Factual & Procedural Background**

15 **A.    Factual Background**

16      Symantec, a Delaware corporation with corporate headquarters in
17 the San Francisco Bay Area, conducts business in Culver City,
18 California, which is located in the Central District of California.
19 (Complaint, at 1; Opp. at 3.)  Symantec employs hundreds of workers at
20 its Culver City campus, many of them working on Symantec's Norton
21 software product lines.    (Opp., at 3.)  Defendants Joseph Padrid and
22 JCIL are based in Hayward, California, located in the Northern
23 District of California.    (Opp., at 4.)  Symantec brings suit against
24 Padrid both individually and on the basis that he is the alter ego of
25 JCIL.    (Mot., at 2.)

26      Symantec alleges that Defendants distributed counterfeit copies
27 of its Norton and Symantec software products.  Defendants operate a

28

2

1 website, which advertises Symantec and Norton products, as well as a
2 toll-free telephone number through which purchases can be conducted
3 nationwide.  (Opp., at 4.)  Sales are not conducted via the website,
4 but individuals in the Central District of California may contact JCIL
5 telephonically.  Consumers from North Dakota, Iowa, Louisiana,
6 Tennessee, Michigan and South Carolina have purchased allegedly
7 counterfeit copies of Symantec software from JCIL.  (Id.)  Although a
8 search of JCIL's books has not revealed any sales to the Central
9 District of California, Symantec notes that JCIL did not disclose at
10 least one sale to a customer in Iowa.  (Id.)  Thus, Symantec believes
11 there may have been as-of-yet undivulged sales by JCIL to consumers in
12 the Central District.

13     JCIL claims that it purchased the allegedly counterfeit products
14 from other named defendants not bringing this Motion.  (Id.)  Symantec
15 alleges that all of the defendants including Padrid and JCIL jointly
16 and in concert trafficked in the counterfeit Norton and Symantec
17 products.  (Opp., at 5.)

18

19 B.    Procedural Background

20     Symantec filed the Complaint in this action on August 29, 2007,
21 bringing causes of action for: (1) trademark infringement; (2)
22 violation of Lanham Act § 43(a); (3) copyright infringement; (4)
23 fraud; (5) trafficking in counterfeit labels, documentation and/or
24 packaging (18 U.S.C. § 2318); (6) unfair competition (Cal. Bus. &
25 Prof. Code § 17200, et seq.); (7) common law unfair competition; (8)
26 state law false advertising; (9) intentional interference with
27 prospective economic advantage; and (10) negligent interference with
28

3

1 | prospective economic advantage.

2 |     Defendants filed the instant Motion on January 25, 2008.

3 | Symantec filed its Opposition on February 15, 2008, to which

4 | Defendants replied on February 25, 2008.

5 |

6 | **III. Analysis**

7 |     Defendants move to dismiss (or, in the alternative, transfer)

8 | this action pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §

9 | 1406(a) on the ground of improper venue.  Alternatively, if the Court

10 | concludes that venue is proper, Defendants request that the Court

11 | exercise its discretion under 28 U.S.C. § 1404(a) to transfer venue to

12 | the United States District Court for the Northern District of

13 | California. In its Complaint, Symantec alleges that

14 |               [v]enue is proper in this Court pursuant to 28 U.S.C. §
                  1391(b).  Plaintiff is informed and believes and on that
15 |               basis alleges that software that is the subject of this
                  complaint was distributed to customers in the Central
16 |               District of California.  Software that is the subject of
                  this complaint was shipped to customers from California.
17 |               The claims alleged in this action arose in the Central
                  District of California.

18 |

19 | (Complaint ¶ 3.)  Symantec now argues that venue is proper under 28

20 | U.S.C. § 1391(b)-(c) and/or 28 U.S.C. § 1400(a).[2]  (Opp., at 5-8.)

21 | Because the Court decides transfer of this case to the Northern

22 | District of California on convenience grounds is appropriate, the

23 | [2]Although special venue statutes are sometimes held to be
24 | exclusive of the general venue statutes, see, e.g., Abrams Shell
     v. Shell Oil Co., 165 F. Supp. 2d 1096, 2208 (C.D. Cal. 2001)
25 | (holding that the venue provision of the Petroleum Marketing
     Practices Act is exclusive of the general venue statute), courts
26 | have held that section 1400 is permissive.  See, e.g, Radical
     Prods., Inc. v. Sundays Distrib., 821 F. Supp. 648, 649 (W.D.
27 | Wash. 1992).  Plaintiff and Defendant agree that section 1400 is
     not the exclusive basis for venue in this case.  (Opp., 7; Rep.,
28 | 3 n.2.)

