1  Mark D. Baute (State Bar No. 127329)
   mbaute@bautelaw.com
2  Henry H. Gonzalez (State Bar No. 208419)
   hgonzalez@bautelaw.com
3  **BAUTE & TIDUS LLP**
   777 South Figueroa Street, Suite 4900
4  Los Angeles, California 90017
   Telephone: (213) 630-5000
5  Facsimile: (213) 683-1225

6  Attorneys for Plaintiff
   SYMANTEC CORPORATION

7

8  Garret D. Murai (State Bar No. 215667)
   **WENDEL, ROSEN, BLACK & DEAN LLP**
   1111 Broadway, 24th Floor
9  Oakland, California 94607
   Telephone: (510) 834-6600
10 Facsimile: (510) 834-1928

11 Attorneys for Defendants
   JCIL COMPUTERS, INC. and JOSEPH PADRID

12                  UNITED STATES DISTRICT COURT FOR THE
13                      NORTHERN DISTRICT OF CALIFORNIA

14

15 SYMANTEC CORPORATION,                    ) Case No. C 08-02063 SC
                                            ) Complaint filed April 21, 2008
16            Plaintiff,                     ) [Originally filed August 29, 2007, in the
                                            ) Central District under Case No. CV 07-5638
17      vs.                                 ) SVW (JWJx)]
                                            )
18 V-MICRO, INC., a New Jersey              )
   Corporation, doing business as           ) **JOINT CASE MANAGEMENT**
19 Viewmicro; JCIL COMPUTERS, INC.,         ) **STATEMENT**
   a California Corporation, doing business )
20 as Infinity Computers; PHOEBE            ) **[F.R.C.P. 26(f); L.R. 26]**
   MICRO INC., a California Corporation;     )
21 OSCAR SUN, an individual, also           )
   known as Kuo Ching Sun; JOSEPH           ) Ctrm:      1 (17th Floor)
22 PADRID, an individual; PETER LUI,        )             Hon. Samuel Conti
   an individual; RUBY LUI, an              )
23 individual; and DOES 1-20, inclusive,    )
                                            )
24            Defendants.                    )
                                            )
25 ─────────────────────────────────────────

26

27

28

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

## JOINT CASE MANAGEMENT STATEMENT

Plaintiff Symantec Corporation brought action against the defendants V-Micro, Inc., JCIL Computers, Inc., Phoebe Micro Inc., Oscar Sun, Joseph Padrid, Peter Lui, and Ruby Lui for trademark violations, copyright violations, unfair business practices, false advertising, trafficking in counterfeit labels, documentation and/or packaging, and interference with prospective economic advantage. Plaintiff alleges Defendants produced, replicated, manufactured, marketed and sold counterfeit Symantec and Norton software. Plaintiff reserves the right to seek both statutory and actual damages. All parties reserve the right to bring additional claims and assert additional defenses upon further investigation. Defendants have denied the liability sought to be imposed by Plaintiff.

1. **Jurisdiction:**

This Court has subject matter jurisdiction over the claims in this action which relate to copyright, trademark and federal unfair competition laws pursuant to the provisions of 15 U.S.C. §1121, 28 U.S.C. §1338 and 28 U.S.C. §1331.

This Court has supplemental jurisdiction over the claims in this complaint which arise under the statutory and common law of the State of California pursuant to 28 U.S.C. §1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

All parties are subject to the court's jurisdiction. All parties have been served. Default was entered against defendants V-Micro, Inc. and Oscar Sun in January 2008.

In May 2008, the defendants Phoebe Micro, Inc., Peter Lui, and Ruby Lui settled with Symantec.

On April 12, 2008, the Honorable Stephen V. Wilson of the United States District Court, Central District of California, issued an order granting the defendants' Joseph Padrid's and JCIL Computers, Inc.'s motion to transfer the case to the United States District Court, Northern District of California.

