1  Mark D. Baute (State Bar No. 127329)
   mbaute@bautelaw.com
2  Henry H. Gonzalez (State Bar No. 208419)
   hgonzalez@bautelaw.com
3  **BAUTE & TIDUS LLP**
   777 South Figueroa Street, Suite 4900
4  Los Angeles, California 90017
   Telephone: (213) 630-5000
5  Facsimile: (213) 683-1225

6  Attorneys for Plaintiff
   SYMANTEC CORPORATION
7
   Garret D. Murai (State Bar No. 215667)
8  **WENDEL, ROSEN, BLACK & DEAN LLP**
   1111 Broadway, 24th Floor
9  Oakland, California 94607
   Telephone: (510) 834-6600
10 Facsimile: (510) 834-1928

11 Attorneys for Defendants
   JCIL COMPUTERS, INC. and JOSEPH PADRID
12

13
                    UNITED STATES DISTRICT COURT FOR THE
14                    NORTHERN DISTRICT OF CALIFORNIA

15

16 SYMANTEC CORPORATION,                ) Case No. C 08-02063 SC
                                        ) Complaint filed April 21, 2008
17              Plaintiff,              ) [Originally filed August 29, 2007, in the
                                        ) Central District under Case No. CV 07-5638
18         vs.                          ) SVW (JWJx)]
                                        )
19 V-MICRO, INC., a New Jersey          )
   Corporation, doing business as       )
20 Viewmicro; JCIL COMPUTERS, INC.,     ) **REPORT OF PARTIES'**
   a California Corporation, doing business) **PLANNING MEETING**
21 as Infinity Computers; PHOEBE        )
   MICRO INC., a California Corporation; ) **[F.R.C.P. 26(f); L.R. 26]**
22 OSCAR SUN, an individual, also        )
   known as Kuo Ching Sun; JOSEPH       ) Ctrm:      1 (17th Floor)
23 PADRID, an individual; PETER LUI,     )            Hon. Samuel Conti
   an individual; RUBY LUI, an          )
24 individual; and DOES 1-20, inclusive,)
                                        )
25              Defendants.             )
                                        )
26 ─────────────────────────────────

27

28

108385.2                                                    REPORT OF
USDC Case No. C 08-02063 SC                    PARTIES' PLANNING MEETING

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

## REPORT OF PARTIES' PLANNING MEETING

1.    Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26, a meeting was held on December 26, 2007 ("Rule 26 Meeting") and was attended by:

- Henry H. Gonzalez of Baute & Tidus LLP, 801 South Figueroa Street, Suite 1100, Los Angeles, California, telephone number (213) 630-5000, for plaintiff Symantec Corporation;

- Garret D. Murai, Esq., of Wendel Rosen Black & Dean LLP, 1111 Broadway, 24th Floor, Oakland, CA 94607-4036, telephone number (510) 834-6600, for defendants JCIL Computers, Inc., and Joseph Padrid;

- Nena W. Wong, Esq., of the Law Offices of Nena W. Wong, 6080 Center Drive, Suite 600, Los Angeles, CA 90045, telephone number (310) 704-6603, for defendants Phoebe Micro, Inc., Peter Liu, and Ruby Liu.

Defendants V-Micro, Inc., and Oscar Sun were invited to participate in the meeting, through their counsel, Weicheng Wang, Esq., of Law Offices of Weicheng Wang, Turnpike Plaza, 197 Route 18, Suite 309, East Brunswick, NJ 08816, telephone number (732) 418-8865, but declined to participate. Default was entered against defendants V-Micro, Inc. and Oscar Sun in January 2008.

In May 2008, the defendants Phoebe Micro, Inc., Peter Liu, and Ruby Liu settled with Symantec.

On April 12, 2008, the Honorable Stephen V. Wilson of the United States District Court, Central District of California, issued an order granting the defendants' Joseph Padrid's and JCIL Computers, Inc.'s motion to transfer the case to the United States District Court, Northern District of California.