4

CLEAR FORM



**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN  DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN  DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

April 10, 2008

USDC Eastern District of California
Phillip Burton United States Courthouse
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102-3434

Re:  Transfer of our Civil Case No.  2:07cv5638-SVW(JWJx)

Case Title:  Symantec Corporation v. V-Micro Inc et al

Dear Sir/Madam:

An order having been made transferring the above-numbered case to your district, we are
transmitting herewith our entire original file in the action, together with certified copies of the order and
the docket. Please acknowledge receipt of same and indicate below the case number you have assigned
to this matter on the enclosed copy of this letter and return it to our office. Thank you for your
cooperation.

Please use your Court's Pacer account
and password to access all E-filing
documents to our websites:
http://ecf.cacd.uscourts.gov

Very truly yours,

Clerk, U.S. District Court

By  Phyllis Lopez
Deputy Clerk

cc:  All counsel of record

================================================================================================

## TO BE COMPLETED BY RECEIVING DISTRICT

Receipt is acknowledged of the documents described herein and we have assigned this matter case
number CV: _____.

Clerk, U.S. District Court

By _____
Deputy Clerk

CV-22 (01/01)                    **TRANSMITTAL LETTER - CIVIL CASE TRANSFER OUT**

CLEAR FORM



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

April 10, 2008

USDC Eastern District of California
Phillip Burton United States Courthouse
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102-3434

Re:  Transfer of our Civil Case No. _2:07cv5638-SVW(JWJx)_

Case Title: _Symantec Corporation v. V-Micro Inc et al_

Dear Sir/Madam:

An order having been made transferring the above-numbered case to your district, we are transmitting herewith our entire original file in the action, together with certified copies of the order and the docket. Please acknowledge receipt of same and indicate below the case number you have assigned to this matter on the enclosed copy of this letter and return it to our office. Thank you for your cooperation.

Please use your Court's Pacer account
and password to access all E-filing
documents to our websites:
http://ecf.cacd.uscourts.gov

Very truly yours,

Clerk, U.S. District Court

By _Phyllis Lopez_
Deputy Clerk

cc:  All counsel of record

=================================================================================================

**TO BE COMPLETED BY RECEIVING DISTRICT**

Receipt is acknowledged of the documents described herein and we have assigned this matter case number CV: _____.

Clerk, U.S. District Court

By _____
Deputy Clerk

CV-22 (01/01)          **TRANSMITTAL LETTER - CIVIL CASE TRANSFER OUT**

1  issue of whether venue is proper in the Central District is of no
2  consequence to the outcome of this Motion. If the Court determined
3  venue to be improper, the Court would nonetheless choose to transfer
4  the case to the Northern District pursuant to 28 U.S.C. § 1406(a). As
5  such, the Court will simply assume venue is proper for purposes of the
6  Motion and discuss its reasons for transfer as a matter of
7  convenience.

8
9  A.    Motion to Transfer Venue Based on Convenience

10       For purposes of this analysis, the Court assumes venue is proper
11  under 28 U.S.C. § 1391(b)-(c) and/or 28 U.S.C. § 1400(a) in the
12  Central District of California, and transfers the case under 28 U.S.C.
13  § 1404(a) as a matter of convenience to the Northern District of
14  California.

15
16       1.    Legal Standard for Change of Venue

17       28 U.S.C. § 1404(a), the provision providing for discretionary
18  transfers of venue, states that "[f]or the convenience of parties and
19  witnesses, in the interest of justice, a district court may transfer
20  any civil action to any other district or division where it might have
21  been brought." "Weighing of the factors for and against transfer
22  involves subtle considerations and is best left to the discretion of
23  the trial judge." Commodity Futures Trading Comm'n v. Savage, 611
24  F.2d 270, 279 (9th Cir. 1979). It is well settled that the trial
25  court's discretion whether to grant such a motion is broad, and
26  requires less of a showing of inconvenience than the forum non
27  conveniens doctrine. Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955).
28  The moving party nonetheless has the burden "to justify by particular

5

1 circumstances that the transferor forum [is] inappropriate."