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1    On April 30, 2008 defendant Joseph Padrid filed for bankruptcy in the United

2    States Bankruptcy Court, Northern District of California, Case No. 08-42118 LT 7.

3    2.    **Facts:**

4    Plaintiff contends that the defendants have marketed, distributed and sold

5    counterfeit Norton and Symantec trademarked and copyrighted software.

6    Plaintiff contends that at several times during 2006, Plaintiff, through its

7    agents, purchased copies of Symantec's Norton System Works 2006, Norton

8    AntiVirus 2004, Norton AntiVirus 2005 and pcAnywhere from the defendants, and

9    that the defendants sent discs marked with the Symantec name and logo designed to

10   look like genuine Symantec products, and that the discs were counterfeit. Plaintiff

11   contends the Defendants sold large quantities of these and other counterfeit Symantec

12   products. Plaintiff contends the defendants are liable for infringement of Plaintiff's

13   trademarks and copyrights, for fraud, for false designation of origin, for trafficking

14   in counterfeit labels and/or packaging, and for state law claims arising out of the same

15   set of facts. Defendants deny the Plaintiff's contentions.

16   3.    **Legal Issues:**

17   A.    Whether the Defendants infringed the Plaintiff's trademarks in and to

18         Symantec, Norton, pcAnywhere, Norton Systemworks, LiveUpdate, and

19         other registered trademarks owned by Symantec.

20   B.    Whether the Defendants infringed the Plaintiff's copyrights in and to

21         pcAnywhere, Norton Systemworks, LiveUpdate, and other works

22         included in the Plaintiff's software products.

23   C.    Whether the Defendants are liable for false designation of origin as to

24         the software products pcAnywhere, Norton SystemWorks, and other

25         Symantec products.

26   D.    Whether the defendants are liable for trafficking in counterfeit labels

27         and packaging of purported Symantec products.

28   E.    Whether the Defendants are liable for related state law claims: fraud,

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1    unfair competition, and tortious interference with economically
2    advantageous relationships.

3    4.    **Motions:**

4    Symantec has disclosed that it may file a motion for summary judgment.
5    Symantec has indicated that its summary judgment motion will be focused on
6    establishing that the Symantec and/or Norton software distributed and/or sold by the
7    defendants was counterfeit, and that the artwork, the alphanumeric codes and other
8    distinctive markings which show up on the Symantec and Norton CDs distributed
9    and/or sold by the defendants are conclusive evidence that the CDs are counterfeit.

10    The factual basis of Symantec's motion will be that the defendants willfully
11    and deliberately produced, distributed and/or sold counterfeit Symantec products in
12    violation of both the Copyright Act and the Lanham Act.

13    Symantec contends that there can be no legitimate dispute that the defendants
14    have distributed and/or sold illegitimate copies of Symantec's software, for which
15    Symantec owns the trademarks and copyrights.    Symantec contends that the
16    defendants distributed and/or sold counterfeit and/or pirated copies of the software
17    under circumstances strongly suggesting that the disks being sold were illegitimate,
18    and did not stop their infringing activities despite receiving communications from
19    Symantec setting forth the infringement and putting the defendants on notice that they
20    were distributing and/or selling counterfeit products.    Symantec's evidence will
21    establish that CDs distributed and/or sold by the defendants were counterfeit, and that
22    the counterfeit disks were confusingly similar to actual Symantec products.

23    Symantec contends there is no issue of fact as to defendants' liability on the
24    trademark infringement and copyright infringement claims. The same facts that prove
25    defendants' liability for willful copyright and trademark infringement will prove
26    liability on Symantec's claims under 18 U.S.C. § 2318.    Liability on Symantec's
27    unfair competition claims will follow directly from the trademark and copyright
28    infringement, so Symantec will seek summary judgment as to defendants' liability on

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1  those claims as well.  The state law false advertising claims may also be summarily

2  adjudicated inasmuch as they are based on essentially the same set of facts as the

3  infringement claims.  The defendants' alleged multiple wrongful acts will also form

4  the basis for summary judgment of Symantec's tortious interference claims.