On April 30, 2008 defendant Joseph Padrid filed for bankruptcy in the United States Bankruptcy Court, Northern District of California, Case No. 08-42118 LT 7.

///

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1    On July 11, 2008, this Court heard Wendel Rosen's motion to withdraw as counsel for the remaining defendant JCIL Computers, Inc. and required that Wendel Rosen comply with Civil Local Rule 11-5(b).

    Hereinafter, the term "Plaintiff" shall mean Symantec Corporation and the term "Defendants" shall mean all defendants listed above, *i.e.*, V-Micro, Inc., JCIL Computers, Inc., Phoebe Micro Inc., Oscar Sun, Joseph Padrid, Peter Lui, and Ruby Lui, collectively.

    The following is a report of the December 26, 2008 meeting.

    2.    **Nature of the Case.** Plaintiff brought action against the Defendants for trademark violations, copyright violations, unfair business practices, false advertising, trafficking in counterfeit labels, documentation and/or packaging, and interference with prospective economic advantage. Plaintiff alleges Defendants produced, replicated, manufactured, marketed and sold counterfeit Symantec and Norton software. Plaintiff reserves the right to seek both statutory and actual damages. All parties reserve the right to bring additional claims and assert additional defenses upon further investigation. Defendants have denied the liability sought to be imposed by Plaintiff.

    The only remaining defendant in this matter is JCIL Computers, Inc.

    3.    This is not a complex case.

    4.    **Pre-Discovery Disclosures.** The parties will serve their initial disclosures as required by the Court's Order Setting the Initial Case Management Conference.

    5.    **Discovery Plan.** The parties jointly propose to the Court the following discovery plan:

    A.    Discovery will be needed for the issues concerning the Plaintiff's claims as well as the Defendants' defenses. The discoverable issues include, but are not limited to, the following: 1) the authenticity (or lack thereof) of the products produced and sold

by the Defendants bearing trademarks and logos of the Plaintiff; 2) the volume of sales of purported Norton and/or Symantec products by the Defendants; 3) the period during which the Defendants sold alleged Norton and/or Symantec products; 4) the Defendants' suppliers and distributors of the purported Norton and/or Symantec products; 5) the Defendants' customers who purchased the alleged Norton and/or Symantec products; 6) Defendants' knowledge or lack thereof of the alleged counterfeit nature of the Norton and/or Symantec products; 7) representations by suppliers and/or customers to Defendants concerning the authenticity of the products produced by Defendants; 8) Defendants' attempts to ascertain the authenticity of the products; 9) Defendants' marketing and advertising of Norton and/or Symantec products; 10) the similarities and differences between Defendants' advertisements and products compared to the Plaintiff's advertising and products; and 11) damages.

B.    All discovery shall be completed by no later than __November 14, 2008___. A discovery plan will be submitted, consistent with this Court's order, within fourteen (14) days after the Scheduling Conference.

C.    Each party shall be allowed a maximum of 35 requests for admissions and 25 interrogatories to each other party without prejudice to either party seeking leave of Court to seek additional written discovery. The responses shall be due 30 days after service of such requests.

D.    The parties shall designate experts to be called at trial and provide reports required by Rule 26(a)(2)(B) not later than eight weeks

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1    prior to the discovery cut-off date.

2    E.    Rebuttal expert designations and reports shall be served no later

3    than five weeks prior to the discovery cut-off date.

4    F.    Each party shall supplement and/or amend its disclosures and

5    discovery responses as required by Rule 26(e).