2 Commodity Futures Trading Comm'n, 611 F.2d at 279.

3

4        2.    Power to Transfer

5        "Section 1404(a) presupposes that the court in which suit was

6 filed is a proper venue."  15 Charles Alan Wright, Arthur R. Miller &

7 Edward H. Cooper, Federal Practice & Procedure § 3842 (2d ed. 1986).

8 "Transfer under § 1404(a) is possible only if venue is proper in the

9 original forum and federal jurisdiction existed there.  If subject

10 matter jurisdiction is lacking, there is no power to do anything with

11 the case except dismiss."  Id. at § 3844.  However, "a court that has

12 subject matter jurisdiction and that is a proper venue may transfer

13 under § 1404(a) even though it lacks jurisdiction of the person of the

14 defendant."  Id.  In this case, the Court's subject matter

15 jurisdiction is unchallenged and appropriately arises under the

16 Court's federal question and supplemental jurisdiction. 28 U.S.C. §

17 1331; 28 U.S.C. § 1367.  As discussed above, the Court assumes that

18 venue is proper in the Central District for purposes of this Motion.

19 As such, the Court has the power to transfer the case under § 1404(a).

20

21        3.    Propriety of Venue in Northern District of California

22        28 U.S.C. § 1404(a) permits transfer of an action only to another

23 district or division "where it might have been brought."  This means

24 that the transferee court must have subject matter jurisdiction,

25 personal jurisdiction over the defendant, and must be a proper venue.

26 See Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960).  Because the

27 Northern District of California has subject matter jurisdiction and

28

                                    6

1  personal jurisdiction over Defendants and venue is proper there, the

2  Court may transfer the action to the Northern District.

3      The Northern District of California has subject matter

4  jurisdiction over this case on the same basis as this Court.

5  Furthermore, it is clear that the Northern District possesses personal

6  jurisdiction over all defendants, which has not been challenged by

7  Plaintiff. The California defendants have each waived any challenge to

8  the personal jurisdiction of the California federal courts under

9  Federal Rule of Civil Procedure 12(h) by filing responsive pleadings

10  not raising such challenge.(See Answer of Phoebe Micro, Inc., Peter

11  Lui, Ruby Lui; Motion to Dismiss of Padrid, JCIL.))    Default has

12  entered against the New Jersey defendants thus cutting of their right

13  to raise any defense. See, e.g., Great American Ins. Co. v. M.J.

14  Menefee Const., Inc.  2006 WL 2522408, at * 2 (E.D. Cal. Aug. 29,

15  2006)("[E]ntry of default cuts off Defendants' rights to appear in

16  this action, file counterclaims, or to present a defense."); see also

17  Clifton v. Tomb, 21 F.2d 893, 897 (4th Cir. 1927); Cohen v. Murphy,

18  2004 WL 2779942, at *1 (N.D. Cal. April, 20 2004).

19      As to venue, 28 U.S.C. § 1391(b) sets forth the requirements for

20  venue in federal question cases as follows:

21      A civil action wherein jurisdiction is not founded solely on
       diversity of citizenship may, except as otherwise provided
22      by law, be brought only in (1) a judicial district where any
       defendant resides, if all defendants reside in the same
23      State, (2) a judicial district in which a substantial part
       of the events or omissions giving rise to the claim
24      occurred, or a substantial part of property that is the
       subject of the action is situated, or (3) a judicial
25      district in which any defendant may be found, if there is no
       district in which the action may otherwise be brought.

26

27  Two defendants in this case are not residents of California, so 28

28  U.S.C. § 1391(b)(1) does not apply to justify venue in the Northern

7

1  District.  However, the unauthorized sales alleged in the Complaint
2  necessarily originated in the Northern District of California where
3  the majority of Defendants' principal places of business are alleged
4  to be located. (Comp. 2-3, 11).  Thus, venue is clearly proper in the
5  Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) as
6  a "substantial part of the events or omissions giving rise to the
7  claim" occurred there.