5    The Defendants are still analyzing issues and reserve the right to make a

6  Motion to Dismiss or Motion for Summary Judgment at such time as the defendants

7  have been able to uncover certain evidence with respect to the alleged sale of

8  counterfeit Symantec software.  At this time, defendants are unable to determine

9  whether or not such basis exists.

10    5.    **Amendments and Pleadings**: At this point, the parties do not anticipate

11  amendment of the pleadings.

12    6.    **Evidence Preservation**: The parties anticipate that the electronically

13  stored information of relevance ("ESI") in this case consists primarily of

14  (a) defendants' invoices, purchase orders, and other orders placed by customers via

15  e-mail or internet website ordering forms; (b) the parties' respective electronically

16  stored e-mails and faxes; (c) documents created and/or modified using word

17  processing software; and (d) bookkeeping information. The parties anticipate that the

18  best method of producing most ESI will be to print it out in the form or format most

19  closely corresponding to the form or format in which the producing party makes

20  primary use of such ESI.  Where such printouts would be unduly cumbersome or

21  otherwise impractical, production may be made in electronic form.  The parties will

22  cooperate to produce such information in an electronic format that is not unduly

23  burdensome on the other parties to review and/or evaluate.

24    The parties understand that production of ESI in electronic form may result in

25  the inadvertent disclosure of privileged information and/or attorney work product.

26  Each party shall promptly notify the other parties upon discovery that any privileged

27  and/or attorney work product has been inadvertently disclosed.  Upon receiving such

28  notice from a producing party, the party receiving such privileged or attorney work

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1   product information shall promptly preserve it and shall use its best efforts retrieve
2   and preserve all copies that have been made. All such information shall be destroyed
3   or returned to the producing party. In case of any dispute as to the privileged nature
4   of such information, all parties shall preserve it pending resolution of the dispute as
5   contemplated by Rule 26.

6       7.    **Disclosures**:  The parties will serve their initial disclosures by July 25,
7   2008.

8       8.    **Discovery Plan**:  The parties have filed concurrently herewith a Joint
9   Rule 26 Report  setting forth deadlines for dispositive motions and discovery.

10      9.    **Class Actions**:  This matter is not a class action.

11      10.   **Related Cases**:     The parties are not aware of any related cases other
12  than the bankruptcy case of defendant Joseph Padrid.

13      11.   **Relief:**   The Plaintiff will seek a permanent injunction against all
14  defendants, and has proposed immediate entry of a stipulated permanent injunction.
15  In addition, the Plaintiff seeks monetary damages and attorneys' fees as authorized
16  under Federal trademark statutes, copyright statutes and counterfeit labeling statutes.
17  Those monetary damages may, at the Plaintiff's election, be based on the Defendants'
18  profits, the Plaintiff's lost profits, the "actual damages" as defined under 18 U.S.C.
19  § 2318, and/or statutory damages under the trademark statutes, copyright statutes
20  and/or trafficking in counterfeit labels statutes.

21      12.   **Settlement and ADR:**  The parties have had extensive settlement
22  discussions.  In May 2008, the defendants Phoebe Micro, Inc., Peter Lui, and Ruby
23  Lui settled with Symantec.  The parties are willing to participate in mediation.

24      13.   **Consent to Magistrate Judge for All Purposes:**  At this point, neither
25  the Plaintiff nor the Defendant  is prepared to stipulate to a magistrate judge
26  conducting all further proceedings.

27      14.   **Other References**: At this point, neither the Plaintiff nor the Defendant
28  believe that the matter is appropriate for other references.

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1    15.    **Narrowing of Issues:**    At this time, the parties have not determined

2    that the issues can be narrowed.  The parties are exploring potential areas where

3    issues may be narrowed.

4    16.    **Expedited Schedule**:    At this point, neither the Plaintiff nor the

5    Defendant believe that the matter can be handled on an expedited basis.

6    17.    **Scheduling:** The parties propose the following dates in this matter.