6    6.    **Other Items.**

7    A.    The parties request a pretrial conference on or about January 12,

8    2008, and a trial date on or about   February 12, 2009   . The

9    Plaintiff seeks a jury trial.

10    B.    Joinder of Parties and Amendment of Pleadings. The parties

11    request a deadline for joining parties and amending pleadings on

12    or about August 29, 2008   . Any motions to join other parties

13    or for leave to amend the pleadings shall be filed and served so

14    that they can be heard and decided prior to the August 29, 2008

15    deadline. In addition to any other Local Rule requirements, all

16    motions to amend the pleadings shall (1) state the effect of the

17    amendment; (2) be serially numbered to differentiate the

18    amendment from previous amendments and (3) state the page,

19    line number(s), and wording of any proposed change or addition

20    of material. For the Court's ease of reference, the moving party

21    shall submit to chambers a redlined version of the proposed

22    amended pleading.

23    C.    The parties anticipate that other parties may be joined in this

24    action, but are not certain it will be necessary.

25    D.    Any memoranda of points and authorities filed by either party

26    shall not exceed 25 pages in length, excluding exhibits.

27    E.    All potentially dispositive motions shall be filed by November 28,

28    2008. Symantec has disclosed that it may file a motion for

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1    summary judgment.  Symantec has indicated that its summary

2    judgment motion will be focused on establishing that the

3    Symantec and/or Norton software sold by the defendants was

4    counterfeit, and that the artwork, the alphanumeric codes and

5    other distinctive markings which show up on the Symantec and

6    Norton CDs sold by the defendants are conclusive evidence that

7    the CDs are counterfeit.

8         The factual basis of Symantec's motion will be that the

9    defendants willfully and deliberately sold counterfeit Symantec

10   products in violation of both the Copyright Act and the Lanham

11   Act.

12        Symantec contends that there can be no legitimate dispute

13   that the defendants have sold illegitimate copies of Symantec's

14   software, for which Symantec owns the trademarks and

15   copyrights .  Symantec contends that the defendants sold

16   counterfeit and/or pirated copies of the software under

17   circumstances strongly suggesting that the manufacturing and

18   replication materials as well as the disks produced were

19   illegitimate, and did not stop their infringing activities despite

20   receiving communications from Symantec setting forth the

21   infringement and putting the defendants on notice that they were

22   selling counterfeit products.  Symantec's evidence will establish

23   that CDs sold by the defendants were counterfeit, and that the

24   counterfeit disks were confusingly similar to actual Symantec

25   products.

26        Symantec contends there is no issue of fact as to

27   defendants' liability on the trademark infringement and copyright

28   infringement claims.  The same facts that prove defendants'

1    liability for willful copyright and trademark infringement will

2    prove liability on Symantec's claims under 18 U.S.C. § 2318.

3    Liability on Symantec's unfair competition claims will follow

4    directly from the trademark and copyright infringement, so

5    Symantec will seek summary judgment as to defendants' liability

6    on those claims as well.  The state law false advertising claims

7    may also be summarily adjudicated inasmuch as they are based on

8    essentially the same set of facts as the infringement claims.  The

9    defendants' alleged multiple wrongful acts will also form the basis

10    for summary judgment of Symantec's tortious interference claims.

11    F.    Pursuant to Local Rule 26-1 and Local Rule 16-8, the parties have

12    chosen mediation before a private mediator such as JAMS or

13    ADR as their mandatory settlement procedure.    The parties

14    anticipate participation in early mediation in an attempt to settle

15    the case.

16    G.    Final lists of witnesses and exhibits under Rule 26(a)(3) shall be

17    filed and served 30 days before trial.

18    H.    The parties will have 14 days after service of final lists of

19    witnesses and exhibits to list objections under Rule 26(a)(3).

20    I.    The case should be ready for trial by  February 12, 2009, and at

21    this time the trial is expected to take approximately five to seven

22    days.

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

108385.2
USDC Case No. C 08-02063 SC                    - 6 -                    REPORT OF
                                                                PARTIES' PLANNING MEETING

1    J.    The court's order on these topics may be amended by stipulation

2    of the parties or by order of the court for good reason shown.