8
9        4.    Change of Venue Factors

10        In Decker Coal Co. v. Commonwealth Edison Co., the Ninth Circuit
11  set forth the public and private factors to be considered in the
12  context of a discretionary motion to transfer venue as follows:

13        Private factors include the "relative ease of access to
       sources of proof; availability of compulsory process for
       attendance of unwilling, and the cost of obtaining
14        attendance of willing, witnesses; possibility of view of
       premises, if view would be appropriate to the action; and
15        all other practical problems that make trial of a case easy,
       expeditious, and inexpensive." Public factors include "the
16        administrative difficulties flowing from court congestion;
       the local interest in having localized controversies decided
17        at home; the interest in having the trial of a diversity
       case in a forum that is at home with the law that must
18        govern the action; the avoidance of unnecessary problems in
       conflict of laws, or in the application of foreign law; and
19        the unfairness of burdening citizens in an unrelated forum
       with jury duty."

20

21  805 F.2d 834, 843 (9th Cir. 1986) (internal citations omitted).
22  Weighing the factors the Court considers most relevant to this
23  litigation, the Court finds they on the whole tip fairly strongly
24  toward transfer to the Northern District of California.

25             a.    Plaintiff's Privilege of Choosing Forum
26        Typically, "unless the balance of factors is strongly in favor of
27  the defendants, the plaintiff's choice of forum should rarely be
28

8

1  disturbed." <u>Securities Investor Protection Corp. v. Vigman</u>, 764 F.2d

2  1309, 1317 (9th Cir. 1985) (citation omitted).  However, "[i]f the

3  operative facts have not occurred within the forum and the forum has

4  no interest in the parties or subject matter, [the plaintiff's] choice

5  is entitled to only minimal consideration." <u>Lou v. Belzberg</u>, 834 F.2d

6  730, 739 (9th Cir. 1987) (citation omitted).  Further, "substantially

7  less deference is warranted when the forum preferred by the plaintiff

8  is not his home forum." <u>Reiffin v. Microsoft Corp.</u>, 104 F. Supp. 2d

9  48, 52 (D.D.C. 2000) (citing, inter alia, <u>Piper Aircraft v. Reyno</u>, 454

10  U.S. 235, 255-56 (1981); <u>Pacific Car & Foundry Co. v. Pence</u>, 403 F.2d

11  949, 954 (9th Cir. 1968)).

12      Here, the Central District is not alleged to be Symantec's home

13  forum insofar as its corporate headquarters are alleged to be in the

14  Northern District of California. (Comp., at 1.)  Also, the injury

15  cannot be said to have occurred within the Central District simply

16  because of the alleged impact of the counterfeited sales on Symantec's

17  Culver City campus.  Because its employees in Culver City work on the

18  Norton and Symantec software lines, Symantec argues that the campus is

19  where the brunt of JCIL's wrongdoing is felt.  However, the Court

20  finds this argument unpersuasive.  The simple fact that Symantec

21  employs hundreds of people in Culver City does not mean that the harm,

22  which is merely financial, is not truly felt at corporate headquarters

23  in the Northern District.  Thus, Symantec's choice of forum is

24  entitled to only minimal consideration.

25

26          b.    <u>Convenience of Parties</u>

27      All of the named defendants from California are alleged to be

28  located in the Northern District. (Comp., at 2-3.) Plaintiff alleges

9

1  it has corporate headquarters in the Northern District and a campus in
2  the Central District. (Comp., at 1.). Symantec claims that a transfer
3  would merely shift the inconvenience from Defendants to Plaintiff,
4  (Opp., at 20), but the Court does not find this argument persuasive as
5  Symantec's corporate headquarters is located in the Northern District
6  so a transfer would not force Symantec to travel. Thus, convenience
7  of the parties strongly favors transferring the case to the Northern
8  District.

9
10          c.    Convenience of Witnesses

11  "The convenience of witnesses is said to be the most important
12  factor in passing on a transfer motion." Los Angeles Mem'l Coliseum
13  Comm'n v. Nat'l Football League, 89 F.R.D. 497, 501 (C.D. Cal. 1981)
14  (citation omitted), aff'd 726 F.2d 1381 (9th Cir. 1984).  "In
15  assessing the effect of a transfer on the convenience of witnesses,
16  courts consider the effect of a transfer on the availability of
17  certain witnesses, and their live testimony, at trial." Id.
18  (citations omitted).  In order to support its contentions regarding
19  inconvenience of witnesses, the moving party must "clearly specify the
20  key witnesses to be called and make at least a generalized statement
21  of what their testimony would have included." Heller Fin., Inc. v.
22  Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989); see also,
23  e.g., Forte Capital Partners v. Harris Cramer, 2007 WL 1430052, *2
24  (N.D. Cal. May 14, 2007).