7    A.    A pretrial conference for January 12, 2009, with a February 12, 2009

8    trial.  All parties seek a jury trial.

9    B.    All potentially dispositive motions shall be filed by November 28, 2008.

10    E.    Final lists of witnesses and exhibits under Rule 26(a)(3) shall be filed

11    and served 30 days before trial.

12    F.    The parties will have 14 days after service of final lists of witnesses and

13    exhibits to list objections under Rule 26(a)(3).

14    G.    The case should be ready for trial by February 12, 2009, and at this time

15    the trial is expected to take approximately 4-5 days.

16    18.    **Trial**: The parties request a jury trial and anticipate that trial will be

17    approximately 4-5 days in length.

18    19    **Disclosure of Financial Interest or Other Interest that Could**

19    **Substantially Affect the Outcome of the Proceeding:** None of the parties is

20    presently aware of any individuals or entities, other than those named in their

21    respective initial filings, who have a financial or other interest of any kind that could

22    substantially affect the outcome of this proceeding.

23

24

25

26    / / /

27    / / /

28    / / /

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

20.   **Such other matters as any party considers conducive to the just, speedy and inexpensive resolution of this matter:**  None at this time.

Dated:    July 18, 2008

BAUTE & TIDUS LLP

By:_____*s / Henry H. Gonzalez*_____
            Mark D. Baute
            Henry H. Gonzalez
            Attorneys for Plaintiff
        SYMANTEC CORPORATION

WENDEL ROSEN BLACK & DEAN LLP

By: _____*s / Garret D. Murai*_____
            Garret D. Murai, Esq.
            Attorneys for Defendants
        JCIL COMPUTERS, INC., and
            JOSEPH PADRID

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the aforesaid County, State of California; I am over the age of 18 and not a party to the within action; my business address is

_✔_        BAUTE & TIDUS LLP
            777 South Figueroa Street, Suite 4900
            Los Angeles, CA 90017
            Tel: (213) 630-5000

     I served the following listed documents on the interested parties in this action as follows:

SYMANTEC v. V-MICRO
Case No. C 08-02063 SC
[1740.40]

## JOINT CASE MANAGEMENT STATEMENT

___    By Personal Service I caused such envelope to be delivered by hand to the interested party as listed below.

___    By Facsimile to the names and fax numbers listed below.

___    By Federal Express ~ Next Business Day Delivery: by placing a true copy thereof in a sealed envelope(s) and addressed to the parties listed below.

___    By Mail: by placing a true copy thereof in a sealed envelope and addressed to the parties listed below. I placed such envelope(s) for deposit in the U.S. Mail for service by the United States Postal Service, with postage thereon fully prepaid.

     I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

___    By E-Mail: I caused the above-referenced document(s) to be e-mailed to the parties listed below, as noted.

✔    Filed and served electronically in accordance with the Court's electronic filing ("ECF") rules, pursuant to which registered ECF users receive service copies by e-mail delivery. A courtesy copy will follow by U.S. Mail.

Garret D. Murai, Esq.               *Attorneys for Defendants*
WENDEL ROSEN BLACK & DEAN LLP  *JCIL COMPUTERS, INC., and*
1111 Broadway, 24th Floor          *Mr. Joseph Padrid*
Oakland, CA 94607-4036
     Tel:  (510) 834-6600
     Fax:  (510) 834-1928

[Rev. December 27, 2007]

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

☐     (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒     (FEDERAL)  I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made, and I certify under penalty of perjury that the foregoing is true and correct.

☐     (FEDERAL - ATTORNEY) I hereby certify that I am a member of the Bar of the United States District Court, *Central District* of California, and I certify under penalty of perjury that the foregoing is true and correct.

Executed on   __July 18, 2008__   at Los Angeles, California.


KIRSTEN DeVERE                              *s / Kirsten DeVere*
*print name*                                    *signature*

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000