3

4    Dated:    July 18, 2008

5

6    BAUTE & TIDUS LLP

7

8    By:___s/ Henry H. Gonzalez_____
         Mark D. Baute
9        Henry H. Gonzalez
         Attorneys for Plaintiff
10       SYMANTEC CORPORATION

11   OPPOSING COUNSELS:

12   WENDEL ROSEN BLACK & DEAN LLP

13

14

15   By: ____s / Garret D. Murai_____
         Garret D. Murai, Esq.
         Attorneys for Defendants
16       JCIL COMPUTERS, INC., and
         JOSEPH PADRID

17

18

19

20

21

22

23

24

25

26

27

28

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

1

**PROOF OF SERVICE**

2  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3    I am employed in the aforesaid County, State of California; I am over the age
of 18 and not a party to the within action; my business address is

4

5  ✔   BAUTE & TIDUS LLP
       777 South Figueroa Street, Suite 4900
       Los Angeles, CA 90017
6      Tel: (213) 630-5000

7

       ACE MESSENGER AND ATTORNEY SERVICE, INC.
8      811 Wilshire Boulevard, Suite 900
       Los Angeles, CA 90017
       Tel: (213) 623-3979
9

10    I served the following listed documents on the interested parties in this action
as follows:

11
                        SYMANTEC v. V-MICRO
12                      Case No. C 08-02063 SC
                              [1740.40]
13

14        **JOINT REPORT OF PARTIES' PLANNING MEETING**

     ___   By Personal Service I caused such envelope to be delivered by hand to the
15         interested party as listed below.

16   ___   By Facsimile to the names and fax numbers listed below.

17   ___   By Federal Express ~ Next Business Day Delivery: by placing a true copy
           thereof in a sealed envelope(s) and addressed to the parties listed below.

18   ___   By Mail: by placing a true copy thereof in a sealed envelope and addressed to
           the parties listed below. I placed such envelope(s) for deposit in the U.S. Mail
19         for service by the United States Postal Service, with postage thereon fully
           prepaid.
20
           I am "readily familiar" with this firm's practice of collection and processing
21         correspondence for mailing. Under that practice, it would be deposited with
           the U.S. Postal Service on that same day with postage thereon fully prepaid at
22         Los Angeles, California, in the ordinary course of business. I am aware that,
           on motion of the party served, service is presumed invalid if postal cancellation
23         date or postage meter date is more than one day after the date of deposit for
           mailing in affidavit.

24   ___   By E-Mail: I caused the above-referenced document(s) to be e-mailed to the
           parties listed below, as noted.
25
     ✔     Filed and served electronically in accordance with the Court's electronic filing
26         ("ECF") rules, pursuant to which registered ECF users receive service copies
           by e-mail delivery. A courtesy copy will follow by U.S. Mail.
27

28

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000

Garret D. Murai, Esq.                                    *Attorneys for Defendants*
WENDEL ROSEN BLACK & DEAN LLP                            *JCIL COMPUTERS, INC., and*
1111 Broadway, 24th Floor                                *Mr. Joseph Padrid*
Oakland, CA 94607-4036
        Tel:   (510) 834-6600
        Fax:   (510) 834-1928


[Rev. December 27, 2007]


☐        (STATE) I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

☒        (FEDERAL) I hereby certify that I am employed in the office of a member of
the Bar of this Court at whose direction the service was made, and I certify under
penalty of perjury that the foregoing is true and correct.

☐        (FEDERAL - ATTORNEY) I hereby certify that I am a member of the Bar of
the United States District Court, **Central District** of California, and I certify under
penalty of perjury that the foregoing is true and correct.


        Executed on     July 18, 2008     at Los Angeles, California.


KIRSTEN DeVERE                                    *s / Kirsten DeVere*
*print name*                                      *signature*

BAUTE & TIDUS LLP
777 SOUTH FIGUEROA STREET, SUITE 4900
LOS ANGELES, CALIFORNIA 90017
(213) 630-5000