25  Defendants claim that "Symantec has identified two experts who
26  they will likely call at trial. In addition, Symantec may call Mr.
27  Jones who submitted a declaration in support of Symantec's opposition.
28  These three individuals presumably reside in Los Angeles."  (Rep., at

10

1 | 13.)   Defendants continue to assert that "defendants will likely
2 | retain their own experts, and while it is unknown whether each group
3 | of defendants will retain their own experts, there will likely be at
4 | least two experts designated in the same areas as that designated by
5 | Symantec.   These individuals will likely also reside in the Bay Area.
6 | Thus, at least five individuals will be from the Bay Area."  (Id.)  As
7 | noted above, a moving party must clearly specify key witnesses to be
8 | called in order to support contentions of inconveniences to witnesses.
9 | Defendants have not clearly specified the witnesses to be called,
10 | although they have made statements with regard to the number of
11 | experts to be called and what the experts' testimony will entail.
12 | Furthermore, Defendants have not alleged that a greater number of
13 | witnesses or more significant witnesses reside in the Northern
14 | District. Plaintiff only alleges that transfer would be no more
15 | convenient for witnesses on the whole than retaining the case. (Opp.,
16 | at 18.)   Therefore, this factor is inconclusive and does not favor
17 | transfer.

18 |

19 |             d.   Ease of Access to Sources of Proof

20 |        Defendants allege that the relevant documents in this case will
21 | likely be sales invoices and related documents and are likely to be
22 | stored in the Northern District. (Mot., at 9.) In response, Plaintiff
23 | acknowledges this may be the case but alleges it has already provided
24 | some evidence and the remainder is likely to be easily accessible
25 | digital data files. Furthermore, Plaintiff alleges much of its
26 | documentary evidence relevant to the litigation is located in Los
27 | Angeles. (Opp., at 18-19.) Neither party cites to any specific
28 | declarations in support of these assertions, but, in any case, it

11

1  appears the two venues are at best alleged by both parties to be
2  evenly balanced with regard to this factor. Therefore, this factor is
3  inconclusive, as well.

4

5              e.   Districts' Contacts with and Interest in the Case

6        The Northern District of California appears to have a strong
7  interest in adjudicating this case, given its connection with each of
   the California defendants and Plaintiff. By contrast, the Central
8  District of California has only a minimal interest, if any, in the
9  adjudication of this case because of the attenuated connection to the
10 alleged injury to the Culver City campus of Symantec. As noted above,
11 the Court is not persuaded that the injury in fact occurred in the
12 Central District.  Furthermore, the location of actual alleged sales
13 by Defendants favors neither forum as Plaintiff alleges that sales
14 occurred throughout the United States. (Opp., at 20.) Thus, the "local
15 interest in having localized controversies decided at home," Decker
16 Coal Co., 805 F.2d at 843, strongly tips the balance toward a transfer
17 to the Northern District of California.
18

19             f.   Balance of Factors

20        Reviewing the factors most relevant to this litigation, the
21 Court finds that each factor is either inconclusive or strongly favors
22 transfer to the Northern District. Of particular significance to the
23 Court's determination is the fact that all non-defaulted parties are
24 alleged to be headquartered in the Northern District and the strong
25 interest the Northern District possesses in the litigation.

26

27 ///
   ///
28

                                    12

1 | B.    Symantec's Request For Further Jurisdictional Discovery

2 |       The Court declines to allow Symantec further jurisdictional

3 | discovery because the Court transfers on convenience grounds under 28

4 | U.S.C. § 1404(a). The Court does not envision any discoverable facts

5 | that would alter its view in light of the Northern District's strong

6 | interest in the case and its substantially greater convenience as a

7 | forum for all parties.

8 |

9 | **IV. Conclusion**

10 |       For the reasons stated above, whether venue is proper in this

11 | Court or not, the Court determines transfer to the Northern District

12 | to be appropriate for this case.  Therefore, Defendants' Motion is

13 | GRANTED and the case is TRANSFERRED to the Northern District of

14 | California.

15 |

16 | IT IS SO ORDERED.

17 | DATED:  4/2/08

18 |                                        STEPHEN V. WILSON
                                        UNITED STATES DISTRICT JUDGE
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

13